# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge  Fernando M. Olguin

From: Gabriela Garcia, Deputy Clerk    Date Received: 10/22/2021

Case No.: CV 21-06836-FMO    Case Title: Elden v. Nirvana, et al

Document Entitled: Motion to Intervene as Defendant

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☒ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☒ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☐ | Other: | |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date                         U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

November 1, 2021               /s/ Fernando M. Olguin
_____    _____
Date                         U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

**COPY 1 -ORIGINAL-OFFICE    COPY 2 -JUDGE    COPY 3 -SIGNED & RETURNED TO FILER    COPY 4 -FILER RECEIPT**

United States District Court
Central District of California

| | |
|---|---|
| Spencer Elden, Plaintiff | |
| V | |
| Nirvana L.L.C., et. al, Defendants, | No. 21-cv-06836 |
| | (Motion to intervene as Defendant) |
| Timothy Fredrickson, Intervenor | Fed.R.Civ.P 24 |

Now comes intervenor defendant Fredrickson, respectfully petitioning the court for intervention as of right pursuant to rule 24(a) and alternatively permissive intervention under rule 24(b). A memorandum of law supplements this motion.

### Rule 24 (c) Pleading of Facts

1. Fredrickson bought a copy of the "Nevermind" album in the early 2000s while in high school, and still owns it today.

2. Fredrickson digitalized (hereafter "ripped") the individual tracks as MP3 files using "Windows Media Player" which automatically downloaded the Elden image from Microsoft servers over the internet and digitally embedded it in each of the MP3 files as an ID3 tag. Subsequently, Fredrickson possesses but does not want to possess, multiple copies of the Elden image.

3. When the iPod video became available, Fredrickson loaded the MP3 files to it. The iPod video reads ID3 tags and automatically displays the Elden image each time the song is played, and while using the "album wheel" or "cover flow".

4. Most people neither know that an ID3 tag exists, can be erased, nor know how to delete the Elden image from the MP3 file.

5. Fredrickson does not have access to an ID3 tag editor to delete the image.

6. Fredrickson has used streaming services such as YouTube and Spotify to listen to tracks from the album, whereby the streaming service automatically displayed the Elden image.

7. Fredrickson made his own mix CD, which included songs from the "Nevermind" album, and while road tripping in various cars, it's infotainment system read the ID3 tags and displayed the Elden image.

8. Fredrickson is not a resident of California and intends to go on a road trip to, and vacation in, Los Angeles while listening to Nirvana.

## Grounds for Intervention

9) Named defendants are expected to focus their litigation strategy on acts they have personally undertaken, inadequately litigating the interests of members of society, such as Fredrickson, who have purchased the "Nevermind" album or a song on the album, and who by virtue of that purchase have possessed an image of child pornography. Ignorance of the law is not a defense.

10) Unless the CD cover is physically destroyed or the embedded image is deleted from the digital music file, purchasers of this album or its individual tracks continue to possess the image. Most citizens lack the knowledge or ability to delete embedded images. Fredrickson would adequately raise this fact in an appropriate defense to his possession which would result in a favorable ruling.

11) A subsequent redacting of the genitals in the image may arguably cause the image to no longer qualify as lascivious for the purpose of continued distribution, but the fact would remain that a lewd image was originally produced. The named defendants are expected to focus their litigation on these two points, to the exclusion of unredacted copies currently in circulation -- possibly by necessity, as named defendants likely lack both a property interest and ability to destroy all sold copies.

12) Fredrickson would address the above neglected point as an owner of such a copy, and may develop an argument unique to this case: that subsequently crossing state lines with purchased product is not always <u>per se</u> the same thing as the <u>product</u> moving in or affecting interstate <u>commerce</u> --such that road tripping while listening to "Smells Like Teen Spirit" is not a regulable effect on commerce within the meaning of current commerce clause jurisprudence.

13 ) Fredrickson would also defend against an alternative basis of prosecution overlooked in the original complaint. (D/E 1). Most rational people would consider it a heinous act of sadistic abuse to thrust a 4-month-old child face down into water for the purpose of Photography. Such sadistic acts are not required to have been motivated by sexual gratification. See 18 usc §2256

14) As this case proceeds through depositions and discovery, specifically the portions relevant to physical or mental harm and lack thereof suffered by the plaintiff, Fredrickson anticipates an overbreadth challenge on the theory that the statute(s) have over-reached beyond these twin compelling interests upon which the statute(s) are predicated.

15) Because the image in question clearly falls within the plain wording of the relevant statutes, an adverse ruling from this court will cause Fredrickson to attempt to destroy all copies of the album and its derivatives in his possession. He has a property interest at stake for this reason, that depends on a favorable outcome.

16) Fredrickson has various interests relating to the subject of this action that may as a practical matter be impeded or impaired depending on the outcome of this main action, including:

    a) whether the image qualifies as pornography, specifically child porn.

    b) a financial and property interest, Fredrickson may be required by law to destroy his personal property, the CD he bought in high school and its progeny.

  c) Whether Fredrickson has a right to travel interstate ( go Road Tripping) while listening to this particular CD with the cover intact and the image emblazoned on it.

17) A claim that this particular Elden image is not child porn is a mixed question of Law and fact in common with this action. A formal finding by this court that the Elden image is child porn will impair and impede, indeed foreclose a future challenge to whether or not the Elden image is pornography.

18) A defense that possession of the Elden image cannot be criminalized by current law because the federal statute defining its unlawfulness is overbroad, is a defense in common with this action which is premised on the Elden images origin and circumstances of production.

19) The named defendants' defense may inadequately answer these questions of law by seeking a settlement to avoid the question altogether.

20) The named defendants' defense may inadequately protect the interests of Nirvana fans as end-users like Fredrickson, by focusing their defense on the act of production or shifting the liability onto one producer --to the exclusion of a defense that would protect possessors of the album.

21) The defense may be inadequate by failing to anticipate an alternative theory of prosecution. The image qualifies as "sadistic or masochistic abuse". See §2256(2)(a)(iv). Most people would consider the thrusting of a four month old baby face down into a pool of water as sadistic or masochistic.

Respectfully submitted,

/s/ *Tim Fred*

October 13 2021

## Certificate of Service

I Tim Fredrickson state under penalty of perjury that on this 13th day of October 2021, I served the foregoing :

- Motion to intervene as Defendant
- Memorandum in support of intervenor

Upon:

Clerk of Court
312 North Spring Street
Los Angeles, CA 90012

And

All attorneys of record via the CM/ECF through the Clerk of Court, whereon it is scanned, by depositing the same into the United States Postal System with first-class postage prepaid after the hours of 5:00 pm.

/s/ Tim Fre

United States District Court
Central District of California

| | |
|---|---|
| Spencer Elden,<br>Plaintiff<br>V<br>Nirvana L.L.C., et. al,<br>Defendants,<br><br>Timothy Fredrickson,<br>Intervenor | No. 21-cv-06836<br><br>(Memorandum in support of intervenor) |

In support of intervention as of right, or alternatively permissive intervenor, the intervener-applicant Fredrickson presents the following memorandum of law:

Federal Rule of Civil Procedure 24 States in pertinent parts:

Rule 24 Intervention
(a) Intervention of Right. On timely motion, the court **must** permit anyone to intervene who:
  (1) [Omitted]: or
  (2) Claims an interest relating to the property **or** transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair **or** impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
(b) Permissive Intervention
  (1) In General. On timely motion, the court may permit anyone to intervene who:
(A) [Omitted ]: or
(B) Has a claim or defense that shares with the main action a common question of law or fact.
...
  (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will **unduly** delay or prejudice the adjudication of the original party's rights.
(c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must State the grounds for intervention and be accompanied by a pleading that sets out the claim **or** defense for which intervention is sought.

**Fredrickson is entitled to intervene as of right**

**In General**

As a general matter, "courts within the Ninth Circuit 'construe Rule 24(a) liberally in favor of potential intervenors'". <u>Columbia Sportswear N.Am. v Seirus Innovative Accessories, No. 20-00709, Lexis 90875 (S.D. Cali May-12-2021)</u>. "A liberal policy in favor of intervention

serves both efficient resolution of issues and broadened access to the courts". <u>US v City of LA, 288 F.3d 391 @397-98 (CA9 2002).</u> One of its goals is to "avoid multiplicity of suits and settle all related controversies in one action". <u>Kozak v wells, 278 F.2d 104 @112 (CA8 1960).</u>

### The motion to intervene is timely

In determining the timeliness, a court looks to three factors: (1) the stage of the proceeding, (2) the prejudice to the other parties, and (3) the reason for and the length of delay. See <u>US v Oregon, 745 F.2d 550 @552 (CA9 1984)</u> (so stating). Because the civil action is less than a month old and the named defendants have not yet responded, it cannot be reasonably disputed that the intervenor is anything but timely. See also <u>Newdow v Congress, No. 5-02339, Lexis 1875 (E.D. Cali Jan-6-2006)</u> (intervenor as defendant filed before named defendants filed answer to complaint); <u>Balanced Use v Wilderness Ass'n, 647 F.3d 893 @897 (CA9 2011)</u> ("less than three months after the complaint ...motion to intervene was made at an early stage of the proceedings"); <u>Smith v L.A. Unified Sch. Dist., 830 F.3d 843 @1075</u> (twenty years).

### Fredrickson claims both a property interest and other interests relating to the property that is the subject of the action

First and foremost, Fredrickson owns a copy of the disputed album and may be required by law to destroy it depending on the outcome of this case. "' Interests in property are the most elementary type of right that Rule 24(a) is designed to protect'". <u>Caballero v Columbia, No. 20-80146, N.D. Cali Apr-12-2021</u> quoting <u>Diaz v S. Drilling Corp., 427 F.2d 1118 @1124 (CA5 1970).</u>

Second, Fredrickson also has " an interest **relating** to" the property (i.e. the album) in a more General sense. Formal recognition of the album cover as child pornography implicates

several " interest[s] relating to the property [] that is subject of the action", most notably an interest in preventing criminal prosecution.

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a ' practical, threshold inquiry', and ' no specific legal or Equitable interest need be established'" (NW Forest Res. Council v Glickman, 82 F.3d 825 @837 (CA9 1996)). "[I]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue". Wilderness Soc'y v US Forest Serv., 630 F.3d 1173 @1179 (CA9 2010). See also US v Sprint Comm's, 855 F.3d 985 @991 (CA9 2016) (Same). The interest test "'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process'". US v City of L.A., 288 F.3d 391 @398 (CA9 2002).

**The action is so situated that the outcome may as a practical matter impair or impede Fredrickson's ability to protect his various interests**

Having already demonstrated that Fredrickson has at least one interest, the court should have "little difficulty concluding that disposition of the case may, as a practical matter, affect it". Balance Use @899 . First Fredrickson could, as a practical matter, be compelled to destroy his property or face criminal charges. Second, as in obscenity cases, formal recognition of this image as child pronography will have far-reaching effects, including *Stare Decisis* And the fact that police and prosecutors will be far less likely to exercise discretion in the form of restraint. In fact, publicly listening to a song from the album would provide sufficient probable cause to issue search warrants for the possession of this image, as it would be "more likely than not" that the listener does possess the image that formed the basis of this action.

### The named defendants may not adequately represent the property rights of end-users

This requirement "is satisfied if the applicant shows that representation of his interest "**may** be' inadequate; and the burden of making that showing should be treated as minimal". Trbovich v United Mine Workers, 404 us 528 @ftn10 (1972). See also Kozak @110 ("We emphasize here that a positive showing that such representation is inadequate is not necessary. The rule requires only that it '*may* be inadequate'").

The situation where an applicant-intervenor has a defense not available to the named defendant also qualifies. See eg Swoboda v Manders, 665 Fed.Appx. 312 @315 (CA9 2016). Fredrickson's status as an end-user enables several defenses not available to the named defendants, most of which are corporations and the deceased. The threat of the named defendants settling out of court and paying a modest $150,000 which would otherwise be spent on attorney fees alone also easily satisfies the "might be inadequate" prong. Infact, the interests of all end-users such as Fredrickson would not be protected *at all* with such a possibility of settlement looming over the action. This would leave the many millions of Nirvana fans who have purchased the "Nevermind" album or its individual tracks (or streamed the same), such as Fredrickson, unprotected and at the mercy of local and federal officials. Ignorance of the law is not a defense, and the federal law in particular carries a mandatory five years behind bars for a first-time offense, as well as mandatory Sex Offender Registration after release.

Respectfully submitted,

/s/ Tim Frey

October 13 2021

