1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER ELDEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NIRVANA, L.L.C., *et al*.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-06836-FMO-AGR<br><br>Assigned to Honorable Fernando M. Olguin<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge:　Hon. Fernando M. Olguin<br>Date:　　January 20, 2022<br>Time:　　10:00 a.m.<br>Crtrm.:　6D |

The Motion to Dismiss the First Amended Complaint, filed by Defendants UMG Recordings, Inc., Universal Music Group, Inc., The David Geffen Company, Geffen Records, MCA Records, Nirvana, L.L.C., Kurt Cobain (Deceased), Courtney Love (as Executor of the Estate of Kurt Cobain), Krist Novoselic, David Grohl, and Kirk Weddle (collectively, "Defendants"), came for hearing before this Court on January 20, 2022 at 10:00 a.m.  After full consideration of Defendants' Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, and all other papers and arguments presented, and good cause appearing, **IT IS HEREBY ORDERED THAT** the Motion is **GRANTED**.

Whereas Plaintiff's first cause of action under 18 U.S.C. § 2255 is barred by the statute of limitations.  Under Section 2255, subdivision (b), an action "shall be barred" unless Plaintiff files the action within ten years of reasonably discovering the violation or injury that forms the basis for the claim; or within ten years of turning eighteen years of age.  According to his own allegations, Plaintiff turned twenty-eight years of age in 2019, *i.e.*, two years prior to the filing date of August 24, 2021.  Plaintiff's allegations and the judicially-noticeable records also establish that Plaintiff reasonably discovered both the underlying violation and injury prior to August 24, 2011, which is ten years prior to the filing of the action.  Accordingly, the claim is time-barred.  Plaintiff also has not alleged, and cannot allege, that any exception to the statute of limitations applies under the circumstances present here.

Whereas Plaintiff's second cause of action under 18 U.S.C. § 1595 fails for two reasons.  First, all of the alleged conduct that gives rise to this claim occurred in 1991, prior to the enactment of a civil cause of action on December 19, 2003, and Section 1595 has no retroactive application.  Second, the claim is barred by the four-year statute of limitations, which expired no later than 1995, *i.e.*, four years from when the claim accrued.  Plaintiff has not alleged, and cannot allege, that any exception to the statute of limitations applies under the circumstances present here.

| | |
|---|---|
| 1 | **IT IS THEREFORE ORDERED** that each of Plaintiff's claims against |
| 2 | Defendants are dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure |
| 3 | 12(b)(6) for failure to state a claim. |
| 4 | |
| 5 | Dated: _____, 2022       _____ |
| 6 | Honorable Fernando M. Olguin |
|   | United States District Court Judge |