**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPENCER ELDEN | Case No.<br>2:21–cv–06836–FMO–AGR |
| Plaintiff(s), | |
| v. | **ORDER SETTING SCHEDULING**<br>**CONFERENCE** |
| NIRVANA L.L.C., et al. | |
| Defendant(s). | |

    **PLEASE READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    **The term "Counsel," as used in this Order, includes parties appearing pro se.**

    In an effort to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and inexpensive determination of every action[,]"  IT IS ORDERED as follows:

    1.     Counsel for the parties shall attend a scheduling conference on **March 3, 2022, at 10:00 AM**, in Courtroom 6D of the 1st Street Courthouse. Lead trial counsel **must** attend the scheduling conference, unless excused by the court for good cause shown in advance of the scheduling conference.  When seeking permission not to attend, lead counsel must identify the person who will

1   appear by name and bar number and specify that person's involvement in the case.

2   The court may choose to postpone the scheduling conference rather than to permit

3   counsel other than lead counsel to attend.  Local counsel may not appear at a

4   scheduling conference in place of lead counsel.  Counsel should not purport to be

5   "co-lead" counsel as a means of avoiding this requirement.

6        2.     No later than **February 10, 2022**, counsel for all appearing parties

7   and all unrepresented appearing parties, if any, shall meet, in person, telephonically

8   or via video conference, and discuss the matters set forth in Fed. R. Civ. P. 26(f)

9   ("Rule 26(f)") as well as those items identified in paragraph 4, below.

10        3.     No later than **February 17, 2022**, counsel for all appearing parties,

11   and all unrepresented appearing parties, if any, shall file a Joint Rule 26(f) Report.

12   **A mandatory chambers copy** of the Joint Rule 26(f) Report shall be delivered to

13   the chambers drop box at the Clerk's Office, 4th Floor of the First Street Courthouse

14   **by 12:00 p.m. on the business day following the e-filing of the Joint Rule 26(f)**

15   **Report**.

16        4.     The Joint Rule 26(f) Report shall be drafted by plaintiff (unless

17   the parties agree otherwise) but shall be submitted and signed jointly.  "Jointly"

18   contemplates a single report, regardless of how many separately represented parties

19   there are.  The Joint Rule 26(f) Report shall specify the date of the scheduling

20   conference on the caption page.  It shall report on all matters described below,

21   which include those required to be discussed by Rule 26(f) and Local Rule 26-1:

22        a.     <u>Statement of the Case</u>:  A short synopsis (not to exceed two

23        pages) of the main claims, counterclaims and affirmative

24        defenses.

25        b.     <u>Subject Matter Jurisdiction</u>:  A statement of the **specific** basis

26        of federal jurisdiction, including supplemental jurisdiction.

27        c.     <u>Legal Issues</u>:  A brief description of the **key legal issues**,

28        including any unusual substantive, procedural or evidentiary

1    issues.

2    d.   <u>Parties, Evidence, etc.</u>:  A list of parties, percipient witnesses

3         and key documents on the main issues in the case.  For conflict

4         purposes, corporate parties must identify all subsidiaries all

5         subsidiaries, parents and affiliates.

6    e.   <u>Insurance</u>:  Whether there is insurance coverage and the extent

7         of such coverage.

8    f.   <u>Magistrate Judge</u>:  Whether the parties consent to a mutually

9         agreeable magistrate judge from the court's Voluntary Consent

10        List to preside over this action for all purposes, including trial.

11   g.   <u>Discovery</u>:  A detailed discovery plan and a proposed

12        discovery cut-off date.  If the parties anticipate calling expert

13        witnesses, they must propose a schedule for expert witness

14        disclosures (initial and rebuttal) and expert discovery cut–off

15        under Fed. R. Civ. P. 26(a)(2).

16   h.   <u>Motions</u>:  A statement of the likelihood of motions seeking to

17        add other parties or claims, file amended pleadings, transfer

18        venue, etc.

19   i.   <u>Class Certification</u>:  A proposed deadline for the filing of a

20        class certification motion, if applicable.

21   j.   <u>Dispositive Motions</u>:  A proposed cut-off date for dispositive

22        motions and a description of the issues or claims that any

23        party believes may be determined by such motions.

24   k.   <u>Settlement/Alternative Dispute Resolution (ADR)</u>:

25        A statement of what settlement discussions or written

26        communications have occurred (excluding any statement of

27        the terms discussed).  Even if the parties receive a Notice to

28        Parties of Court-Directed ADR Program, the parties shall

indicate their settlement preference - private mediation, the
assigned Magistrate Judge or an attorney from the court's ADR
Panel - in the Rule 26(f) report. No case will proceed to trial
unless all parties, including an officer (with full authority to
settle the case) of each corporate party, have appeared personally
at an ADR proceeding.

l.   Pretrial Conference and Trial:  The proposed dates for the
pretrial conference and trial.

m.   Trial Estimate:  A realistic estimate of the time required for
trial and whether trial will be by jury or by court.  Each side
should specify (by number, not by name) how many witnesses
it contemplates calling. If the time estimate for trial given in
the Joint Rule 26(f) Report exceeds four court days, counsel
shall be prepared to discuss in detail the estimate.

n.   Trial Counsel:  The name(s) of the attorney(s) who will try
the case.

o.   Independent Expert or Master:  Whether this is a case where
the court should consider appointing a master pursuant to
Fed. R. Civ. P. 53 or an independent scientific expert.  (The
appointment of a master may be especially appropriate if
there are likely to be substantial discovery disputes, numerous
claims to be construed in connection with a summary judgment
motion, a lengthy Daubert hearing,  a resolution of a difficult
computation of damages, etc.)

p.   Other Issues:  A statement of any other issues affecting the
status or management of the case (e.g., unusually complicated
technical or technological issues, disputes over protective
orders, extraordinarily voluminous document production,

non-English-speaking witnesses, ADA-related issues,

discovery in foreign jurisdictions, etc.) and any proposals

concerning severance, bifurcation or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

5.      Discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules of the court.  Pro se litigants are entitled to discovery to the same extent as are litigants represented by counsel.  The court allows discovery to commence as soon as the first answer or motion to dismiss is filed.  The parties should note that **discovery shall not be stayed** while any motion is pending, including any motion to dismiss and/or motion for protective order.  **The parties are directed to conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extensions of the discovery or other case-related deadlines.**

6.      Plaintiff's counsel or, if plaintiff is appearing pro se, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

7.      The failure of any party or attorney to comply with the requirements of this Order, the Local Rules or the Federal Rules of Civil Procedure may result in sanctions being imposed.

Dated The 27th of December 2021                    _____/s/_____
                                                                            Fernando M. Olguin
                                                                      United States District Judge

5