# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER ELDEN,<br><br>                      Plaintiff,<br><br>v.<br><br>NIRVANA, L.L.C.,<br>UNIVERSAL MUSIC GROUP, INC.,<br>UMG RECORDINGS, INC.,<br>THE DAVID GEFFEN COMPANY,<br>GEFFEN RECORDS,<br>MCA RECORDS,<br>KIRK WEDDLE,<br>COURTNEY LOVE, AS EXECUTOR OF THE ESTATE OF KURT COBAIN,<br>KRIST NOVOSELIC,<br>DAVID GROHL,<br><br>                      Defendants. | Case No: 2:21–cv–06836-FMO<br><br>**JOINT RULE 26(F) REPORT AND DISCOVERY PLAN**<br><br>Judge: Hon. Fernando M. Olguin<br><br>**Scheduling conference**<br>Date: March 3, 2022<br>Time: 10:00 a.m.<br>Courtroom: 6D |

Pursuant to Federal Rule of Civil Procedure (FRCP) 26(f), on **February 9, 2022 at 1:30pm PDT** via telephone/video conference, the following counsel for the parties to this action met-and-conferred on the topics outlined in this joint report and discovery plan:

        Robert Y. Lewis, counsel for Plaintiff Spencer Elden

        James R. Marsh, counsel Plaintiff Spencer Elden

        Margaret E. Mabie, counsel for Plaintiff Spencer Elden

        Nary Kim, counsel for Defendants Nirvana, *et al*.

        Bert Deixler, counsel for Defendants Nirvana, *et al*.

1.  **Statement of the Case:**

(a) <u>Plaintiff's contentions</u>: Plaintiff Spencer Elden has filed a civil lawsuit under 18 U.S.C. 2255 alleging that the Defendants are liable to him for statutory or actual damages for violating numerous federal child pornography predicate statutes. Defendants' violations of 18 U.S.C. 2255 occurring within ten years of the filing of this action, and for those occurring since. These violations include the ongoing possession, transportation, reproduction, advertisement, promotion, presentation, distribution, provision, and receipt of "child pornography," to wit, the sexually exploitive images of the Plaintiff ("Spencer") as a four-month-old baby submerged underwater with his genitalia as a focal point. This so-called "iconic" album cover image was and is being used to this day by the Defendants to sell songs rhapsodizing about the sexual abuse of children. Moreover, the SAC sets forth more than sufficient facts against each Defendant to show it is plausible (that is, beyond speculation) that each Defendant committed one or more of the predicate acts required by 18 U.S.C. 2255 during the 10-year look-back period and since. The *United States v. Dost*, 636 F. Supp. 828, 831 (S.D. Cal. 1986) must be applied to determine whether an image is lascivious.

(b) <u>Defendants' contentions</u>: This case concerns the cover art for the Nirvana album "Nevermind," released in 1991. In 1991, the parents of Plaintiff Spencer Elden ("Elden") agreed to allow a friend from art school (Defendant Kirk Weddle), who had been engaged by the record label to create the forthcoming album cover, to photograph their four-month-old son in a public swimming pool, in exchange for $200. Three decades later, Elden has brought this claim against the band, the record label, and the photographer, among Defendants, on the theory that the 30-year-old cover art is "child pornography." As set forth in the pending Motion to Dismiss the Second Amended Complaint (Dkt. No. 30), Defendants contend the claim is barred by the 10-year statute of limitations in 18 U.S.C. § 2255(b), as Elden

(i) failed to file the action prior to turning 28; (ii) reasonably knew of all alleged criminal violations that occurred while he was a minor before August 2011; and (iii) also reasonably knew about his alleged injury, *i.e.*, his alleged victimization by these Defendants, before August 2011.  To the extent this case proceeds, Defendants contend that, under clear Ninth Circuit precedent, a photo of a naked baby, appearing in an ordinary setting and acting in an ordinary manner, fails the *Dost* test for child pornography, because it is not "lascivious."  As the Ninth Circuit has held, if a naked baby is photographed acting in an ordinary way for his or her age, such that if the subject were clothed it would be an unremarkable photo, the photo is not a lascivious exhibition of the baby's genitalia and not child pornography.  Instead, the image at issue is analogous to the "baby-in-bath" family photo that courts reference as a clear example of what is not child pornography.  In addition, the fact that (i) Elden's parents were present at, authorized, and received money for the photoshoot; (ii) Elden's father was the one who placed his son in the swimming pool for the photo; and (iii) Elden and his parents, for three decades, publicly described the photo as an amusing anecdote from his childhood underscores the parallels with the "baby-in-bath" photo that courts have held is not child pornography, as a matter of law.

2. <u>Jurisdiction</u>:  The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action was brought under 18 U.S.C. § 2255.

3. <u>Legal Issues</u>:  The parties dispute whether the claim is time-barred by the 10-year statute of limitations under 18 U.S.C. § 2255, which provides that an action is barred unless it is filed not later than (i) 10 years after the date on which the plaintiff reasonably discovers the later of the violation that forms the basis for the claim or the injury that forms the basis for the claim; or (ii)10 years after the date on which the victim reaches 18 years of age.  The parties also dispute whether the artwork containing the image of Elden on the *Nevermind* album cover constitutes "child pornography" within the meaning of 18 U.S.C. § 2256, *United States v. Dost*,

1  636 F. Supp. 828 (S.D. Cal. 1986), and other applicable law.

2      4.    <u>The Parties and Evidence</u>:

3  The Plaintiff in this case is Spencer Elden.

4  The Defendants are Nirvana L.L.C., Universal Music Group, Inc., UMG Recordings, Inc., MCA Records, The David Geffen Company, Geffen Records, Kirk Weddle, Courtney Love as Executor of the Estate of Kurt Cobain, Krist Novoselic, and David Grohl. Additional parent companies and/or affiliates of any corporate entities have been disclosed for conflicts purposes in the Notice of Interested Parties and Disclosure Statement (Dkt. No. 32).

Other percipient witnesses include Elden's mother and father, Elden's former employers, and third-party photographers for whom Elden has re-created the "Nevermind" album cover over the years.

The documentary evidence in this case includes, without limitation:

(1) The sanitized and/or redacted *Nevermind* album cover image;

(2) The *Nevermind* album cover image;

(3) Decl. of Robert Fisher and exhibits, dated December 21, 2021, Attached to the Second Amended Complaint (Dkt. 25);

(4) Kurt Cobain Journals published in approximately 2002;

(5) The publication by Ollie Campbel, *The Designer of Nirvana's Nevermind Cover on Shooting Babies and Working with Kurt Corbain: The Work Behind the Work*, https://milanote.com/the-work/thedesigner-of-nirvanas-nevermind-album-cover;

(6) The publication by Kim Wok, *Shock and Awe: Top 10 Controversial Album Covers*, TIME, 2012, https://entertainment.time.com/2012/04/20/top-10-controversial-albumcovers/slide/nirvana-nevermind/;

603329324.1   4

(7) The publication by Kenneth Bachor, *Rare Nirvana Photos Nevermind Album*, TIME, 2015, https://time.com/4111653/see-rare-nirvana-photos-nevermind-album/;

(8) The publication by Kevin Rutherford, *Nirvana's 'Nevermind': 9 Chart Facts About the Iconic Album, Billboard Magazine,* 2016, https://www.billboard.com/articles/columns/chartbeat/7518783/nirvana-nevermind-nine-chart-facts-anniversary;

(9) The publication by Rolling Stones, *Inside Nirvana's 'Nevermind' Pool Party, 25 years later*, found at https://www.rollingstone.com/music/music-lists/inside-nirvanas-nevermind-pool-party-25-years-later-114567/;

(10)  The "Modern Rocks Gallery" website found at https://www.modernrocksgallery.com/shop-nirvana-nevermind/nirvana-book;

(11)  The publication by New York Daily News, *Dave Grohl: 'Nevermind' album cover may change after lawsuit*, found at https://www.nydailynews.com/snyde/ny-nevermind-album-change-lawsuit-dave-grohl-20211005-6krrftx5inhdhou3blhvuvb6s4-story.html;

(12)  Publicly-available articles that document the reaction of Elden and/or his parents to the image over the years, including the articles filed by Defendants in support of their Motion to Dismiss the Second Amended Complaint (Dkt. No. 30-1, Exs. B – H);

(13)  Copies of the album cover and posters that Elden has autographed and made available for sale;

(14)  Photographs and other documents from the multiple photoshoots in which Elden has re-created the "Nevermind" album over the years;

(15)  Evidence and testimony by expert witnesses concerning the Plaintiff's

   damages and the harms he experienced as a direct result of his image on the Nevermind album cover;

 (16) Evidence and testimony by expert witnesses concerning child pornography; and

 (17) Additional evidence and testimony by the parties in this case.

5. <u>Insurance</u>: Defendant UMG Recordings, Inc. has submitted a claim for coverage, which is still under evaluation by the insurers.

6. <u>Settlement/ADR</u>: The parties participated in a private mediation on November 2, 2021 with the Hon. Suzanne H. Segal (Retired). It is the parties' preference to use Judge Segal as a private mediator in any future settlement discussions.

7. <u>Discovery Plan</u>: The parties jointly propose the following views and proposals:

 (a) The parties agree to the mutual exchange of initial disclosures required under FRCP 26(a)(1) by no later than **March 16, 2022**.

 (b) The parties agree to serve their respective discovery as follows:

  (i) interrogatories under FRCP 33 by **April 1, 2022**.

  (ii) requests for production of documents under FRCP 34 by **April 8, 2022**.

  (iii) requests for admission under FRCP 36 by **April 29, 2022**.

  (iv) requests for medical examinations under FRCP 35 by **June 24, 2022**.

  (v) The parties agree to produce all responsive, nonprivileged documents, on a rolling basis, by **August 12, 2022**.

 (c) The parties agree to serve their notices of deposition on any other party under FRCP 30 by **August 1, 2022**.

 (d) The parties agree to serve subpoenas seeking third-party

documents and/or depositions by **August 15, 2022**.

  (e) Depositions of the parties will be scheduled to begin after **August 15, 2022** at mutually-convenient dates and times.

  (f) The parties agree to make initial expert disclosures under FRCP 26(a)(2)(A) by **September 23, 2022**.

  (g) The parties agree to make any rebuttal expert disclosures under FRCP 26(a)(2)(D)(ii) within **30 days** of the initial expert disclosures.

  (h) The parties agree to serve their initial expert reports under FRCP 26(a)(2) by **September 30, 2022**.

  (i) The parties agree to serve their rebuttal expert reports under FRCP 26(a)(2) within **30 days** of receipt of initial expert reports.

  (j) The parties propose a cut-off date for fact discovery of **October 21, 2022**, before which the parties will complete any supplemental discovery obligations and all party and third-party percipient witness depositions.

  (k) The parties propose a cut-off date for expert discovery of **December 9, 2022**, before which the parties will complete any supplemental discovery obligations and all expert witness depositions.

  (l) The parties agree that any written responses and/or objections to written discovery requests identified above will be due **30 days** from service. The parties also agree that service by electronic mail by 11:59 p.m. (PT) will count as same-day service effective as of that date.

 8. <u>Treatment of Electronically Stored Information</u>:  The parties have discussed the existence of electronically stored information (ESI) in this matter, and have reached the following agreements:

- The parties agree to preserve ESI concerning Nirvana's *Nevermind* album cover, at locations and with custodians and search terms to be determined by stipulation on or before **April 6, 2022**.

- The parties agree to produce ESI on a rolling basis, with the first production due on or before **May 8, 2022**.

9. <u>Privilege/Confidentiality</u>: The parties acknowledge that they must disclose on a privilege log any information they withhold from production based on privilege or work-product protection. The parties agree that they may exclude from their respective privilege logs any items subject to the attorney-client privilege or work-product doctrine made on or after August 24, 2021 (*i.e.*, the date when this action was originally filed). The parties agree to produce a privilege log that complies with FRCP 26(b)(5)(A) within 10 days of the pertinent production. The parties also anticipate stipulating to a Protective Order to enable them to designate certain sensitive or confidential information as "Confidential" or "Highly Confidential," as may be appropriate under the circumstances.

10. <u>Pre-Trial Conference and Motions</u>:

- <u>Motions</u>: Defendants intend to seek summary judgment of the claim brought under 18 U.S.C. § 2255, on the ground that the artwork involved is not "child pornography." The parties propose a dispositive motion cut-off date of **January 6, 2023**.
- <u>Pre-trial Conference</u>: The parties propose that the final pre-trial conference should occur on or around **April 10, 2023**.
- <u>Trial Counsel</u>: Robert Y. Lewis will serve as lead trial counsel for Plaintiff. Bert Deixler will serve as lead trial counsel for Defendants. Joshua Romero will serve as co-trial counsel for Defendant Kirk Weddle.
- <u>Trial Estimate</u>:
  - The parties agree that the trial should be bifurcated into (i) a liability phase; and (ii) a damages phase, if liability is found.
  - The liability phase of the trial is estimated to take approximately 4 days.
  - The damages phase of the trial is estimated to take up to 10 days,

depending on the number and variety of damages theories that Elden and his experts decide to pursue.  For example, the nature and scope of the expert testimony will vary depending on whether Elden pursues a damages theory based on the post-2011 profits that he claims are attributable to the allegedly "pornographic" aspect of the album cover; based on the alleged psychological or emotional harm that Elden claims to have suffered as a result of the alleged post-2011 violations of child-pornography laws; and/or based on a different measure or theory of damages.

11.  <u>Magistrate Judge</u>: The parties request that the Court try this case and do not consent to a Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings, including trial.  The parties understand that discovery matters will be referred to the assigned Magistrate Judge, consistent with the Judge's Standing Order.

12.  <u>Modification</u>: The dates proposed in this Joint Report may be modified by agreement of the parties and/or by the Court for good cause shown.

Dated: February 17, 2022
New York, New York

    Respectfully submitted,

    MARSH LAW FIRM PLLC

    /s/
    Robert Y. Lewis (CA Bar No. 153948)
    RobertLewis@marsh.law
    31 Hudson Yards, 11th Floor
    New York, New York 10001
    Phone: 212–372–3030
    Fax: 833–210–3336
    *Attorney for Plaintiff*

DATED: February 17, 2022    KENDALL BRILL & KELLY LLP

    By:    */s/ Bert H. Deixler*
    Bert H. Deixler

    Attorneys for Defendants UMG Recordings, Inc., Nirvana, L.L.C., Courtney Love (as Executor of Estate of Kurt Cobain), Krist Novoselic, David Grohl, and Kirk Weddle

1

603329324.1 1

-and-

JACKSON WALKER L.L.P.

By: */s/ Joshua A. Romero*
 Joshua A. Romero (admitted *pro hac vice*)

Attorneys for Defendant Kirk Weddle

603329324.1 2