1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER ELDEN, | Case No. 2:21-cv-06836-FMO-AGR |
|               Plaintiff, | Assigned to Hon. Fernando M. Olguin |
|     v. | **STIPULATED PROTECTIVE ORDER** |
| NIRVANA, L.L.C., *et al.*, | ***DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE ALICIA G. ROSENBERG*** |
|               Defendants. | |

Plaintiff Spencer Elden and Defendants UMG Recordings, Inc., Nirvana, L.L.C., Courtney Love (as Executor of Estate of Kurt Cobain), Krist Novoselic, David Grohl, and Kirk Weddle (individually, a "Party"; all together, the "Parties"), by and through their respective counsel, hereby stipulate and agree to the terms of a Protective Order as follows, and respectfully request that the Court enter the following Protective Order ("Order"):

## TERMS OF THE STIPULATED PROTECTIVE ORDER

## 1.    PURPOSES, LIMITATIONS, AND GOOD CAUSE STATEMENT

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

The Parties specifically expect this litigation will involve the disclosure of confidential and proprietary materials and information consisting of, among other things, information implicating the privacy rights of certain Parties and/or of third parties, sensitive or highly-confidential business or financial information, and other information generally unavailable to the public or which may be privileged or protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  To expedite the flow of information, to facilitate the prompt

resolution of disputes over confidentiality of discovery materials, to adequately protect information that the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause for it to not be part of the public record of this case.  Accordingly, the Parties hereby stipulate to and petition the Court to enter such an Order.

**2.    DEFINITIONS**

2.1.    <u>Challenging Party</u>: a Party or Non-Party who challenges the designation of information or items under this Order.

2.2.    <u>CONFIDENTIAL Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that a party believes, in good faith, includes personal information or confidential, trade secret, commercial, or proprietary business information or non-public financial data.

2.3.    <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that a Party believes, in good faith, includes highly sensitive personal information or confidential, trade secret, commercial, or proprietary business information or non-public financial data, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the Designating Party.

2.4.    <u>Counsel</u>:  (i) attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their employees and support staff); and (ii) in-house

litigation counsel for any corporate Party.

2.5.   <u>Designating Party</u>:  a Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), which are produced or generated in disclosures or responses to discovery in this matter.

2.7.   <u>Expert</u>:  a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8.   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity who is not named as a Party to this action.

2.9.   <u>Party</u>:  any party to this action, including (for entities) all of its officers, directors, and employees.

2.10.  <u>Privileged Material</u>:  all items or information that are protected from disclosure by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege or doctrine.

2.11.  <u>Producing Party</u>:  a Party or Non-Party who produces Disclosure or Discovery Material in this action.

2.12.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and storing or retrieving data in any form or medium) and their employees and subcontractors.

2.13.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14.  <u>Receiving Party</u>:  a Party who receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE OF THE ORDER**

The protections conferred by the Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by the Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of a publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by the Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to include:  (1) dismissal of all claims and defenses in this action, with or without prejudice; and/or (2) a final judgment, but, with respect to the foregoing, only after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party who designates information or items for protection under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in the Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under the Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with the Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

(b) for testimony given in a deposition that the Designating Party identify on the record, before the close of the deposition, all protected testimony (alternatively, a deposition transcript may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in writing by a Party or Non-Party to all other Parties within thirty (30) days after receipt of the final transcript of such deposition).  Within thirty (30) days of receipt of the final transcript of a

deposition with testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party will confirm that all of the testimony designated as such should be so designated, or will withdraw any designations they determine are unnecessary.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified material does not alone waive the Designating Party's right to secure protection under the Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.  <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  A Party does not waive its or his right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.  <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rules 37.1, *et seq*.  Any discovery motion must strictly comply with the procedures set forth in the Local Rules, including L.R. 37-1, 37-2, and 37-3.

6.3.  <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless the Designating

Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and proceedings related thereto, including on appeal.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in the Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized to receive such information under this Order.

Notwithstanding any other provision of the Order, nothing herein shall restrict, limit, or prohibit a Designating Party from using its own documents or materials, including documents or materials that the Designating Party has produced as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Parties, including their officers, directors, employees, members, parents, and affiliates to whom disclosure is reasonably necessary for this litigation;

(b) Counsel for the Parties, as well as their employees and support staff;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have executed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(d) the Court and its personnel;

(e) Court reporters, Videographers, and their staff;

(f) Professional Jury or Trial Consultants, Mock Jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(g) during or in preparation for their depositions, third-party witnesses (and attorneys for such witnesses) in the action to whom disclosure is reasonably necessary, and who have executed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any Mediator or Settlement Officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

7.3.   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons identified in Sections 7.2(b) through 7.2(i).

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

Nothing in this Order will prevent any Party from producing any material in its possession in response to a lawful subpoena or other compulsory process, or if otherwise required to produce by law or by any government agency having jurisdiction, provided that if a Party is served with a discovery request, subpoena, or court order or other process that purports to compel production of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) notify the Designating Party in writing within three (3) business days of

1  receipt.  Such notification shall include a copy of the discovery request, subpoena, or
2  court order;

3    (b) notify in writing the person or entity who caused the discovery request,
4  subpoena, or order to issue, within three (3) business days of receipt, that some or all
5  of the material covered by the discovery request, subpoena, or order is subject to this
6  Order.  Such notification shall include a copy of this Order; and

7    (c) cooperate with respect to all reasonable procedures sought to be pursued by
8  the Designating Party whose Protected Material may be affected.

9    The Designating Party shall bear the burden and expense of seeking protection
10 of its confidential material, and nothing in these provisions should be construed as
11 authorizing or encouraging a Receiving Party in this action to disobey a lawful
12 directive from another court.

13 **9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
14    **PRODUCED IN THIS LITIGATION**

15   The terms of this Order are applicable to Protected Material produced by a Non-
16 Party in this action.  Such information produced by Non-Parties in connection with
17 this litigation is protected by the remedies and relief provided by this Order.  Nothing
18 in these provisions should be construed as prohibiting a Non-Party from seeking
19 additional protections.

20 **10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

21   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
22 Protected Material to any person or in any circumstance not authorized under this
23 Order, the Receiving Party must immediately (a) notify in writing the Designating
24 Party of the unauthorized disclosures, (b) use his or its best efforts to retrieve all
25 unauthorized copies of the Protected Material, (c) inform the person or persons to
26 whom unauthorized disclosures were made of all the terms of the Order, and (d)
27 request such person or persons to execute the "Acknowledgment and Agreement to
28 Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL OR OTHERWISE PROTECTED MATERIAL**

In accordance with Federal Rule of Evidence 502(b), the terms of which are hereby adopted and incorporated by reference, the inadvertent production of Privileged Material is not intended to be, and shall not operate as, a waiver of any such privilege, in whole or in part. Nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of any right to object to any use of such document or of the information contained therein. Any claim that a party has made an inadvertent production of Privileged Material shall be addressed in accordance with the procedure set forth in the Federal Rules of Civil Procedure and the Local Rules, including without limitation Rule 26(b)(5)(B).

**12. MISCELLANEOUS**

12.1. <u>Right to Further Relief</u>. Nothing in the Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of the Order, no Party waives any right it otherwise would have to object to the disclosure or production of any information or item on any ground not addressed in the Order. Similarly, by stipulating to the entry of the Order, no Party waives any right to object to the admissibility into evidence of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

12.3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party who wishes to submit to the Court any Protected Material must seek to file such Protected Material under seal pursuant to any applicable statutes or rules, including Local Rule 79-5. The Parties shall meet and confer regarding the appropriate procedures for the use of Protected Material during trial. If the Parties are unable to reach agreement regarding appropriate procedures, they will schedule a conference with the Court to address the issue. Nothing in this Order shall limit the

right of any Party to request an *in camera* review of such material.

12.4.  <u>Right to Request Sealing of Depositions.</u>     By stipulating to the entry of this Order, no Party waives any right it otherwise would have to request a protective order requiring the filing of any discovery materials, including deposition transcripts and exhibits, under seal.

**13.    FINAL DISPOSITION**

Within sixty (60) days of the final disposition of this action, as defined in Section 4, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material.  For the avoidance of doubt, "all Protected Material" includes all copies or reproductions, abstracts, compilations, notes, summaries, descriptions, and any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, and expert reports, as well as attorney work product or consultant/expert work product, even if such materials contain Protected Material, so long as such work product does not duplicate verbatim substantial portions of the text of any Protected Material.  Any such archival copies that contain or constitute Protected Material shall remain subject to this Order as set forth in Section 4 (DURATION).

This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.  This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  June 17, 2022        KENDALL BRILL & KELLY LLP

By:     /s/ Nary Kim
        Bert H. Deixler
        Nary Kim
        Attorneys for Defendants UMG
        Recordings, Inc., Nirvana, L.L.C.,
        Courtney Love (as Executor of Estate of
        Kurt Cobain), Krist Novoselic, David
        Grohl, and Kirk Weddle

DATED:  June 17, 2022        JACKSON WALKER L.L.P.

By:     /s/ Joshua A. Romero
        Joshua A. Romero
        Emilio B. Nicolas
        Attorneys for Defendants Kirk Weddle

DATED:  June 17, 2022        MARSH LAW FIRM PLLC

By:     /s/ James R. Marsh
        James R. Marsh
        Robert Y. Lewis
        Margaret Mabie
        Attorneys for Plaintiff Spencer Elden

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:_____, 2022       By:  _____

                                                  Hon. Alicia G. Rosenberg
                                                  United States Magistrate Judge

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [name], of _____

[address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____, 2022 in the case of *Spencer Elden v. Nirvana, L.L.C., et al.*, Case No. 2:21-cv-06836-FMO-AGR.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity, except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____


By: _____

Name: _____

Title (if any): _____

## ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Nary Kim, attest that the above-listed signatories on whose behalf this document is being filed have concurred in the filing's content and have authorized the filing.

DATED: June 17, 2022                    KENDALL BRILL & KELLY LLP


By: ___*/s/ Nary Kim*_____
                                                            Nary Kim