UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER ELDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NIRVANA, L.L.C., et al.<br><br>　　　　　Defendants. | Case No. CV 21-6836 FMO (AGRx)<br><br><br>**ORDER RE: PENDING MOTION** |

Having reviewed and considered all the briefing filed with respect to the Motion to Dismiss Second Amended Complaint (Dkt. 30, "Motion") filed by UMG Recordings, Inc., Universal Music Group, Inc., The David Geffen Company, Geffen Records, MCA Records, Nirvana, L.L.C. ("Nirvana"), Courtney Love (as Executor of the Estate of Kurt Cobain), Krist Novoselic, David Grohl, and Kirk Weddle (collectively, "defendants"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

### ALLEGATIONS IN SECOND AMENDED COMPLAINT[1]

In 1991, Spencer Elden ("plaintiff" or "Elden"), then a four-month-old infant, was photographed naked in a pool for the cover of Nirvana's "Nevermind" music album. (See Dkt. 25,

---

[1] Because the parties are familiar with the facts and allegations, the court will repeat them below only as necessary.

Verified Second Amended Complaint [] ("SAC") at ¶¶ 10, 67, 73). The album cover depicted plaintiff "grabbing for a dollar bill" on a fishook that had been superimposed on the photograph.[2] (Id. at ¶¶ 75, 79). According to plaintiff, "[e]ach Defendant helped select and approve the final photograph" used for the album cover. (Id. at ¶ 84).

The Nevermind album was released in September 1991, and was widely distributed commercially, becoming "a platinum record only months after its release[.]" (See Dkt. 25, SAC at ¶¶ 93-95, 97, 101-102). Nearly 30 years after the album's release, plaintiff filed the instant action on August 24, 2021. (See Dkt. 1, Complaint). Although the court granted defendants' initial motion to dismiss, the court dismissed the First Amended Complaint with leave to amend. (See Dkt. 24, Court's Order of January 3, 2022, at 2). Plaintiff filed the operative SAC on January 12, 2022. (See Dkt. 25, SAC).

Plaintiff asserts a claim pursuant to 18 U.S.C. § 2255,[3] which provides a civil remedy for those who, while a minor, were victims of certain enumerated crimes, including § 2252A, which prohibits activities relating to material that contains child pornography. (See Dkt. 25, SAC at ¶¶ 119-136). Plaintiff alleges that "Nirvana's Nevermind album cover constitutes commercial child pornography[,]" (id. at ¶ 104), and that defendants have engaged in "ongoing violation[s]" of multiple provisions of § 2252A. (See id. at ¶¶ 1, 4, 121-133). Plaintiff seeks "to recover for injuries . . . sustained during the ten years preceding the filing of this action, and injuries he has sustained since then, as a result of Defendants[' ] past and ongoing commercial child sexual exploitation of him as defined by 18 U.S.C. 2252A(a)(5)(B), 2252A(a)(1), 10 2252A(a)(2)(A), 2252A(a)(2)(B), 2252A(a)(3)(A), and 2252A(a)(3)(B)." (Id. at ¶ 4).

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

---

[2] Capitalization, quotation marks, and emphasis in record citations may be altered without notation.

[3] All section references are to Title 18 of the United States Code.

Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319, 324 n. 3, 109 S.Ct. 1827, 1831 & n. 3 (1989).

**DISCUSSION**

Defendants' primary argument is that plaintiff's § 2255 claim is barred by the statute of limitations and should be dismissed as untimely. (See Dkt. 30, Motion at 8-16). Section 2255(a) provides that "[a]ny person who, while a minor, was a victim of a violation of" certain trafficking, sexual abuse, or child pornography offenses, including § 2252A, "and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor," may sue for civil damages. 18 U.S.C. § 2255(a).

Section 2255(b) sets forth the statute of limitations period for claims brought pursuant to § 2255(a):

> Any action commenced under this section shall be barred unless the complaint is filed[:]
>
>> (1) not later than 10 years after the date on which the plaintiff reasonably discovers the later of[:]
>>
>>> (A) the violation that forms the basis for the claim; or
>>>
>>> (B) the injury that forms the basis for the claim; or
>>
>> (2) not later than 10 years after the date on which the victim reaches 18 years of age.

18 U.S.C. § 2255(b). "Plaintiff relies on subparts 1(A) and (B)." (Dkt. 33, Opposition to Defendants' Motion to Dismiss ("Opp.") at 10). Defendants argue that plaintiff's claim is untimely under both subparts set forth in § 2255(b)(1). (See Dkt. 30, Motion at 9-16).

A. <u>18 U.S.C. § 2255(b)(1)(A)</u>.

Defendants first contend that plaintiff's claim is untimely under § 2255(b)(1)(A) because plaintiff filed this action more than ten years after he discovered the alleged predicate violations that occurred while he was a minor. (See Dkt. 30, Motion at 9-11). According to defendants, the limitations period barring plaintiff from filing an action ten years after he "reasonably discovers . . . the violation that forms the basis for the claim[,]" § 2255(b)(1)(A), refers specifically to a "violation" that occurred while plaintiff was a minor, since that is the only violation that can serve as the basis for a § 2255 claim. (See Dkt. 30, Motion at 10-11); 18 U.S.C. 2255(a) (creating a

cause of action for "[a]ny person who, while a minor, was a victim of a violation of . . . § 2252A") (emphasis added); Stephens v. Clash, 796 F.3d 281, 289 (3d Cir. 2015) (noting "that § 2255 creates a cause of action only for criminal violations occurring while the victim was a minor"); Lily v. Feuchtener, 2020 WL 10693186, *2 (D. Nev. 2020) ("The explicit language of the statute . . . focuses on the age at the time of the offense, i.e. 'while a minor,' rather than the current age of the victim plaintiff.") (citing 18 U.S.C. § 2255(a)). In other words, under § 2255(b)(1)(A), plaintiff must sue within ten years of reasonably discovering a predicate violation that occurred while he was a minor. Thus, defendants argue, "to the extent that Elden seeks a civil remedy based on his discovery of a 'violation' committed by Defendants, . . . the violation had to have occurred no later than 2009[,]" or when plaintiff turned 18 and was no longer a minor. (Dkt. 30, Motion at 10).

Plaintiff does not dispute that he knew of the alleged violations committed by defendants while he was a minor more than ten years before he filed this action. (See, generally, Dkt. 33, Opp. at 9-17). However, plaintiff – whose opposition largely ignores defendants' textual arguments regarding the statute of limitations period set forth in § 2255(b)(1) – contends that "the section 2252(b) violation which triggers the [statute of limitations] can occur anytime during the plaintiff's majority[.]" (Dkt. 33, Opp. at 15). In other words, plaintiff's argument assumes that he can sue within ten years of discovering any alleged violation listed in § 2255(a), regardless of whether the violation occurred when he was a minor.[4] (See id. at 13); (see, e.g., id. at 10) ("Although the production of the Nevermind album cover occurred over 30 years ago, many other violations have occurred since then and continue to the present day."); (id. at 11) ("In this case, multiple predicate acts are ongoing, and Plaintiff is suing only for those violations occurring within 10 years of the filing of the SAC and since."); (id. at 12) (referring to "ongoing violations of . . . predicate crimes"); (id. at 14) ("Spencer has newly discovered ongoing violations of predicate statutes in the years since the image of him was originally created.").

---

[4] To be clear, plaintiff does not allege that he "reasonably discover[ed]" a "violation that forms the basis for the claim[,]" § 2255(b)(1)(A), within ten years of filing his complaint. (See, generally, Dkt. 33, Opp.). Instead, he contends there are violations that are "ongoing" or "continue" to the present day. (See, e.g., id. at 13-14, 17); (Dkt. 25, SAC at ¶¶ 123, 125, 127, 129, 131, 133).

However, contrary to plaintiff's contentions, § 2255 limits claims to "[a]ny person who, <u>while a minor</u>, was a victim of a [predicate] violation[,]" 18 U.S.C.§ 2255(a) (emphasis added), and thus violations that occurred while plaintiff was no longer a minor – including those that are allegedly "ongoing" or "continu[ing,]" (<u>see</u>, <u>e.g.</u> Dkt. 33, Opp. at 11, 17) – cannot form the basis for a § 2255 claim. In short, because it is undisputed that plaintiff did not file his complaint within ten years after he discovered a violation that could form the basis for his § 2255 claim, (<u>see</u> Dkt. 30, Motion at 10-11), the court concludes that his claim is untimely under § 2255(b)(1)(A).

B. <u>18 U.S.C. § 2255(b)(1)(B)</u>.

Even though plaintiff's claim is untimely under § 2255(b)(1)(A), he may still proceed with his claim if his action was filed "not later than 10 years after the date on which [he] reasonably discover[ed] . . . the injury that forms the basis for the claim[.]" 18 U.S.C. § 2255(b)(1)(B). Section 2255 provides that a person who was a victim of a predicate violation while a minor "and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor," may bring a claim under the statute. 18 U.S.C. § 2255(a). In this respect, the statute distinguishes between a violation, which must occur "while a minor," and an injury, which may occur while the plaintiff is a minor or an adult. See <u>St. Louis v. Perlitz</u>, 176 F.Supp.3d 97, 99 (D. Conn. 2016) (In 2006, Congress passed an amendment to § 2255 known as Masha's Law "adding the phrase 'regardless of whether the injury occurred while such person was a minor.'") (citation omitted).

Defendants contend that plaintiff's claim "is also untimely if measured from [his] discovery of the relevant 'injury.'" (Dkt. 30, Motion at 11). According to defendants, the reference to "injury" in § 2255(b)(1)(B) means "the moment a plaintiff first discovers his victimization by the defendant." (Dkt. 34, Reply in Support of Motion to Dismiss ("Reply") at 9); (<u>see</u> Dkt. 30, Motion at 12) ("[T]he 'injury' that forms the basis for a Section 2255 claim is defined as the plaintiff's 'victimization' by the defendants he has sued."). According to defendants, plaintiff "reasonably discovered the injury for purposes of the limitations period – that is, that he was a victim of Defendants' allegedly criminal conduct – well prior to August 2011." (Dkt. 30, Motion at 13). In other words, defendants contend that plaintiff knew of the alleged injuries caused by defendants well beyond the ten-year

6

limitations period set forth in § 2255(b)(1)(B). Indeed, defendants note "the anomaly of a plaintiff who has knowingly permitted the same criminal activities by the same known persons to continue against him for decades before suing." (Dkt. 34, Reply at 4).

Plaintiff offers no alternative definition of "injury" for purposes of § 2255(b)(1)(B) or otherwise responds to defendants' argument. (See, generally, Dkt. 33, Opp. at 9-17). Instead, plaintiff appears to conflate the meaning of "violation" with "injury" by, for example, asserting that each "distinct violation inflict[s] discrete injury which starts the 10-year statute of limitations anew." (Id. at 13). By framing his argument in this manner, however, plaintiff collapses the two alternative limitations periods set forth in § 2255(b)(1). Further, under plaintiff's reading of § 2255(b)(1)(B), the clock continuously resets each day a "violation" continues after plaintiff's minority, even if plaintiff has known for decades of the same criminal activities, i.e., injury, caused by the same known persons. As defendants note, "[a] statute that runs from the date of one's reasonable discovery cannot be suspended indefinitely while a plaintiff is fully on notice that a known person does the same thing to him, in the same manner, for more than 10 years." (Dkt. 34, Reply at 5). Here, plaintiff does not dispute that he knew of injuries arising from defendants' activities related to their use of his image on the Nevermind album cover more than ten years before he filed this action. (See, generally, Dkt. 33, Opp.). Thus, the court is persuaded that plaintiff is also barred from bringing this action under the limitations period set forth in § 2255(b)(1)(B).

## CONCLUSION

In sum, plaintiff fails to allege that he knew of a violation that occurred while he was a minor or an injury that forms the basis of the claim within ten years of filing this action. See 18 U.S.C. § 2255(b)(1)(A)-(B). Because plaintiff had an opportunity to address the deficiencies in his complaint regarding the statute of limitations, the court is persuaded that it would be futile to afford plaintiff a fourth opportunity to file an amended complaint.[5] See Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to

---

[5] Because the court concludes that plaintiff's § 2255 claim is barred by the statute of limitations, it need not reach defendants' argument that plaintiff's SAC "fail[s] to particularize what each defendant did after 2011 to give rise to the claim[.]" (See Dkt. 30, Motion at 17).

1  amend, its discretion in deciding subsequent motions to amend is particularly broad.") (internal
2  quotation marks omitted); Wills v. First Republic Bank, 2022 WL 501126, *1 (9th Cir. 2022)
3  (same); Hinton v. Pac. Enters., 5 F.3d 391, 397 (9th Cir. 1993) (affirming denial of leave to amend
4  when proposed amendments would not have cured statute-of-limitations defects).  Accordingly,
5  plaintiff's action will be dismissed without leave to amend.[6]

6      Based on the foregoing, IT IS ORDERED THAT:

7      1.  Defendants' Motion to Dismiss Second Amended Complaint (**Document No. 30**) is
8  **granted**.  The above-captioned action is dismissed with prejudice.

9      2.  Judgment shall be entered accordingly.

10 Dated this 2nd day of September, 2022.

                                                              /s/
                                       Fernando M. Olguin
                                     United States District Judge

---

[6] Because the court does not rely on the parties' requests for judicial notice, (see Dkt. 30-3, Defendants' Request for Judicial Notice in Support of Motion to Dismiss []); (Dkt. 33-1, Plaintiff's Motion for Judicial Notice []), those requests are denied.