**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPENCER ELDEN, | No.22-55822 |
| *Plaintiff-Appellant*, | D.C. No. 2:21-cv-06836-FMO-AGR |
| v. | |
| NIRVANA L.L.C.; UNIVERSAL MUSIC GROUP, INC.; THE DAVID GEFFEN COMPANY; GEFFEN RECORDS; MCA RECORDS, INC.; UMG RECORDINGS, INC.; KIRK WEDDLE; COURTNEY LOVE, As Executor of the Estate of Kurt Cobain; KRIST NOVOSELIC; DAVID GROHL, | OPINION |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted October 18, 2023
Phoenix, Arizona

Filed December 21, 2023

2     ELDEN V. NIRVANA L.L.C.

Before:  Sandra S. Ikuta, Bridget S. Bade, and Daniel A. Bress, Circuit Judges.

Opinion by Judge Ikuta

---

## SUMMARY[*]

---

### Civil Suit Under 18 U.S.C. § 2255

The panel reversed the district court's dismissal of a civil suit brought by Spencer Elden under 18 U.S.C. § 2255 (2018) and remanded.

Elden sought personal injury damages on the ground that he was a victim of child pornography when, as a baby, he was photographed naked in a pool for the cover of Nirvana's album *Nevermind*.  The district court dismissed the action as barred by the ten-year statute of limitations, 18 U.S.C. § 2255(b)(1) (2018).

Reversing, the panel held that, because each republication of child pornography may constitute a new personal injury, Elden's complaint alleging republication of the album cover within the ten years preceding his action was not barred by the statute of limitations.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Robert Y. Lewis (argued), James R. Marsh, and Margaret E. Mabie, Marsh Law Firm PLLC, New York, New York, for Plaintiff-Appellant.

Bert H. Deixler (argued) and Nary Kim, Kendall Brill & Kelly LLP, Los Angeles, California; for Defendants-Appellees.

Marci A. Hamilton, CEO & Founder, CHILD USA, Philadelphia, Pennsylvania; Jessica Schidlow, Staff Attorney, CHILD USA, Monique D.M. St. Germain Canadian Centre for Child Protection, Inc., Winnipeg, Manitoba; Hillary Nappi, Hach Rose Schirripa & Cheverie LLP, New York, New York; Carol L. Hepburn, Carol L. Hepburn P.S., Seattle, Washington; for Amicus Curiae CHILD USA and Canadian Centre for Child Protection, Inc.

## OPINION

IKUTA, Circuit Judge:

Under 18 U.S.C. § 2255 (2018) a person who, while a minor, was a victim of specified offenses, including child pornography offenses, could bring a civil suit for damages for personal injuries.[1]  The suit must be brought within ten years after the later of the violation or the injury "that forms the basis for the claim."  *Id.* § 2255(b)(1).  Spencer Elden alleges that he was the victim of a child pornography offense when (as a four-month-old baby) he was photographed naked in a pool for the cover of Nirvana's iconic album *Nevermind.*  Now an adult, Elden argues that the continued use of this photo causes ongoing personal injuries.  We hold that, because each republication of child pornography may constitute a new personal injury, Elden's complaint alleging republication of the album cover within the ten years preceding his action is not barred by the statute of limitations set forth in 18 U.S.C. § 2255(b)(1)(B) (2018).

I

In 1987, Kurt Cobain and Krist Novoselic formed the grunge rock band "Nirvana."  In September 1991, the band teamed up with a record label to produce what ultimately

---

[1] In 2022, Congress passed an amendment to 18 U.S.C. § 2255 (2018) that eliminated the statute of limitations for claims brought under § 2255. *See* Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022, Pub L. 117-176, §§ 2–3, 136 Stat. 2108, 2108 (codified at 18 U.S.C. § 2255).  The parties agree that the 2022 version of the statute does not apply here.  Accordingly, any citations to the statute in this opinion are to the version in effect from February 14, 2018 to September 15, 2022.  *See* 18 U.S.C. § 2255 (2018), *amended by* 18 U.S.C. § 2255 (2022).

became the hit album *Nevermind*.  Spencer Elden, who was then four months old, was photographed in a pool for the cover of *Nevermind*.  The released album cover depicts a naked baby, with his penis visible, floating underwater toward a superimposed dollar bill on a fishhook.

The album cover art has become iconic and highly recognizable.  It has been displayed in the Museum of Modern Art in New York and has been frequently referenced, imitated, and parodied.  Commentators have opined that the naked infant reaching for a dollar symbolizes the ills of a capitalistic society.

Within three months, *Nevermind* rose to the top of the Billboard 200 ranking and was later certified as a platinum record.  Since the album's initial release, the band and the album's producers have sold over 30 million copies of *Nevermind* and continue to profit from the album's distribution.  Separately from selling the album itself, the band and the album's producers have licensed the cover image for various other merchandise, including Snapchat filters, t-shirts, and posters.

Elden turned 18 in 2009.  On August 24, 2021, when Elden was 30 years old, he filed this action against the band, its members, and the recording companies (collectively "Defendants").  After two rounds of amendments, Elden filed his Second Amended Complaint on January 12, 2022.

In his complaint, Elden asserted a single claim under 18 U.S.C. § 2255, which provides a civil cause of action to victims of various child abuse violations.  Subsection (a) of the statute reads in relevant part:

> **In general**. —Any person who, while a
> minor, was a victim of a violation of [certain

> enumerated crimes, including 18 U.S.C.
> § 2252A] of this title and who suffers
> personal injury as a result of such violation,
> regardless of whether the injury occurred
> while such person was a minor, may sue in
> the appropriate United States District
> Court . . . .

18 U.S.C. § 2255(a). The complaint alleges that Defendants violated 18 U.S.C. § 2252A(a), which prohibits (among other things) the knowing possession, access with intent to view, mailing, transportation, shipment, distribution, receipt, reproduction for the purpose of distribution, promotion, presentation, and solicitation through the mails of child pornography using the means or facility of interstate or foreign commerce. *See* 18 U.S.C. §§ 2252A(a)(1), (2)(A), (2)(B), (3)(A), (3)(B), (5)(B). The term "child pornography," as used in § 2252A(a), includes any visual depiction involving "the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8).

The operative complaint alleges that the image of Elden on the *Nevermind* cover is "child pornography."[2] According to the complaint, Elden was "extensively exploited by the Defendants who have knowingly possessed, transported, reproduced, advertised, promoted, presented, distributed, provided, and obtained commercial child pornography depicting [Elden]" in violation of 18 U.S.C. § 2252A(a). In particular, the complaint alleges that Defendants have reproduced and redistributed the image of Elden "[d]uring

---

[2] The question whether the *Nevermind* album cover meets the definition of child pornography is not at issue in this appeal.

the ten years preceding this action and since," including in their September 2021 re-release of the *Nevermind* album.

Elden alleges that he "suffered personal injury as a result of each Defendant's ongoing violation" of § 2252A(a). He alleges that "[f]or the ten years preceding this action and to the present day, each Defendant caused, and continues to cause, [him] serious injury including, without limitation, physical, psychological, financial, and reputational damages." Elden seeks "to recover for injuries [he] sustained during the ten years preceding the filing of this action, and injuries he has sustained since then as a result of Defendants'. . . past and ongoing commercial child sexual exploitation of him . . . ."

Defendants moved to dismiss the complaint, arguing that Elden's claim was time-barred by the statute of limitations, which provides that the limitations period for bringing a claim runs ten years after the plaintiff reasonably discovered the violation or the injury that forms the basis for the claim.[3]

_____

[3] Section 2255(b), which sets forth the statute of limitations period for claims brought pursuant to § 2255(a), states:

> **Statute of limitations**. —Any action commenced under this section shall be barred unless the complaint is filed—
>> (1) not later than [ten] years after the date on which the plaintiff reasonably discovers the later of—
>>> (A) the violation that forms the basis for the claim; or
>>> (B) the injury that forms the basis for the claim; or
>> (2) not later than [ten] years after the date on which the victim reaches [eighteen] years of age.

18 U.S.C. § 2255(b). The parties agree that § 2255(b)(2) is inapplicable here.

The district court concluded that Elden's claim was time-barred under § 2255(b) and dismissed the complaint with prejudice. Elden timely appealed. We review de novo a district court's decision to grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021).

II

A

In determining whether the statute of limitations bars Elden's claim, we begin with the text of the statute. As noted above, § 2255(a), which provides the cause of action for specified violations and personal injuries, includes two time frames. First, the plaintiff must have been a minor when victimized by the violation of a specified predicate offense, here § 2252A(a). Second, the plaintiff must have suffered "personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor." 18 U.S.C. § 2255(a). In other words, while the violation of the criminal laws must have occurred while the plaintiff was a minor, the personal injury could occur when the plaintiff was an adult.[4]

The relevant portions of the statute of limitations section, § 2255(b), reflect these time frames. First, a plaintiff may

---

[4] This wording is the product of Congress's amendment to § 2255 in 2006. The 2006 amendment, known as "Masha's Law," is part of the Adam Walsh Child Protection and Safety Act of 2006. Pub. L. No. 109–248, § 707, 120 Stat. 587, 650 (2006). Masha's Law added the phrase "while a minor" to describe when a "violation" of the criminal statutes had to occur and added the new phrase "regardless of whether the injury occurred while such a person was a minor" to describe when a "personal injury" can occur. 120 Stat. at 650.

bring a claim within ten years after the date on which the plaintiff reasonably discovers the violation that forms the basis for the claim.  18 U.S.C. § 2255(b)(1)(A).  The "violation" that forms the basis for the claim is described in § 2255(a) as a specified predicate offense that occurred when the plaintiff was a minor.[5]  Second, a plaintiff may bring a claim within ten years after the date on which the plaintiff reasonably discovers "the injury that forms the basis for the claim."  *Id.* § 2255(b)(1)(B).  The "injury" is described in § 2255(a) as a "personal injury" suffered as a result of the predicate offense, "regardless of whether the injury occurred while such person was a minor."

The statute does not define the term "personal injury." When statutory terms "have accumulated settled meaning under . . . the common law . . . a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms." *United States v. Kelly*, 676 F.3d 912, 917 (9th Cir. 2012) (quoting *NLRB v. Amax Coal Co.*, 453 U.S. 322, 329 (1981)).  The term "personal injury" has long been recognized as referring to torts or tort-like injuries, including both physical torts and dignitary torts such as defamation.  *See United States v. Burke*, 504 U.S. 229, 234 & n.6 (1992) (interpreting the phrase "personal injuries" in 26 U.S.C. § 104(a)(2) as incorporating common-law tort concepts and including nonphysical injuries); *see also Injury*, *Black's Law Dictionary* (11th ed. 2019) (defining "personal injury" as "[a]ny invasion of a personal right, including mental suffering . . . .").  In the context of § 2255, "pornography injures a child's reputation and emotional well-being" just

---

[5] Therefore, we reject Elden's argument that he can bring an action based on violations that occurred when he was an adult.

"[l]ike a defamatory statement" and creates "reputational, emotional and privacy injuries" that constitute personal injuries. *Doe v. Boland*, 698 F.3d 877, 880–81 (6th Cir. 2012) (internal quotation marks and citations omitted).

In *Boland*, two young girls sought damages under 18 U.S.C. §§ 2252A(f) and 2255 from a defendant who digitally manipulated photographs of them "to make it look like the children were engaged in sex acts." 698 F.3d at 879. At issue was "whether the plaintiffs suffered a resulting 'personal injury'" from the defendant's acts. *Id.* at 880. The Sixth Circuit compared the nature of the injury caused by a defamatory statement to the injury caused by the dissemination of the pornographic material and determined that child pornography "injures a child's reputation and emotional well-being and violates the individual interest in avoiding disclosure of personal matters." *Id.* (internal quotation marks and citations omitted). It therefore concluded that "like defamation, those harms are 'personal injuries.'" *Id.* at 881. We agree with the Sixth Circuit that plaintiffs suffer "personal injury" that is analogous to injuries caused by defamation and other dignitary torts upon the publication or distribution of the pornographic material depicting them.

Like victims of defamation, victims of child pornography may suffer a new injury upon the republication of the pornographic material. It is well-settled that "[e]very repetition of a defamation is a publication in itself" and that "each and every publication . . . of a defamatory statement to a third person constitutes a new publication which gives rise to a cause of action." 50 Am. Jur. 2d *Libel and Slander* § 244; *see also* 5 B.E. Witkin, *Summary of California Law*, ch. IX, § 633 (11th ed. 2023) ("If the defendant reprints or circulates a libelous writing, this has the same effect as an

original publication."). Indeed, "[i]t is the general rule that each communication of the same defamatory matter by the same defamer, whether to a new person or to the same person, is a separate and distinct publication, for which a separate cause of action arises." Restatement (Second) of Torts § 577A (Am. L. Inst. 1977). Accordingly, we conclude that each republication of child pornography can constitute a new personal injury analogous to injuries caused by defamation and other dignitary torts.

This conclusion is consistent with the Supreme Court's view that "every viewing of child pornography is a repetition of the victim's abuse." *Paroline v. United States*, 572 U.S. 434, 457 (2014) (stated in the context of claims for restitution under 18 U.S.C. § 2259(a)). Similarly, in the context of considering First Amendment challenges to child pornography laws, the Court has recognized that "[l]ike a defamatory statement, each new publication of the [child pornography depicting the child victim] would cause new injury to the child's reputation and emotional well-being." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 249 (2002). The online dissemination of child pornography haunts victims long after their original images or videos are created. As the Supreme Court has explained, "[t]he victim's knowledge of publication of the visual material increases the emotional and psychic harm suffered by the child." *New York v. Ferber*, 458 U.S. 747, 759 n.10 (1982) (quoting T.C. Donnelly, Note, *Protection of Children from Use in Pornography: Toward Constitutional and Enforceable Legislation*, 12 U. Mich. J. L. Reform 295, 301 (1979)). This is because "[a] child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography." *Id.* (quoting David P. Shouvlin, *Preventing the Sexual*

*Exploitation of Children: A Model Act*, 17 Wake Forest L. Rev. 535, 545 (1981)).

Reading § 2255(b)(1)(B) in this light, we hold that if a predicate criminal offense occurred when the plaintiff was a minor, the statute of limitations does not run until ten years after the victim reasonably discovers a personal injury resulting from the offense, which may include republication of the child pornography that was the basis of the predicate criminal offense.

B

We now apply these principles to determine whether Elden's complaint is barred by the statute of limitations. According to his complaint, Elden was the victim of violations of 18 U.S.C. § 2252A(a) while he was a minor and suffered personal injuries as a result of the violations during his adulthood.

We first consider the time frame for the limitations period in § 2255(b)(1)(A), providing that a complaint must be brought within ten years from the date on which the plaintiff reasonably discovers the violation that forms the basis for the claim. Under § 2255(a), the violation that forms the basis for the claim must occur when the victim is a minor. Elden turned 18 in 2009. There is no dispute that Elden was aware of the distribution of the *Nevermind* cover starting at a very young age and thus could reasonably discover any additional violations of § 2252A(a) as they occurred. Therefore, even if a violation of § 2252A(a) occurred in 2009, while Elden was still a minor, Elden would have had to bring his action by 2019 to avoid the bar of § 2255(b)(1)(A), which he failed to do.

We next turn to the time frame for the limitations period in § 2255(b)(1)(B), providing that a complaint must be brought within ten years from the date on which the plaintiff reasonably discovers the personal injury that forms the basis for the claim.

The allegations in Elden's complaint are enough to render the claim timely under 18 U.S.C. § 2255(b)(1)(B). The complaint alleges that Defendants committed a predicate offense when they "knowingly possessed, transported, reproduced, advertised, promoted, presented, distributed, provided, and obtained commercial child pornography depicting [Elden]." These alleged violations began in 1991, when the photograph was taken, and were ongoing. The violations therefore occurred "while [Elden was] a minor." 18 U.S.C. § 2255(a). Elden seeks damages for "personal injuries" he alleges he suffered "as a result of such violation[s]." *Id.* § 2255(a). Elden alleges he suffered the personal injuries "during the ten years preceding this action," including the Defendants' redistribution of the *Nevermind* album in 2021. Because that and other republications can constitute personal injuries under § 2255(b)(1)(B), Elden had ten years from the date of reasonable discovery of those injuries to file his complaint. Elden's complaint covered only injuries discovered in the preceding ten years, so his claim is timely under 18 U.S.C. § 2255(b)(1)(B).

C

In opposing this conclusion, Defendants argue that a plaintiff "reasonably discovers" the "injury that forms the basis for the claim" for purposes of § 2255(b)(1)(B) when the plaintiff knows that a particular offender is responsible for the predicate offense and subsequent injuries. Said

otherwise, Defendants argue that once the plaintiff knows the identity of the defendant that committed the predicate offense, the plaintiff cannot claim to have discovered new injuries by the same offenders.    Therefore, Defendants argue, because Elden was aware that the Defendants had committed the predicate offense, and knew about the Defendants' dissemination of the album cover for more than ten years, he cannot claim that he discovered new injuries caused by Defendants' subsequent distributions of the album cover within the ten-year limitations period.

This reading is not supported by the statute's text, which does not differentiate between the original offender and other parties.    Logically, the child pornography victim suffers the same injury whether a new individual or the original creator redistributes the image.  If a victim learns a defendant has distributed child pornography and does not sue, but then later learns the defendant has done so again many years later, the statute of limitations in § 2255(b)(1)(B) does not prevent the plaintiff from bringing a claim based on that new injury.  The Defendants' contention that the injury from a defendant's renewed distribution of child pornography is "a one-time occurrence" is in tension with Congress's determination that personal injuries can occur after the initial offense when the victim is no longer a minor.

Nor is this case analogous to cases examining whether a plaintiff's discovery of the full extent of the injuries stemming from the original injury gives rise to a new cause of action after the statute of limitations for bringing a cause of action for the original injury has run.  *See, e.g.*, *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015).  The issue in such cases involves whether a realization of the latent effects of a defendant's initial violation constitutes an additional injury and whether any such injury was reasonably discovered

within the ten years before the complaint was filed. In *Stephens*, the Third Circuit affirmed the dismissal of a complaint under § 2255(a) because the plaintiff did not allege he suffered cognizable injuries within the limitations period. *Id.* at 289. Rather, the plaintiff had been "aware that his legal rights had been violated and he had suffered an injury at the time he and [the defendant] consummated their sexual relationship," and his alleged inability to "fully appreciate all of the consequences of [the] violation" within the limitations period constituted "ignorance regarding the full extent of his injury" rather than a newly discovered injury that could form the basis of a claim. *Id.* at 288–89. By contrast, Elden's complaint does allege new injuries, stemming from the Defendants' redistribution of the album cover during the ten years prior to the action, within the limitations period. In these situations, the Third Circuit held, § 2255 is available to "remedy[] the harms caused by the distribution of child pornography." *Id.* at 285–86. This is because "each act of distribution injures the child pornography victim such that an omniscient plaintiff would have a provable cause of action upon the completion of the act." *Id.* at 286 (internal quotation marks and citation omitted).

Similarly, the Defendants' argument that Congress's codification of a discovery rule in § 2255(b) displaces any common-law discovery principles is misplaced. Elden does not allege that the Defendants' actions beyond the limitations period resulted in harm that he discovered belatedly, or otherwise rely on common-law discovery rules. Rather, he alleges that he discovered new injuries caused by the Defendants' actions within the limitations period.

Because Elden's claim is not barred by the ten-year statute of limitations set forth in § 2255(b)(1)(B), the district

court erred in granting Defendants' motion to dismiss on statute of limitations grounds.

**REVERSED AND REMANDED.**[6]

---

[6] Child USA and Canadian Centre for Child Protection Inc.'s motion for leave to file an amicus curiae brief, Dkt. 14, is GRANTED.