KENDALL BRILL & KELLY LLP
Bert H. Deixler (State Bar No. 70614)
  *bdeixler@kbkfirm.com*
Nary Kim (State Bar No. 293639)
  *nkim@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for UMG Recordings, Inc.,
Nirvana, L.L.C., Courtney Love (as
Executor of Estate of Kurt Cobain), Krist
Novoselic, David Grohl, and Kirk Weddle

JACKSON WALKER L.L.P.
Joshua A. Romero (admitted *pro hac vice*)
  *jromero@jw.com*
Emilio B. Nicolas (admitted *pro hac vice*)
  *enicolas@jw.com*
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: 512.236.2000
Facsimile:  512.236.2002

Attorneys for Kirk Weddle

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER ELDEN,<br><br>                    Plaintiff,<br><br>          v.<br><br>NIRVANA, L.L.C., *et al*.,<br><br>                    Defendants. | Case No. 2:21-cv-06836-FMO-AGR<br><br>Assigned to Hon. Fernando M. Olguin<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

1

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants UMG Recordings, Inc., Universal Music Group, Inc., The David Geffen Company, Geffen Records, MCA Records,[1] Nirvana, L.L.C., Courtney Love (as Executor of the Estate of Kurt Cobain), Krist Novoselic, David Grohl, and Kirk Weddle (collectively, "Defendants") hereby answers the Verified Second Amended Complaint of Plaintiff Spencer Elden (the "Complaint"), as follows:

## ANSWER

1.     This is a suit for damages arising out of each Defendant's violations, during the ten years preceding the filing of this action and since, of federal child pornography and commercial child exploitation statutes 18 U.S.C. 2252A(a)(5)(B), 2252A(a)(l), 2252A(a)(2)(A), 2252A(a)(2)(B), 2252A(a)(3)(A), and 2252A(a)(3)(B).

**Answer**:  Defendants admit Plaintiff has filed a suit seeking to recover alleged damages.  Defendants deny the balance of the factual allegations in Paragraph 1.  To the extent Paragraph 1 contains legal conclusions, no response is required.

Footnote 1: This civil action, while predicated on violations of criminal statutes, is unlike a criminal prosecution in that the predicate criminal violations must only be proven by a preponderance of the evidence.  In addition, neither a criminal prosecution nor conviction is required to create civil liability under 18 U.S.C. 2255. *See Smith v. Husband*, 376 F. Supp. 2d 603, 613 (E.D. Va. 2005) citing *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) (finding that a civil cause of action based on a violation of a criminal predicate can proceed without a criminal conviction).

**Answer**:  Footnote 1 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

/ / /

---

[1] As reflected in the Joint Stipulation filed on November 16, 2021 (Dkt. No. 17), UMG Recordings, Inc. is the successor-in-interest to The David Geffen Company, Geffen Records, and MCA Records.  Universal Music Group, Inc. is a holding company and the indirect parent of UMG Recordings, Inc.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                              2                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

2.     18 U.S.C. 2255 (also known as Masha's Law) is a remedial federal civil statute which allows victims of child pornography to recover damages for violations of child pornography laws.

**Answer**:  Paragraph 2 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

Footnote 2:  Section 2255's general purpose is to provide ... compensation to child pornography victims[.]  *See* 152 Cong. Rec. H5705-0l (daily ed. July 25, 2006) (statement of Rep. Gingrey) ("Currently, a person who illegally downloads music faces penalties in civil court that are three times as harsh as a person who downloads child pornography.  This horrible inequity was the inspiration behind the introduction of Masha's Law…"); *see also* 151 Cong. Rec. S14187-03 (daily ed. Dec. 20, 2005) (statement of Sen. Kerry).

**Answer**:  Footnote 2 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

Footnote 3:  Bringing a claim grounded in child pornography that is actively possessed, distributed, sold, and profited from "… is consistent with Congress's remedial scheme for child victims of sex crimes." *Doe v. Hesketh*, 828 F.3d 159, 168 (3rd Cir. 2016).

**Answer**:  Footnote 3 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

3.     Under Section 2255, victims can recover either their actual damages or liquidated damages in the amount of $150,000 and the cost of the action—including reasonable attorney's fees and other litigation costs reasonably incurred.  The Court can also award punitive damages and grant such other preliminary and equitable relief as it determines appropriate.

**Answer**:  Paragraph 3 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Footnote 4:  Section 2255 was intended "to provide meaningful civil remedies for victims of the sexual exploitation of children…."  Cong. Rec. S14195 (12-20-2005).  Senator Kerry, one of two sponsors of the bill, explained that the purpose of the legislation was "to increase civil penalties for child exploitation."

**Answer**:  Footnote 4 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

4.     This action seeks to recover for injuries Spencer Elden ("Spencer") sustained during the ten years preceding the filing of this action, and injuries he has sustained since then, as a result of Defendants Nirvana, L.L.C.'s, Universal Music Group, Inc.'s, UMG Recordings, Inc.'s, The David Geffen Company's, Geffen Records', MCA Records', Kirk Weddle's, the Estate of Kurt Cobain's, Krist Novoselic's, and David Grohl's past and ongoing commercial child sexual exploitation of him as defined by 18 U.S.C. 2252A(a)(5)(B), 2252A(a)(l), 2252A(a)(2)(A), 2252A(a)(2)(B), 2252A(a)(3)(A), and 2252A(a)(3)(B).

**Answer**:  Defendants admit Plaintiff has filed an action seeking to recover for injuries allegedly sustained in the ten years preceding the filing.  Defendants deny the balance of the factual allegations in Paragraph 4.  To the extent Paragraph 4 contains legal conclusions, no response is required.

5.     Specifically, during the ten years preceding the filing of this action, each Defendant knowingly possessed, transported, reproduced, advertised, promoted, presented, distributed, provided, and/or obtained child pornography depicting Spencer, who had not attained the age of 18 years when this image was printed on the cover of Nirvana's *Nevermind* album in violation of 18 U.S.C. 2252A(A).

**Answer**:  Defendants admit Plaintiff had not attained the age of 18 years as of the date the *Nevermind* album cover was released in September 1991.  Defendants deny the balance of the factual allegations in Paragraph 5.  As to the legal conclusions in Paragraph 5, no response is required.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                    4                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

6.      As a result of the above actions, Spencer has suffered damages during the ten years preceding the filing of this action, and he will continue to suffer damages as long as the violations described above persist.

**Answer**:  Defendants deny Paragraph 6.  To the extent Paragraph 6 contains legal conclusions, no response is required.

7.      During the ten years preceding the filing of this action, each Defendant intentionally commercially marketed the child pornography depicting Spencer and leveraged the lascivious nature of his image to promote the *Nevermind* album, the band, and Nirvana's music, while earning, at a minimum, tens of millions of dollars in the aggregate.

**Answer**:  Defendants deny Paragraph 7.  As to the legal conclusions in Paragraph 7, no response is required.

Footnote 5:  18 U.S.C. 2255 proscribes the "lascivious" exhibition of the genitals of a minor child which is a lower standard than "lewd."  For example, the Third Circuit held that given the statutory language, legislative history, and congressional purpose in passing the federal child pornography statutes, a "lascivious exhibition of the genitals or pubic area" may "encompass visual depictions of a child's genitals or pubic area even when these areas are covered by an article of clothing and are not discernible."  *United States v. Knox*, 32 F.3d 733, 754 (3d Cir. 1994).  The term 'lewd' is "more closely associated with the more stringent standard of obscenity," than the term 'lascivious.'  *United States v. Dost*, 636 F. Supp. 828, 831 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), and *aff'd*, 813 F.2d 1231 (9th Cir. 1987) (emphasis added); *see also United States v. Overton*, 573 F.3d 679, 688-89 (9th Cir. 2009); *United States v. Salcedo*, 924 F.3d 172, 178-79 (5th Cir. 2019); *People v. Spurlock*, 8 Cal. 28 Rptr. 3d 372, 377 (2003); *New York v. Ferber*, 458 U.S. 747, 756-58 (1982); *Doe v. Hesketh*, 828 F.3d 159, 168 (3rd Cir. 2016); *New York v. Ferber*, 458 U.S. 747, 759 (1982); *Osborne v. Ohio*, 495 U.S. 103, 104 (1990); *Paroline v. United States*, 572 U.S. 434, 440 (2014).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                                          5                           Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1   **Answer**:   Footnote 5 consists of legal conclusions as to which no response is
2   required; they are thus considered denied or avoided.

3       8.    During the ten years preceding the filing of this action and since, each
4   Defendant knowingly possessed, transported, reproduced, advertised, promoted,
5   presented, distributed, provided, and obtained the commercial child pornography
6   depicting Spencer as a foundational element of their record promotion scheme.  The
7   music industry commonly uses such schemes to gain notoriety, drive sales, capture
8   media attention, and obtain positive critical reviews.

9       **Answer**:   Defendants deny Paragraph 8.   As to the legal conclusions in
10  Paragraph 8, no response is required.

11  **PARTIES**

12      9.    Plaintiff "Spencer Elden" is an adult residing in the State of California,
13  County of Los Angeles.

14      **Answer**:  Defendants admit Plaintiff is an adult.  Defendants lack knowledge
15  or information sufficient to form a belief as to the truth of the allegation concerning
16  Plaintiff's state of residence and deny the allegation on that basis.

17      10.    While Plaintiff is no longer a minor, he was a minor in 1991 when he
18  was depicted on the *Nevermind* album cover.

19      **Answer**:   Defendants admit Plaintiff is not a minor in the present day; and
20  admit Plaintiff was a minor in 1991, when the *Nevermind* album cover was created.

21      11.    At all relevant times, Defendant "Nirvana, L.L.C." was a domestic
22  corporation incorporated in the State of New Mexico.

23      **Answer**:   Defendants deny Paragraph 11, including because the relevant
24  Nirvana, L.L.C. entity was not organized under the laws of New Mexico.  To the
25  extent Paragraph 11 contains legal conclusions, no response is required.

26      12.    To the extent that Nirvana, L.L.C. was a different entity, corporation, or
27  organization during the time when Spencer was and continues to be commercially
28  sexually exploited, such entity, corporation, or organization is hereby on notice that

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605             6           Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "Nirvana, L.L.C."

**Answer**:  Defendants deny any factual allegations in Paragraph 12.  As to the legal conclusions in Paragraph 12, no response is required.

13.     To the extent that Nirvana, L.L.C. is a successor to a different entity, corporation, or organization which existed during the period of time when Spencer was and continues to be commercially sexually exploited, including any entity, corporation, or organization that subsequently or eventually merged into Nirvana, L.L.C., such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "Nirvana, L.L.C."

**Answer**:  Defendants deny any factual allegations in Paragraph 13.  As to the legal conclusions in Paragraph 13, no response is required.

14.     To the extent that Nirvana, L.L.C. has been merged, taken over or incorporated into another entity, corporation or organization, such entity, corporation, or organization is included in the caption and this complaint as "Nirvana, L.L.C."

**Answer**:  Defendants deny any factual allegations in Paragraph 14.  As to the legal conclusions in Paragraph 14, no response is required.

15.     All such entities, corporations, or organizations related to Nirvana, L.L.C. are also collectively identified and referred to herein as "Nirvana, L.L.C."

**Answer**:  Defendants deny any factual allegations in Paragraph 15.  As to the legal conclusions in Paragraph 15, no response is required.

16.     At all relevant times, Defendant "Geffen Records" was a domestic corporation incorporated in the State of California and authorized to do business in the United States.

**Answer**:  Defendants deny Paragraph 16.  To the extent Paragraph 16 contains legal conclusions, no response is required.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                                    7                       Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

17.     To the extent that Geffen Records was a different entity, corporation, or organization during the period of time when Spencer was and continues to be commercially sexually exploited, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "Geffen Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 17.  As to the legal conclusions in Paragraph 17, no response is required.

18.     To the extent that Geffen Records is a successor to a different entity, corporation, or organization which existed during the period of time when Spencer was and continues to be commercially sexually exploited, including any entity, corporation, or organization that subsequently or eventually merged into Geffen Records, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "Geffen Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 18.  As to the legal conclusions in Paragraph 18, no response is required.

19.     To the extent that Geffen Records has been merged, taken over or incorporated into another entity, corporation or organization, such entity, corporation, or organization is included in the caption and this complaint as "Geffen Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 19.  As to the legal conclusions in Paragraph 19, no response is required.

20.     All such entities, corporations, or organizations related to Geffen Records are also collectively identified and referred to herein as "Geffen Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 20.  As to the legal conclusions in Paragraph 20, no response is required.

21.     "DGC Records" launched in 1990 as a subsidiary of Geffen Records.

**Answer**:  Defendants deny Paragraph 21, including because DGC Records was not a separately-existing entity.   To the extent Paragraph 21 contains legal

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

8

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

conclusions, no response is required.

22.     At all relevant times, Defendant "David Geffen Company" (hereinafter "DGC Records") was a domestic corporation incorporated in the State of California and authorized to do business in the United States.

**Answer**: Defendants deny any factual allegations in Paragraph 22. As to the legal conclusions in Paragraph 22, no response is required.

23.     To the extent that DGC Records was a different entity, corporation, or organization during the period of time when Spencer was and continues to be commercially sexually exploited, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "DGC Records."

**Answer**: Defendants deny any factual allegations in Paragraph 23. As to the legal conclusions in Paragraph 23, no response is required.

24.     To the extent that DGC Records is a successor to a different entity, corporation, or organization which existed during the period of time when Spencer was and continues to be commercially sexually exploited, including any entity, corporation, or organization that subsequently or eventually merged into DGC Records, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "DGC Records."

**Answer**: Defendants deny any factual allegations in Paragraph 24. As to the legal conclusions in Paragraph 24, no response is required.

25.     To the extent that DGC Records has been merged, taken over or incorporated into another entity, corporation or organization, such entity, corporation, or organization is included in the caption and this complaint as "DGC Records."

**Answer**: Defendants deny any factual allegations in Paragraph 25. As to the legal conclusions in Paragraph 25, no response is required.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

26.     All such entities, corporations, or organizations related to DGC Records are also collectively identified and referred to herein as "DGC Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 26.  As to the legal conclusions in Paragraph 26, no response is required.

27.     At all relevant times, Defendant "MCA Records" was a domestic corporation incorporated in the State of Delaware and authorized to do business in the United States.

**Answer**:  Defendants deny Paragraph 27, including because MCA Records, Inc. merged into UMG Recordings, Inc. in 1999.  As to the legal conclusions in Paragraph 27, no response is required.

28.     To the extent that MCA Records was a different entity, corporation, or organization during the period of time when Spencer was and continues to be commercially sexually exploited, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "MCA Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 28.  As to the legal conclusions in Paragraph 28, no response is required.

29.     To the extent that MCA Records is a successor to a different entity, corporation, or organization which existed during the period of time when Spencer was and continues to be commercially sexually exploited, including any entity, corporation, or organization that subsequently or eventually merged into MCA Records. Such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "MCA Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 29.  As to the legal conclusions in Paragraph 29, no response is required.

30.     To the extent that MCA Records has been merged, taken over or incorporated into another entity, corporation or organization, such entity, corporation,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                           10                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

or organization is included in the caption and this complaint as "MCA Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 30.  As to the legal conclusions in Paragraph 30, no response is required.

31.    All such entities, corporations, or organizations related to MCA Records are also collectively identified and referred to herein as "MCA Records."

**Answer**:  Defendants deny any factual allegations in Paragraph 31.  As to the legal conclusions in Paragraph 31, no response is required.

32.    "DCG Records" became dormant in 1999 and re-established itself as "Interscope Geffen A&M Records" (also known as "A&M Records Group") in 2007 under the ownership of "Universal Music Group, Inc." (hereinafter "UMG Recordings, Inc.").

**Answer**:  Defendants deny the factual allegations in Paragraph 32, including because it misidentifies the relevant entities and/or mischaracterizes the corporate relationships between the various entities.  As to the legal conclusions in Paragraph 32, no response is required.

33.    Defendant UMG Recordings, Inc. is a domestic corporation incorporated in the State of Delaware and authorized to do business in the United States.

**Answer**:  Defendants admit UMG Recordings, Inc. is incorporated in the State of Delaware.  As to the legal conclusions in Paragraph 33, no response is required.

34.    Defendant UMG Recordings, Inc. is the successor-in-interest to The David Geffen Company, Geffen Records, and MCA Records.

**Answer**:  Defendants admit UMG Recordings, Inc. is the successor-in-interest to The David Geffen Company, Geffen Records, and MCA Records.

35.    Universal Music Group, Inc. is a holding company that is the indirect parent corporation of UMG Recordings, Inc. and UMG Recordings, Inc.

**Answer**:  Defendants admit Universal Music Group, Inc. is a holding company and the indirect parent of UMG Recordings, Inc.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

11

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

36.   To the extent that UMG Recordings, Inc. was a different entity, corporation, or organization during the period of time when Spencer was and continues to be commercially sexually exploited, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is included in the caption and this complaint as "UMG Recordings, Inc."

**Answer**:  Defendants deny any factual allegations in Paragraph 36.  As to the legal conclusions in Paragraph 36, no response is required.

37.   To the extent that UMG Recordings, Inc. is a successor to a different entity, corporation, or organization which existed during the period of time when Spencer was and continues to be commercially sexually exploited, including any entity, corporation, or organization that subsequently or eventually merged into UMG Recordings, Inc., such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in the caption and this complaint as "UMG Recordings, Inc."

**Answer**:  Defendants deny any factual allegations in Paragraph 37.  As to the legal conclusions in Paragraph 37, no response is required.

38.   To the extent that UMG Recordings, Inc. has been merged, taken over or incorporated into another entity, corporation or organization, such entity, corporation, or organization is included in the caption and this complaint as "UMG Recordings, Inc."

**Answer**:  Defendants deny any factual allegations in Paragraph 38.  As to the legal conclusions in Paragraph 38, no response is required.

39.   All such entities, corporations, or organizations related to UMG Recordings, Inc. are also collectively identified and referred to herein as "UMG Recordings, Inc."

**Answer**:  Defendants deny any factual allegations in Paragraph 39.  As to the legal conclusions in Paragraph 39, no response is required.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

12

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

40.     Counsel for Defendants has represented that the successor-in-interest to The David Geffen Company, Geffen Records, and MCA Records is UMG Recordings, Inc. and that Defendant Universal Music Group, Inc. is a holding company that is the indirect parent corporation of UMG Recordings, Inc.

**Answer**:  Defendants admit the Joint Stipulation filed on November 16, 2021 (Dkt. No. 17) states that UMG Recordings, Inc. is the successor-in-interest to The David Geffen Company, Geffen Records, and MCA Records; and that Universal Music Group, Inc. is a holding company and the indirect parent of UMG Recordings, Inc.

41.     Defendant Kirk Weddle is an individual residing in the State of Texas. Both Weddle and Spencer were residents of the State of California, and Spencer was a minor, when Weddle produced commercial child pornography depicting Spencer.

**Answer**:  Defendants admit Kirk Weddle resides in Texas in the present day; and admit Mr. Weddle resided in California in 1991.  Defendants also admit Plaintiff was a minor in 1991.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's place of residence in 1991 and deny the allegations on that basis.  Defendants deny the balance of any factual allegations in Paragraph 41.  To the extent Paragraph 41 contains legal conclusions, no response is required.

42.     Courtney Love is an individual residing in the State of California.  Love is the Executor of the "Estate of Kurt Cobain" which is an estate in the State of Washington.

**Answer**:  Defendants admit Courtney Love was the Executor of the Estate of Kurt Cobain.  Defendants deny the balance of Paragraph 42, including because Courtney Love does not presently reside in the State of California.  To the extent Paragraph 42 contains legal conclusions, no response is required.

43.     Kurt Cobain died on April 5, 1994.

**Answer**:  Defendants admit Kurt Cobain died on April 5, 1994.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                                   13                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

44.     Publicly available information indicates that the "Estate of Kurt Cobain" has a net worth of approximately $450 million or more with annual revenues estimated at $4 million per year from Nirvana album sales.

**Answer**:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and deny the allegations on that basis.

45.     Defendant Krist Novoselic is an individual residing in the State of Washington.

**Answer**:  Defendants admit Krist Novoselic is an individual who presently lives in the State of Washington.

46.     Novoselic was the bassist of Nirvana, L.L.C.

**Answer**:  Defendants admit Krist Novoselic played bass for the rock band Nirvana until 1994.

47.     Defendant David Grohl is an individual residing in the State of Virginia.

**Answer**:  Defendants admit David Grohl is an individual.  Defendants deny the balance of Paragraph 47.

48.     Grohl was a drummer for Nirvana, L.L.C.

**Answer**:  Defendants admit David Grohl was the drummer of the rock band Nirvana from 1990 to 1994.

## **JURISDICTION AND VENUE**

49.     Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. 1331 because this is a civil action arising under 18 U.S.C. 2255.

**Answer**:  Paragraph 49 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

50.     Venue is proper pursuant to 28 U.S.C. 1391(b)(l) and (2) because (i) this is a civil action brought in the judicial district where at least one of the above-named Defendants resides and (ii) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

14

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1  **Answer**:  Paragraph 50 consists of legal conclusions as to which no response

2  is required; they are thus considered denied or avoided.

3  **FACTUAL BACKGROUND**

4  51.  Although the image of Spencer on the *Nevermind* album cover was

5  created over thirty years ago, during the ten years preceding the filing of this action

6  and since, Nirvana, L.L.C., Universal Music Group, Inc., UMG Recordings, Inc., The

7  David Geffen Company, Geffen Records, MCA Records, Courtney Love as the

8  Executor for the Estate of Kurt Cobain, Kirk Weddle, Krist Novoselic, and David

9  Grohl continued to knowingly possess, transport, reproduce, advertise, promote,

10  present, distribute, provide, and obtain the commercial child pornography on the

11  cover of Nirvana's *Nevermind* album depicting Spencer, all in violation of the above

12  listed predicate criminal statutes.

13  **Answer**:  Defendants deny Paragraph 51.  As to the legal conclusions in

14  Paragraph 51, no response is required.

15  52.  For example, in September 2021, to celebrate the 30th anniversary of

16  Nirvana's *Nevermind* album's release, the Defendants rereleased the *Nevermind*

17  album which continues to feature a lascivious exhibition of Spencer's genitals on the

18  cover.

19  **Answer**:  Defendants admit there was an edition of *Nevermind* released to

20  commemorate the 30th anniversary of the album.  Defendants deny the balance of the

21  factual allegations in Paragraph 52.  To the extent Paragraph 52 contains legal

22  conclusions, no response is required.

23  Footnote 6:  "When child pornography is distributed ... the victim has a cause

24  of action under § 2255 that accrues at the time of the distribution." *St. Louis v. Perlitz*,

25  176 F. Supp. 3d 97, 99 (D. Conn. 2016) citing *Doe v. Boland*, 698 F.3d 877, 881 (6th

26  Cir. 2012) ("A child abused through a pornographic video might have one § 2255

27  claim against the [content's] creator as soon as it is produced and another against the

28  distributor who sells a copy of the [content] twenty years later.").

**Kendall Brill**
**& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  **Answer**:  Footnote 6 consists of legal conclusions as to which no response is
2  required; they are thus considered denied or avoided.

3  53.  Because "each possession of child pornography contributes to the
4  conduct that indisputably causes harm to the victims," Spencer's harm is ongoing and
5  is "directly attributable" to each Defendant's conduct as alleged herein.  *See United*
6  *States v. Hargrove*, 714 F.3d 371, 377 (6th Cir. 2013).

7  **Answer**: Defendants deny Paragraph 53.  To the extent Paragraph 53 contains
8  legal conclusions, no response is required.

9  54.  In or about 1987, near or around Aberdeen, Olympia and Seattle,
10  Washington, Kurt Cobain (now deceased) and Defendant Novoselic created an
11  alternative punk-rock or "grunge" band called Nirvana, which has operated since that
12  time as Nirvana, L.L.C. ("Nirvana").

13  **Answer**:  Defendants deny Paragraph 54, including because Nirvana, L.L.C.
14  was formed in 1997.

15  55.  In or about 1989, Nirvana released their first punk-rock album.

16  **Answer**:  Defendants deny Paragraph 55, to the extent to which its reference to
17  "Nirvana" continues to refer to Nirvana, L.L.C., which was formed in 1997.
18  Defendants admit the band Nirvana released its first album, called *Bleach*, in 1989.

19  56.  In or about 1990, Grohl joined Nirvana as a band member and drummer.

20  **Answer**:  Defendants deny Paragraph 56, to the extent to which its reference to
21  "Nirvana" continues to refer to Nirvana, L.L.C., which was formed in 1997.
22  Defendants admit David Grohl joined the band as its drummer in 1990.

23  57.  In or about 1990, Nirvana began working with the music label DGC
24  Records.

25  **Answer**:  Defendants deny Paragraph 57, to the extent to which its reference to
26  "Nirvana" continues to refer to Nirvana, L.L.C., which was formed in 1997.
27  Defendants admit the band Nirvana signed to the DGC Records label in 1991.

28  / / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

16

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

58.     At that time, Nirvana was practically unknown to the general public.

**Answer**:   Defendants admit the band Nirvana achieved more mainstream popularity in 1991.

59.     In undated journals, Cobain drew the *Nevermind* album cover, including at least one instance where the album cover is sketched with sperm or semen drawn all over it.

**Answer**:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and, thus, deny the allegations on that basis.

60.     In several journal entries, found in the same book as the above sketches of the *Nevermind* album cover, Cobain describes his twisted vision for the *Nevermind* album cover as a manifestation of his emotional and sexual disturbances:

> I like to make incisions into the belly of infants then fuck the incision until the child dies. * * *
>
> I haven't masturbated in months because I've lost my imagination.  I close my eyes and I see my father, little girls, German Shepards & TV news commentators, but no voluptuous, pouty lipped, naked-female sex kittens, wincing in ecstasy from the illusory positions I've conjured up in my mind.  No, when I close my eyes I see lizards & flipper babies, the one who were born deformed because their mothers took bad birth control pills.  I'm seriously afraid to touch myself. * * *
>
> they land a splash on the smooth thighs of infants lying limp on beds of mohair.  Dirty books made him solidify into a pedophile.

**Answer**:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and, thus, deny the allegations on that basis.

61.     Cobain's preoccupation with pornographic imagery started at a very early age.  One of Cobain's school classmates discovered him drawing pornography as a young child.

**Answer**:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and deny the allegations on that basis.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

17

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

62.   Sometime in 1990, DCG Records hired Robert Fisher to serve as art director.   Fisher was assigned to the Nirvana account and facilitated the creation, promotion, advertisement, trade, sale, distribution, and commercial success of Nirvana's music.   Decl. of Robert Fisher, dated December 21, 2021, ¶ 3 Attached.

**Answer**:  Defendants deny Paragraph 62, including because it misidentifies the relevant entity and misquotes the declaration of Robert Fisher.

63.   According to Fisher, Nirvana wanted images of nude babies for the cover of their 1991 *Nevermind* album.

**Answer**:  Defendants deny Paragraph 63, to the extent to which its reference to "Nirvana" refers to Nirvana, L.L.C., which was formed in 1997; and on the ground that it misquotes the declaration of Mr. Fisher.

64.   Kurt Cobain, Robert Fisher, and Defendants Novoselic and Grohl determined that they had to "make [the photo] more than just a baby underwater."

**Answer**:  Defendant Novoselic admits he participated in the conception of the *Nevermind* album cover.   The other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and deny the allegations on that basis.

65.   They engaged in an extensive debate about what to pair with the naked baby on the *Nevermind* album cover, considering a dollar bill, raw meat, a dog, and other objects.

**Answer**:  Defendants deny Paragraph 65.

66.   The objects mentioned by Fisher in his declaration are commonly associated with prurient interests.

**Answer**:  Defendants deny Paragraph 66.

67.   Nirvana ultimately decided to use a dollar bill on a fishhook as a prop with the naked baby.

**Answer**:  Defendants deny Paragraph 67, to the extent to which its reference to "Nirvana" refers to Nirvana, L.L.C., which was formed in 1997.  Defendant Novoselic

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                    18                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

admits he proposed including a dollar bill to capture the idea of "selling out." Defendants lack knowledge or information sufficient to form a belief as to the truth of the balance of the factual allegations in Paragraph 67, including with respect to the identity of the "ultimate[]" decisionmaker and, thus, deny the allegations on that basis.

68.     At or about the time of the creation of *Nevermind*, several other bands used sexualized images of children to sell their albums, including Scorpion with *Virgin Killer*, Blind Faith with *Blind Faith*, and Van Halen with *Balance.*

**Answer**:  Defendants deny the albums *Balance* (1995), *Virgin Killer* (1976), and *Blind Faith* (1969) were released or created at or about the same time as *Nevermind*.  Defendants deny the implication that the image of Plaintiff on *Nevermind* was "sexualized."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the balance of the factual allegations in Paragraph 68 and, thus, deny the allegations on that basis.

69.     According to Fisher, the first album cover "mockup" he created for Nirvana and Geffen Records used a stock photograph.  Fisher Decl. Ex. 1 & ¶ 10.

**Answer**:  Defendants deny Paragraph 69, including because it misquotes the declaration of Mr. Fisher.

70.     It was more expensive to use stock photograph than a photograph taken by a photographer hired by Geffen Records.

**Answer**:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and deny the allegations on that basis.

71.     Accordingly, Defendants decided to create their own image for the *Nevermind* album cover.

**Answer**:  Defendants deny Paragraph 71.

72.     At the request of Cobain and Defendants Novoselic and Grohl, Fisher and Defendants Nirvana and Geffen Records hired photographer Defendant Kirk Weddle because Weddle specialized in photographing "submerged humans."

**Answer**:  Defendants admit Kirk Weddle is a photographer who was hired by

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

19

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Robert Fisher at Geffen Records to take photographs for what would become the *Nevermind* album; and admit Mr. Weddle specialized in "submerged human beings." Defendants deny the balance of the allegations.

73. Thus, in 1991, Weddle took a series of photos of Spencer, who was then a 4-month-old infant, in a pool at the Pasadena Aquatic Center in California.

**Answer**: Defendants admit Kirk Weddle took a series of photographs of Plaintiff in 1991 at the swimming pool at Pasadena Aquatic Center, at a time when Plaintiff was approximately four months old.

74. To ensure the album cover would trigger a visceral sexual response, Weddle directed that Spencer's 'gag reflex' be activated before throwing him underwater, after which he took photos that highlighted and emphasized Spencer's exposed genitals.

**Answer**: Defendants deny Paragraph 74.

75. Fisher, at the direction of Cobain and Defendants Weddle, Novoselic, and Grohl, superimposed images of a dollar bill and a fishhook purchased from a bait and tackle shop onto Spencer's image.

**Answer**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and deny the allegations on that basis.

76. Weddle exposed several film cartridges, producing at least 40 or 50 different images of Spencer's naked body.

**Answer**: Defendant Kirk Weddle denies Paragraph 76. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77. Weddle told Spencer's parents that the pictures would be edited during production.

**Answer**: Defendant Kirk Weddle lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, because he does not know what is meant by the phrase "the pictures would be edited during production"—

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

20

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

*e.g.*, whether that means retouched, modified with new elements, or something else; thus, the allegations are denied. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.     Elements of the picture were ultimately edited, and the lane lines at the bottom of the pool were removed.

**Answer**:  Defendants admit elements of the photograph used for the cover of the *Nevermind* album were edited, including the removal of the lane lines at the bottom of the pool.

79.     Cobain and Defendants Novoselic and Grohl chose the image depicting Spencer grabbing for a dollar bill that is positioned dangling from a fishhook in front of his naked body with his penis prominently displayed.

**Answer**:   Defendants admit the members of the band Nirvana generally approved the final album cover of *Nevermind*.  Defendants deny the balance of the allegations, including the suggestion that the penis is prominently displayed.

80.     The image of Spencer with his naked genitals displayed while grabbing at money resembles the actions of a sex worker.

**Answer**:  Defendants deny Paragraph 80.

81.     Weddle recruited several other parents who also submerged their babies underwater while he photographed their child for the Nirvana album cover project.

**Answer**:  Defendant Kirk Weddle admits that he recruited the parents of one other baby for the Nirvana album cover project, and that he photographed or attempted to photograph that baby while the baby was safely submerged underwater in a swimming pool by the baby's parents for the project.  The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.     Soon after creating the original image of Spencer for the *Nevermind* album cover, Weddle produced photographs of Spencer, still a young child, dressed up as Hugh Hefner, a worldwide icon of sexual licentiousness.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                                    21                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**Answer**:  Defendant Kirk Weddle denies Paragraph 82.  The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and deny the allegations on that basis.

83.     Like creators of other controversial album covers, the Defendants sought to garner attention by using a sexually explicit image that intentionally focused on Spencer's carefully positioned enlarged genitals.

**Answer**:  Defendants deny Paragraph 83.

84.     Each Defendant helped select and approve the final photograph from among the many photographs taken by Weddle.

**Answer**:  Defendants deny Paragraph 84.

85.     Fisher's declaration includes some of the proof sheets from the photoshoot.

**Answer**:  Defendants deny Paragraph 85.

86.     According to Fisher, he attached the following note on the final album cover mockup and "rout[ed]" it to Nirvana and Geffen Records:  "If anyone has a problem with his dick, we can remove it."  Fisher Decl. Ex. 3 & ¶ 15; *See also* Fisher Decl. Ex. 4 & ¶ 15.

**Answer**:  Defendants admit Mr. Fisher's declaration states in part:  "At some point in the process, I circulated a copy of the photo of Spencer that we were going to use for the album cover to others at Geffen involved in the *Nevermind* release, including some of my superiors, with the notation:  'If anyone has a problem with his dick, we can remove it.'  This process is called routing."  Defendants deny the balance of the allegations in Paragraph 86.

87.     At some point in time, Cobain was confronted about the *Nevermind* album cover's appeal to pedophiles.  In response to these concerns, Cobain sardonically declared that they should put a sticker on the album cover stating:  "If you're offended by this, you must be a closet pedophile."

**Answer**:  Defendants lack knowledge or information sufficient to form a belief

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                                    22                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1    as to the truth of the allegations of Paragraph 87 and deny the allegations on that basis.

2        88.    Walmart requested that a sticker covering Spencer's genitals be affixed

3    to the cellophane wrapper before the *Nevermind* album could be sold in its stores.

4        **Answer**: Defendants lack knowledge or information sufficient to form a belief

5    as to the truth of the allegations of Paragraph 88 and deny the allegations on that basis.

6        89.    Defendants released the album cover without editing out or obscuring

7    Spencer's genitalia.

8        **Answer**:   Defendants admit Plaintiff's penis is partially visible on the

9    *Nevermind* album cover.  Defendants deny the balance of allegations in Paragraph 89.

10        90.    One song on the *Nevermind* album called "Polly" rhapsodizes about the

11   sexual exploitation of a child, particularly the child's abduction and rape, revealing

12   that the sexual exploitation of children was within the express mindset of Nirvana and

13   its members during the time period when the album cover was created.

14        **Answer**: Defendants admit a song titled "Polly" is on the *Nevermind* album.

15   Defendants deny the balance of the factual allegations made in Paragraph 90.

16        91.    At some point after *Nevermind* was released, Cobain wanted to take baby

17   Spencer on tour with Nirvana, demonstrating the band's total disregard for Spencer's

18   youth.  Spencer's parents declined.

19        **Answer**: Defendants lack knowledge or information sufficient to form a belief

20   as to the truth of the allegations of Paragraph 91 and deny the allegations on that basis.

21        92.    After *Nevermind*'s release, Weddle told TIME Magazine, "[i]t was a

22   great concept—a baby underwater, unable to breathe, going after money on a

23   fishhook."  Kenneth Bachor, *Rare Nirvana Photos Nevermind Album*, TIME, 2015,

24   https:/ /time.com/4111653/see-rare-nirvana-photos-nevermind-album/ (last visited

25   08-01-2021).

26        **Answer**: Defendants admit the factual allegations in Paragraph 92.

27        93.    The *Nevermind* album debuted in September 1991 at number 144 on the

28   Billboard 20 [*sic*]—a score which systematically ranks music albums based on their

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                          23                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1 overall sales and popularity.

2     **Answer**:  Defendants admit *Nevermind* debuted at No. 144 on the Billboard

3 200.

4     94.    Within approximately three months, *Nevermind* rose to number 1 on the

5 Billboard 200 ranking.

6     **Answer**:  Defendants admit *Nevermind* became the No. 1 album in America on

7 January 11, 1992.

8     95.    The Recording Industry Association of America certified *Nevermind* as

9 a Platinum Record only months after its release.

10     **Answer**:  Defendants admit *Nevermind* was certified gold and platinum by the

11 Recording Industry Association of America (RIAA) in November 1991.

12     96.    *Nevermind* is currently considered a climacteric of American music

13 history and is regarded and recognized specifically for the commercial child

14 pornography on its album cover.

15     **Answer**:  Defendants admit *Nevermind* is considered critical to American

16 music history.  Defendants deny it "is regarded and recognized specifically for the

17 commercial child pornography on its album cover."

18     97.    The *Nevermind* album cover is an iconic image associated with Nirvana.

19     **Answer**:  Defendants admit the *Nevermind* album cover art is an iconic image

20 associated with the band Nirvana.

21     98.    Defendants widely commercialized the *Nevermind* album cover

22 featuring Spencer's image, including licensing the cover art for Snapchat filters, t-

23 shirts, posters, and other merchandise.

24     **Answer**:  Defendants deny Paragraph 98.

25     99.    Created in the pre-digital music era, *Nevermind* is not only distributed in

26 digital format but also, during the ten years preceding the filing of this action and to

27 the present day, it was and is widely distributed in physical format.

28     **Answer**:  Defendants admit *Nevermind* was released in the pre-digital music

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

24

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1 | era; and that it is distributed in both digital and physical format in the present day.

2 |     100.   Geffen Records originally shipped just 46,521 copies of *Nevermind* to

3 | retailers in hopes of eventually selling 200,000 copies.

4 |     **Answer**:  Defendants lack knowledge or information sufficient to form a belief

5 | as to the truth of the allegations of Paragraph 100 and deny the allegations on that

6 | basis.

7 |     101.   Defendants eventually sold well over 30 million copies of *Nevermind*,

8 | and they continue to sell and profit from the album featuring Spencer's image to the

9 | present day.

10 |     **Answer**:  Defendants admit sales of Nevermind have exceeded 30 million

11 | copies, and that the album continues to be sold.  Defendants deny the balance of the

12 | allegations in Paragraph 101, including the inaccurate assertion that each of the named

13 | Defendants has been involved in the sale of the *Nevermind* album, including in the

14 | present day.

15 |     102.   Nirvana's most successful song from *Nevermind*, *Smells Like Teen*

16 | *Spirit*, became one of the best-selling singles of all time with over eight million copies

17 | sold worldwide.

18 |     **Answer**:  Defendants admit *Smells Like Teen Spirit* was the most successful

19 | song from *Nevermind* and has sold over 8 million copies worldwide.  Defendants lack

20 | knowledge or information sufficient to form a belief as to the truth of the balance of

21 | the allegations in Paragraph 102 and deny the allegations on that basis.

22 |     103.   Neither Spencer nor his legal guardians ever signed a release authorizing

23 | the use of any of Spencer's images or his likeness.

24 |     **Answer**:  Defendant Kirk Weddle admits that he did not obtain a signed release

25 | from Plaintiff's parents at the time of the photo shoot.  The other Defendants lack

26 | knowledge or information sufficient to form a belief as to the truth of the allegations

27 | of Paragraph 103 and deny the allegations on that basis.  As to any legal conclusions

28 | in Paragraph 103, no response is required.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

104. Nirvana's *Nevermind* album cover constitutes commercial child pornography within the meaning of 18 U.S.C. 2256(8).

**<u>Answer</u>**:  Defendants deny Paragraph 104.  No response is required as to the legal conclusions in Paragraph 104.

Footnote 30:  To determine whether a photo of a minor contains a lascivious exhibition of the genitals, the trier-of-fact must look to multiple factors and the circumstances under which the image was created.  *See United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), *and aff'd* 813 F.2d 1231 (9th Cir. 1987).

**<u>Answer</u>**:  Footnote 30 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

105. 18 U.S.C. 2256(8) defines "child pornography" as:

Any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct, where—

(A)   the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
(B)   such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
(C)   such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

**<u>Answer</u>**:  Paragraph 105 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

106. 18 U.S.C. 2256(2)(B)(iii) defines "sexually explicit conduct" to include any "graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person[.]"

**<u>Answer</u>**:  Paragraph 106 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

Footnote 31:  Unlike adult pornography, an image need not meet the obscenity standard to constitute child pornography.  Long ago, Congress replaced the prohibition of a "lewd exhibition of the genitals" with the prohibition of a "lascivious

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                              26                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

exhibition of the genitals" where the image is of a child because the definition of "[l]ewd" was historically equated with "obscene" and such a standard fails to appropriately account for the innocence of children. *See* 18 U.S.C. 2256(B)(iii); *see also* 130 Cong. Rec. S3510, S3511 (daily ed. 03-30-1984) (statement of Rep. Specter).

**Answer**: Footnote 31 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

107.  Spencer should not experience "a lifetime of knowing that a **permanent record** has been made of his [] abasement." *People v. Kongs*, 37 Cal. Rptr. 2d 327, 334 (1994), as modified (Jan. 18, 1995) (emphasis added).

**Answer**: Paragraph 107 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 107 contains any factual allegations, Defendants deny those allegations.

108.  The *Dost* factors guide the jurisprudential analysis of whether an image is sexually explicit or deemed an exhibition of a child's genitals, pubic, or rectal area. These factors include:

1.  whether the focal point is on the child's genitalia or pubic area;
2.  whether the setting is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
3.  whether the child is in an unnatural pose, or in inappropriate attire, considering the age of the child;
4.  whether the child is fully or partially clothed, or nude;
5.  whether the child's conduct suggests sexual coyness or a willingness to engage in sexual activity;
6.  whether the conduct is intended or designed to elicit a sexual response in the viewer.

*United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987).

**Answer**: Paragraph 108 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

109.  Nevertheless, "[any] visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area.'" *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand,* 812

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

27

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

F.2d 1239 (9th Cir. 1987).  After taking into account the age of the minor depicted, an analysis of the overall content of the visual depiction is necessary to determine whether the image constitutes child pornography.  *Id.*

**Answer**:  Paragraph 109 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

110.  The sixth *Dost* factor is "whether the visual depiction is intended or designed to elicit a sexual response in the viewer."  *Dost*, 636 F. Supp. at 832.  This factor is particularly important in this case since "the ... conduct at issue relates to ... the production of the exploitative images ...."  *United States v. Overton*, 573 F.3d 679, 688-89 (9th Cir. 2009).  Here, each of the Defendants' use of Spencer's child pornography image is intrinsically grounded in the image's production.

**Answer**:  Defendants deny the factual allegations in Paragraph 110.  To the extent Paragraph 110 contains legal conclusions, no response is required.

111.  Even partially clad genitals have been found to constitute child pornography.  *See People v. Spurlock*, 8 Cal. 28 Rptr. 3d 372,377 (2003).

**Answer**:  Paragraph 111 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

112.  In *Osborne v. Ohio*, 495 U.S. 103, 104 (1990), the Supreme Court recognized that one of the harms from child pornography is that it "may be used by pedophiles to seduce other children."

**Answer**:  Paragraph 112 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

113.  Child predators use images like the *Nevermind* album cover to groom, sexually abuse, and create child pornography.  Utilizing such images for these purposes is a common grooming practice.

**Answer**:  Defendants deny Paragraph 113.  To the extent Paragraph 113 contains legal conclusions, no response is required.

Footnote 33:  The Attorney General's Commission on Pornography revealed

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

28

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

that "[c]hild pornography is often used as part of a method of seducing child victims. A child who is reluctant to engage in sexual activity with an adult or to pose for sexually explicit photos can sometimes be convinced by viewing other children having 'fun' participating in the activity." Attorney General's Commission on Pornography, Final Report 649 (1986) (footnotes omitted); *see also*, D. Campagna and D. Poffenberger, Sexual Trafficking in Children 118 (1988).

**Answer**:  Footnote 33 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent footnote 33 contains any factual allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations and, thus, deny those allegations.

114.  The *Nevermind* album cover unequivocally constitutes child pornography under *Dost.*

- The focal point of the *Nevermind* album cover is Spencer's genitals and pubic area.  The title of the album is positioned so that the final "A" in Nirvana is pointing directly at Spencer's penis.
- The setting of the image and superimposed photo edits make the album cover sexually suggestive because Spencer is depicted in a manner resembling a sex worker hustling for money.
- Spencer is depicted in an unnatural pose at just four months old, wherein he was gagged and dunked underwater while unable to swim and while not wearing a swimsuit.
- Spencer is fully nude.
- The conduct depicted, particularly the activation of Spencer's gag reflex and the prominence and positioning of his genitals in the image, suggests sexual coyness or a willingness to engage in sexual activity.
- Finally, the creators' conduct as recounted by Robert Fisher and others, and the creator's intent, as evidenced in part by Kurt Cobain's journals and other materials, demonstrate that the image was intended and designed to elicit a sexual response.

**Answer**:  Paragraph 114 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.  To the extent Paragraph 114 contains any factual allegations, Defendants deny those allegations.

115.  Spencer has and will continue to suffer personal injury from the Defendants' possession, transportation, reproduction, advertisement, promotion, presentation, distribution, providing, and obtaining of child pornography depicting him.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

29

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**Answer**: Defendants deny Paragraph 115. To the extent Paragraph 115 contains legal conclusions, no response is required.

116. "It is evident beyond the need for elaboration that [the] interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.'… The legislative judgment, as well as the judgment found in relevant literature, is that the use of children as subjects of pornographic materials is harmful to ... physiological, emotional, and mental health .... That judgment, we think, easily passes muster under the First Amendment." *New York v. Ferber*, 458 U.S. 747, 756-58 (1982) quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596,607 (1982); *see also Prince v. Massachusetts*, 321 U.S. 158, 168 (1944).

**Answer**: Paragraph 116 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

117. The permanent harm Spencer suffers includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with his normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at the trial of this matter.

**Answer**: Defendants deny Paragraph 117. To the extent Paragraph 117 contains legal conclusions, no response is required.

118. Where the image is actively traded into the child's adult life, this harm— and any remedial cause of action under 18 U.S.C. 2255—continues after the minor becomes an adult.

**Answer**: Paragraph 118 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided. To the extent Paragraph 118 contains any factual allegations, Defendants deny those allegations.

Footnote 34: Masha's law permits adults who were victims of sexual exploitation as children to sue both those who initially committed the exploitation and

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605                    30                    Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

those who later perpetuated that exploitation by distributing and possessing images of their childhood sexual abuse. *Amy v. Curtis*, No. 19CV02184PJHRMI, 2020 WL 5365979, at *2 (N.D. Cal. Sept. 8, 2020) citing *NS. v. Rockett*, 2018 WL 6920125 at *4, 2018 U.S. Dist. LEXIS 223678 at *10 (D. Or. Oct. 19, 2018) (citing James R. Marsh, Masha's Law: A Federal Civil Remedy for Child Pornography Victims, 61 Syracuse L. Rev. 459, 460,472 (2011)).

**Answer**: Footnote 34 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

## CLAIM FOR RELIEF

## 18 U.S.C. § 2255

119.   Plaintiff repeats and re-alleges all prior and subsequent paragraphs as fully incorporated herein.

**Answer**: Defendants incorporate by reference their responses to the allegations of the Complaint, including as set forth in Paragraphs 1 through 119.

120.   18 U.S.C. 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. 2252A(a)(5)(B), 2252A(a)(l), 2252A(a)(2)(A), 2252A(a)(2)(B), 2252A(a)(3)(A), or 2252A(a)(3)(b), and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000 per victim, and reasonable attorney's fees.

**Answer**: Paragraph 120 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.

121.   During the ten years preceding this action and since, the image of Spencer on the *Nevermind* album cover has been extensively exploited by the Defendants who have knowingly possessed, transported, reproduced, advertised, promoted, presented, distributed, provided, and obtained commercial child pornography depicting Spencer.

**Answer**:   Defendants deny Paragraph 121.   To the extent Paragraph 121

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

31

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1  contains legal conclusions, no response is required.

2      122.   During the ten years preceding this action and since, each Defendant has

3  violated 18 U.S.C. 2252A(a)(5)(B) by knowingly possessing, or accessing with intent

4  to view, child pornography that has been mailed, or shipped or transported using the

5  means or facility of interstate or foreign commerce or that was produced using

6  materials affecting interstate or foreign commerce by computer or other means.

7      **Answer**:  Defendants deny Paragraph 122.  To the extent Paragraph 122

8  contains legal conclusions, no response is required.

9      123.  During the ten years preceding this action and since, Spencer has

10  suffered personal injury as a result of each Defendant's ongoing violation of 18 U.S.C.

11  2252A(a)(5)(B).

12      **Answer**:  Defendants deny Paragraph 123.  To the extent Paragraph 123

13  contains legal conclusions, no response is required.

14      124.   During the ten years preceding this action and since, each Defendant has

15  violated 18 U.S.C. 2252A(a)(1) by knowingly mailing or transporting or shipping

16  child pornography using means or a facility of interstate or foreign commerce or in or

17  affecting interstate or foreign commerce.

18      **Answer**:  Defendants deny Paragraph 124.  To the extent Paragraph 124

19  contains legal conclusions, no response is required.

20      125.  During the ten years preceding this action and since, Spencer has

21  suffered personal injury as a result of each Defendant's ongoing violation of 18 U.S.C.

22  2252A(a)(l).

23      **Answer**:  Defendants deny Paragraph 125.  To the extent Paragraph 125

24  contains legal conclusions, no response is required.

25      126.  During the ten years preceding this action and since, each Defendant has

26  violated 18 U.S.C. 2252A(a)(2)(A) by knowingly receiving and distributing child

27  pornography using means and facilities of interstate or foreign commerce or that has

28  been mailed or has been shipped or transported in or affecting interstate or foreign

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605          32          Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1 commerce by computer or other means.

2      **Answer**:   Defendants deny Paragraph 126.   To the extent Paragraph 126

3 contains legal conclusions, no response is required.

4      127.   During the ten years preceding this action and since, Spencer has

5 suffered personal injury as a result of each Defendant's ongoing violation of 18 U.S.C.

6 2252A(a)(2)(A).

7      **Answer**:   Defendants deny Paragraph 127.   To the extent Paragraph 127

8 contains legal conclusions, no response is required.

9      128.   During the ten years preceding this action and since, each Defendant has

10 violated 18 U.S.C. 2252A(a)(2)(B) by knowingly receiving or distributing material

11 that contains child pornography using means or a facility of interstate or foreign

12 commerce or that has been mailed or has been shipped or transported in or affecting

13 interstate or foreign commerce by computer or other means.

14      **Answer**:   Defendants deny Paragraph 128.   To the extent Paragraph 128

15 contains legal conclusions, no response is required.

16      129.   During the ten years preceding this action and since, Spencer has

17 suffered personal injury as a result of each Defendant's ongoing violation of 18 U.S.C.

18 2252A(a)(2)(B).

19      **Answer**:   Defendants deny Paragraph 129.   To the extent Paragraph 129

20 contains legal conclusions, no response is required.

21      130.   During the ten years preceding this action and since, each Defendant has

22 violated 18 U.S.C. 2252A(a)(3)(A) by knowingly reproducing child pornography for

23 distribution through the mails and using means or facilities of interstate or foreign

24 commerce or in or affecting interstate or foreign commerce by computer or other

25 means.

26      **Answer**:   Defendants deny Paragraph 130.   To the extent Paragraph 130

27 contains legal conclusions, no response is required.

28 / / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605          33          Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

131.   During the ten years preceding this action and since, Spencer suffered personal injury as a result of each Defendant's ongoing violation of 18 U.S.C. 2252A(a)(3)(A).

**Answer**:   Defendants deny Paragraph 131.   To the extent Paragraph 131 contains legal conclusions, no response is required.

132.   During the ten years preceding this action and since, each Defendant has violated 18 U.S.C. 2252A(a)(3)(B) by knowingly advertising, promoting, presenting, distributing, and soliciting through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by computer or other means, material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains—

(i)   an obscene visual depiction of a minor engaging in sexually explicit conduct;

(ii)   a visual depiction of an actual minor engaging in sexually explicit conduct.

**Answer**:   Paragraph 132 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.   To the extent Paragraph 132 contains any factual allegations, Defendants deny those allegations.

133.   During the ten years preceding this action and since, Spencer has suffered personal injury as a result of each Defendant's ongoing violation of 18 U.S.C. 2252A(a)(3)(B).

**Answer**:   Paragraph 133 consists of legal conclusions as to which no response is required; they are thus considered denied or avoided.   To the extent Paragraph 133 contains any factual allegations, Defendants deny those allegations.

134.   Spencer intends to prove actual damages as a result of each Defendant's conduct during the ten years preceding this action and since.

/ / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

34

Case No. 2:21-cv-06836-FMO-AGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1   **Answer**:  Paragraph 134 consists of legal conclusions as to which no response

2   is required; they are thus considered denied or avoided.  To the extent Paragraph 134

3   contains any factual allegations, Defendants deny those allegations.

4   135.  At a minimum, Spencer seeks statutory damages which include

5   liquidated damages in the amount of $150,000 against each Defendant, as well as the

6   cost of the action, including reasonable attorney's fees and other litigation costs

7   reasonably incurred, prejudgment and post-judgment interest, and such other relief as

8   the Court deems appropriate.

9   **Answer**:  Defendants admit the Complaint seeks to recover statutory damages.

10  The balance of the allegations consist of legal conclusions as to which no response is

11  required; they are thus considered denied or avoided.

12  136.  For the ten years preceding this action and to the present day, each

13  Defendant caused, and continues to cause, Spencer serious injury including, without

14  limitation, physical, psychological, financial, and reputational damages.

15  **Answer**:  Defendants deny Paragraph 136.  To the extent Paragraph 136

16  contains legal conclusions, no response is required.

17  With respect for the Prayer for Relief of the Complaint, Defendants deny

18  Plaintiff is entitled to any of the relief requested.  Specifically, Defendants deny

19  Plaintiff has been, is being, or will be harmed or damaged by Defendants in any way,

20  and thus deny any and all of the allegations in the Prayer for Relief of the Complaint.

21  Defendants hereby demand a jury trial.

22  ## AFFIRMATIVE DEFENSES

23  Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants plead

24  the following separate and additional defenses.  By pleading these defenses,

25  Defendants do not in any way agree or concede that they have the burden of proof or

26  persuasion on any of these issues.  Defendants reserve the right to assert such

27  additional affirmative defenses as discovery indicates are proper.

28  / / /

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State a Claim)

1.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Consent, Waiver, Estoppel, and/or Acquiescence)

2.    The Complaint is barred, in whole or in part, based on principles of consent, waiver, acquiescence, and/or estoppel, including because Plaintiff and/or his legal guardians consented to, authorized, and knowingly permitted the creation and continuous distribution of the image at issue.

### THIRD AFFIRMATIVE DEFENSE

#### (First Amendment)

3.    The Complaint is barred, in whole or in part, by the First Amendment, including because the image at issue is artistic expression and not child pornography.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

4.    The Complaint is barred, in whole or in part, on the basis of laches, including because Plaintiff allowed the continuous distribution of the image at issue without objections for several decades, and until after one of the most important witnesses was dead.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

5.    The Complaint is barred, in whole or in part, by Plaintiff's unclean hands, including his own efforts to publicize, promote, market, sell, and profit from the image at issue.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

6.    The Complaint is barred, in whole or in part, by the statute of limitations, as set forth in Defendants' prior briefing on this issue.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605          36          Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7.     The Complaint is barred, in whole or in part, due to Plaintiff's failure to mitigate his alleged damages, including because the actions of Plaintiff and his own counsel have enlarged, compounded, or aggravated his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

8.     To the extent Plaintiff has received any amount of money or other consideration based on his own promotion, marketing, distribution, or sale of the *Nevermind* album cover, Defendants are entitled to an offset equal to that amount.

## NINTH AFFIRMATIVE DEFENSE

### (Election of Remedies)

9.     The Complaint is barred, in whole or in part, by the doctrine of election of remedies, which prohibits the recovery of inconsistent or duplicative remedies based on the same set of facts.

## TENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Add Additional Defenses)

10.     Defendants reserve the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.     That the Second Amended Complaint be dismissed, with prejudice in its entirety;

2.     That Plaintiff take nothing by this action and the judgment be entered against Plaintiff and in favor of Defendants;

3.     That Defendants be found the prevailing party and awarded any allowable costs, fees, and interest, to the maximum extent permitted by law, by statute, or in equity; and

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603401605

37

Case No. 2:21-cv-06836-FMO-AGR

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1        4.     That Defendants be granted such other and further relief as the Court

2  may deem just and proper.

3

4  DATED:  January 31, 2024        KENDALL BRILL & KELLY LLP

5

6

7                                 By:      /s/ Bert H. Deixler

8                                   Bert H. Deixler

                                    Attorneys for Defendants UMG

9                                 Recordings, Inc., Nirvana, L.L.C.,

                                 Courtney Love (as Executor of Estate of

10                                Kurt Cobain), Krist Novoselic, David

11                                Grohl, and Kirk Weddle

12  DATED:  January 31, 2024        JACKSON WALKER L.L.P.

13

14

15                               By:      /s/ Joshua A. Romero

16                                   Joshua A. Romero

                                   Emilio B. Nicolas

17                                Attorneys for Defendants Kirk Weddle

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT