United States District Court
Central District Of California

Spencer Eldon
Plaintiff

vs

Nirvana LLC, el al.
Defendants

vs

Timothy Fredrickson
Intervenor

FILED
CLERK, U.S. DISTRICT COURT
JUL 23 2024
CENTRAL DISTRICT OF CALIFORNIA
ASH    DEPUTY

No. 21-cv-06836

**Memorandum in Support of Intervention**
Fed.R.Civ.P 24

Now comes the Intervenor-Applicant, Fredrickson, with a memorandum of law in support of intervention as of right, and alternatively for permissive intervenor.

Federal Rule of Civil Procedure 24 states in revelant parts:

**Rule 24 Intervention**
  (a) <u>Intervention of Right.</u> On timely motion, the court **must** permit **anyone** to intervene who:
    (1) [Omitted]; **or**
      (A) Claims an interest relating to the property **or** transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair **or** impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
  (b) <u>Permissive Intervention</u>
    (1) In General. On timely motion, the court may permit anyone to intervene who:
      (A) [Omitted]; **or**
      (B) Has a claim or defense that shares with the main action a common question of law **or** fact.
      •••
    (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will **unduely** delay or prejudice the adjudication of the original party's rights.
  (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim **or** defense for which intervention is sought.

1            Fredrickson is entitled to intervene as of right under subsection (a)

2    In General

3       As a general matter, "courts within the Ninth Circuit 'construe Rule 24(a) liberally in favor of
4 potential invervenors'". Columbia Sportswear N.Am. V Seirus Innovative Accessories, No. 20-00709,
5 Lexis 90875 (S.D.Cali May-12-2021). "A liberal policy in favor of intervention serves both efficient
6 resolution of issues and broadened access to the courts". US v City of LAS, 288 F.3d 391 @397-98 (CA9
7 2002). One of its goals is to "avoid multiplicity of suits and settle all related contoversies in one action".
8 Kozak v Wells, 278 F.2d 104 @112 (CA8 1960).

9    The motion to intervene is timely

10      In determining the timeliness, a court looks to three factors: (1) the stage of the proceeding,
11 (2) the prejudice to the other parties, and (3) the reason for and the length of delay. See US v Oregon, 745
12 F.2d 550 @552 (CA9 1984) (so stating). Because this civil action has recently been reopened and a trial
13 date has not yet been set, it cannot be reasonably disputed that this intervention is anything but timely. See
14 also Newdow v Congress, No. 5-02339, Lexis 1875 (E.D.Cali Jan-6-2006) (intervenor as defendant filed
15 before defendants filed answer to complaint); Balanced Use v Wilderness Ass'n, 647 F.3d 893 @897
16 (CA9 2011) ("less than three months after the complaint ••• motion to intervene was made at an early
17 stage of the proceedings"); Smith v L.A. Unified Sch. Dist., 830 F.3d 843 @1075 (CA9 2016)(timely
18 twenty *years* after case opening).

19 **Fredrickson claims both a property interest and other interests relating to the property that**
20 **is the subject of this action**

21       First and foremost, Fredrickson owns a copy of the disputed album with its cover image intact, and
22 may be required by law to destroy it depending on the outcome of this case. "'Interests in property are the
23 most elementary type of right that Rule 24(a) is designed to protect'". Caballero v Columbia, No. 20-
24 80146, (N.D.Cali Apr-12-2021) quoting Diaz v S. Drilling Corp., 427 F.2d 1118 @1124 (CA5 1970).

1  Second, Fredrickson also has "an interest *relating* to" the property (i.e. the album) in a more general

2  sense. This is because formal recognition of the album cover as child pornography implicates several

3  "interest[s] relating to the property [] that is the subject of the action", most notably an interst in

4  preventing future criminal prosecution for continued possession of this album, or for streaming its songs

5  on YouTube which, because it displays the "cover art", would satisfy a criminal prosecution for reciept.

6  "Whether an applicant for intervention as of right demonstrates sufficient interests in an action is a

7  'practical, threshold inquiry', and 'no specific legal or equitable interest need be established'". NW Forrest

8  Res. Council v Glickman, 82 F.3d 825 @837 (CA9 1996). "[I]t is generally enough that the interest is

9  protectable under some law, and that there is a relationship between the legally protected interest and the

10 claims at issue". Wilderness Soc'y v US Forrest Serv., 630 F.3d 1173 @1179 (CA9 2010). See also US v

11 Sprint Comm's, 855 F.3d 985 @991 (CA9 2016) (same). The interest test "'is primarily a practical guide

12 to disposing of lawsuits by involving as many apparently concerned persons as is compatible with

13 efficiency and due process'". US v City of L.A., 288 F.3d 391 @398 (CA9 2002).

14 **This action is so situated that the outcome may as a practical matter impair *or* impede**
15 **Fredrickson's ability to protect his various interests**

16 Having now demonstrated that Fredrickson has at least one interest, the court should have "little

17 difficulty concluding that disposition of the case may, as a practical matter, affect it". Balance Use @899.

18 First Fredrickson could, as a practical matter, be compelled to destroy his purchased album or face

19 criminal charges. Second, as in obscenity cases, formal recognition of this image as unprotected will have

20 far-reaching effects, including *stare decisis* and the fact that police and prosecutors will be far less likely

21 to excersize discretion in the form of restraint. In fact, publicaly listening to a song from the album would

22 provide sufficient probable cause to issue search warrants for the possession of this image, as it would be

23 "more likely than not" that the listener possesses the album cover --the image in controversy here.

## The Named defendants may not adequately represent the property rights of end-users

Having demonstrated both timeliness and an interest that may be effected; The final requirement, that this case "may as a practical matter impair or impede" Fredrickson's ability to protect his interests, is a very low bar that "is satisfied if the applicant shows that representation of his interest '**may** be' inadequate; and the burden of making that showing should be treated as minimal". Trbovich v United Mine Workers, 404 us 528 @ftn10 (1972). See also Kozak @110. ("We *emphasize* here that a positive showing that such representation is inadequate is not neccessary. The rule requires that it '*may* be inadequate'").

The situation where an intervenor-applicant has a defense not available to the named defendant easily qualifies. See eg Swoboda v Manders, 665 Fed.Appx 312 @315 (CA9 2016). Fredrickson's status as an end-user enables several defenses not avalible to the named defendants, most of which are corporations and the deceased.

In the alternative, the mere threat that the named defendants may settle out of court *alone* would easily satisfy the "might be inadequate" threshold. In fact, the interests of all end-users such as Fredrickson would not be protected *at all* with such a possibility of settlement looming over the action. This would leave the many millions of Nirvana fans who have purchased the Nevermind album or its individual tracks (or streamed the same), such as Fredrickson, unprotected and at the mercy of local and federal officials. Ignorance of the law is not a defense, nor is it a defense that the picture of Spencer Eldon *that the defendant(s) have created and distributed* came with the purchase of music from iTunes or the local Walmart. The criminal federal statute(s) that form the predicate for §2255 actions such as that here, do not make any exceptions. The most leinent criminal predicate carries a mandatory minimum of 5 years incarceration with sex offender registration. Whether a question of statutory fit under the root definitional statute [§2256]; or a Constitutional question of the definition statute's overbreadth; or a "child porn" determination under The Constitution which requires the *Bose* balancing test --the determination is bi-directional for both civil and criminal statute alike, which are linked explicity and by common core.

4

/s/ Tim F

