# EXHIBIT E



writer's direct:
310.272.7910 telephone
bdeixler@kbkfirm.com

August 26, 2024

**VIA EMAIL**

Margaret Mabie
Marsh Law
31 Hudson Yards, 11th Floor
New York, NY 10001-2170
margaretmabie@marsh.law

Re:     *Spencer Elden v. Nirvana LLC et al. - Discovery*

Counsel:

I write on behalf of Defendants to address your misuse of the discovery process by improperly proffering the additional expert testimony of Dr. Sharon W. Cooper and Vanessa Baehr-Jones well-past the initial disclosure deadline of July 23, 2024, and disguised as "rebuttal testimony."  Please be advised that Defendants plan to move *ex parte* to exclude Plaintiff's improper "rebuttal" witnesses given the upcoming motion deadlines and that we will move for sanctions if you fail to withdraw these reports which are clearly barred by the applicable case law.

There is no conceivable connection between the so-called "rebuttal" testimony that Plaintiff has proffered and the testimony of Defendants' expert, Donna Stein—an art historian who conducted a survey of child genitalia in art throughout history and opined about how the *Nevermind* album cover fits within that history.  Ms. Stein did not purport to offer any medical expertise, nor did she opine about the legal definition of child pornography.  Nevertheless, Plaintiff has brazenly offered two improper opinions that have no relation to Ms. Stein's report: (1) a new report by Dr. Cooper that purports to opine about what constitutes child sexual imagery—and the harmful effects of such imagery—based solely on medical literature, and (2) an additional report by Ms. Baehr-Jones that has nothing to do with art history and simply offers improper legal conclusion about the *Dost* factors—an analysis that Ms. Baehr-Jones could have (but failed to) include in her opening report.

Instead of proper rebuttals, Dr. Cooper and Ms. Baehr-Jones's reports are an attempt by Plaintiff to smuggle new evidence into the case dressed up as rebuttal testimony after failing to disclose these affirmative witnesses by the July 23, 2024 initial disclosure deadline.  But "[t]he rebuttal date is not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."  *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) (internal citations omitted); *Rodriguez v. Walt Disney Parks & Resorts U.S., Inc.*, 2018 WL 3532906, at *3 (C.D. Cal. July 2, 2018) (rebuttal expert's attempt to add non-rebuttal testimony should be excluded).  Rebuttal evidence "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under

Kendall Brill & Kelly LLP

10100 Santa Monica Blvd.   Suite 1725   Los Angeles, CA 90067   310.556.2700 telephone   310.556.2705 facsimile   www.kbkfirm.com

Kendall Brill & Kelly LLP

Margaret Mabie
August 26, 2024
Page 2

paragraph (2)(B)." *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008) (citing Fed.R.Civ.P. 26(a)(2)(C)). Neither of Plaintiff's two new reports engage with any portion of Ms. Stein's testimony or touch on art history at all. Nor can they, considering the "experts" in question are a medical professional and a former prosecutor. Neither of them have no expertise in art history.

Additionally, courts have uniformly and repeatedly held that "rebuttal experts are not rebuttal experts if the testimony they give does not address or rebut previously disclosed expert testimony." *Mainochi v. Union Pacific Corp.*, 2007 WL 2022027 at *1 (N.D.Cal.2007) (holding that a witness was not a rebuttal expert where the expert he purportedly rebutted did not give an opinion regarding reasonableness of fees); *Houle v. Jubilee Fisherees, Inc.*, 2006 WL 27204 at *2 (W.D.Wash.2006) (same). The two new reports are plainly improper under this standard because, on their face, they do not engage with any portion of Ms. Stein's analysis or methodology. Instead, they offer only new testimony that goes to Plaintiff's case-in-chief.

Having violated Rule 26's expert disclosure requirement, Plaintiff "is not allowed to use [these witnesses] to supply evidence *on a motion, at a hearing*, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (exclusion of witness is a proper remedy for failure to timely disclose). Here, Plaintiff's failure to disclose is not substantially justified because there has been no intervening change or new set of facts to warrant Plaintiff's late disclosure of witnesses that do not even purport to rebut that of Defendants' witness. Nor is Plaintiff's error harmless. If these witnesses remain in the case, Defendants would be forced to expend time and expenses conducting discovery and engaging in motion practice to exclude testimony that—even on its face—does not attempt to masquerade as proper rebuttal testimony. The testimony is so plainly improper and the misuse of the discovery process is so egregious here that should Plaintiff fail to withdraw these reports without the Court's intervention, you will be liable for the costs and fees Defendants incur to exclude the reports.

*** 

There are myriad other issues with Plaintiff's late-disclosed witnesses, and this letter does not constitute a waiver of any merits arguments against the testimony of these witnesses. Rather, this letter addresses only the clear failure to disclose these witnesses as part of Plaintiff's initial disclosures. If you do not respond to withdraw these reports by Thursday, August 29, Defendants will consider their meet and confer obligations satisfied and will promptly move the Court for relief.

Sincerely,

*[signature]*

Bert H. Deixler