# EXHIBIT F



**MARSH**
law firm pllc

31 Hudson Yards, 11th Floor
New York, New York 10001-2170
212–372–3030 ● margaretmabie@marsh.law

August 29, 2024

<u>Sent via E-Mail</u>
Bert H. Deixler, Esq.
Kendall Brill & Kelly
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
bdeixler@kbkfirm.com

RE:   *Spencer Elden v. Nirvana LLC, et al.* – Expert Discovery

Counsel:

This is in response to your letter dated August 26, 2024, which you unilaterally declare fulfills any meet and confer obligations. Plaintiff hereby requests that the parties meet and confer telephonically or in person concerning expert discovery and the concerns raised in your letter.

Plaintiff will not withdraw the rebuttal expert witness reports of Dr. Sharon Cooper and Ms. Vanessa Baehr Jones. Plaintiff also strenuously objects to any attempt by Defendants to move for relief *ex parte*. There is absolutely no basis for seeking such extraordinary *ex parte* relief and we oppose such an application. Any such application is an improper attempt to exclude Plaintiff's rebuttal witnesses' reports or testimony. Plaintiffs properly and timely disclosed their rebuttal witness reports and Defendants face no harm or prejudice. Indeed, Defendants have ample time to depose Ms. Jones and Dr. Cooper before the close of expert discovery and engage in motion practice after the parties have fully considered and memorialized their testimony.

Federal Rule of Civil Procedure 26(a)(2)(C)(ii) defines rebuttal evidence as "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party." *MMI Realty Servs., Inc. v. Westchester Surplus Lines Ins. Co.*, 2009 WL 649894, at *2 (D. Haw. March 10, 2009); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 749 (8th Cir. 2006) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party."). Courts have consistently held that "challenging the assumptions of an expert witness' report is a permissible topic of rebuttal testimony." *Pinterest, Inc. v. Pintrips, Inc.*, No. 13-CV-04608-HSG, 2015 WL 2268498, at *1 (N.D. Cal. May 14, 2015); *see Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2019 WL 2603285, at *3 (N.D. Cal. June 25, 2019) (same). "'Questioning methodology and opining on methods and facts [the initial] experts did not consider are precisely the type of rebuttal testimony [that] court[s] would expect.'" *Sinclair Wyo. Ref. Co. v. Infrassure Ltd.*, No. 15-CV-194-F, 2017 WL 11094221, at *3 (D. Wyo. May 19, 2017) (quoting *Laflamme v.*

*Safeway, Inc.*, No. 3:09-CV-00514, 2010 WL 3522378, at *3 (D. Nev. Sept. 2, 2010)); *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 CV 1851(NGG), 2008 WL 4911440, at *2 (E.D.N.Y. Nov. 13, 2008) (the expert offered "archetypal rebuttal testimony [because he] identifie[d] a flawed premise in an expert report that casts doubt on both that report's conclusions and its author's expertise"); *Armstrong v. I-Behavior Inc.*, No. 11-CV-03340-WJM-BNB, 2013 WL 2419794, at *4 (D. Colo. June 3, 2013) ("[T]he Court does not cabin the meaning of the 'same subject matter' to mean that a rebuttal witness must meet an affirmative expert report with the same methodology.").

Ms. Stein's report concludes that the album cover is not child pornography. It also postulates about what does not constitute child pornography without adducing what does. Most importantly, Ms. Stein's report quotes the *Dost* case verbatim several times. By way of example, Stein's report uses the terminology "sexual coyness or intent to engage in sexual acts" which is an exact quote from *Dost* factor 5. She also uses the words "elicit a sexual response from the viewer" in the same report which is another exact quote from *Dost* factor 6. Stein even goes on to state that the "pose is naturalistic" referring to factor 3, and that "a pool or body of water is not a sexual setting" as in factor 2. Indeed, Stein's report is riddled with explicit references to the *Dost* case.

Defendants' proposed motion is not only improper given the applicable case law, it is also premature. Whether Dr. Cooper's or Ms. Baehr Jones' testimony constitutes proper rebuttal of Ms. Stein's testimony depends on their respective testimony at their depositions. "Until that testimony is given, the Court cannot determine whether the [...] testimony is proper rebuttal." *Smilovits v. First Solar, Inc.,* No. CV12-00555-PHX-DGC, 2019 WL 6875492, at *13 (D. Ariz. Dec. 17, 2019). Plaintiffs' counsel has made Ms. Jones and Dr. Cooper available to be deposed by the Defendants well within the current expert witness deadline. Defendants are free to adduce whatever evidence they need to challenge Ms. Jones' or Dr. Cooper's credentials, the sum and substance of their reports, and the propriety of their positions as rebuttal experts, without any semblance of surprise or delay.

Rebuttal expert reports "necessitate 'a showing of facts supporting the opposite conclusion' of those at which the opposing party's experts arrived in their responsive reports." *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.,* 2010 WL 389444 (N.D. Ill. Sep. 30, 2010) (quoting *ABB Air Preheater, Inc. v. Regenerative Environmental Equip., Inc.,* 167 F.R.D. 668, 669 (D.N.J. 1996). Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report. *Lindner v. Meadow Gold Dairies, Inc.,* 249 F.R.D. 625, 636 (D. Haw. 2008).

Neither Dr. Cooper's nor Ms. Baehr Jones' professional credentials alone are an adequate basis to exclude their reports and testimony. Ms. Stein, an art historian, was called to offer expert opinion that the Plaintiff's image on the Nirvana *Nevermind* album is not "child pornography" but instead a work of "art." The Defendants have also asserted as an affirmative defense that the image is protected by the First Amendment. Both Dr. Cooper and Ms. Baehr Jones properly rebut that supposition by challenging Ms. Stein's assumptions, methods, conclusions, and more with expert opinion that the image is not "art" but "child pornography." *See Smilovits v. First Solar, Inc.,* No. CV12-00555-PHX-DGC, 2019 WL 6875492, at *14 (D. Ariz. Dec. 17, 2019). Despite Defendants' mistaken arguments in their August 26 letter, "[t]here is no requirement that a rebuttal witness's area of expertise match the area of expertise of the opposing party's initial expert." *Northrup v. Werner Enter.,*

*Inc.*, No. 8:14-CV-1627-T-27JSS, 2015 WL 4756947, at *3 (M.D. Fla. Aug. 11, 2015). For example, "nothing in the Rules or case law prohibits" a party from "strategically decid[ing] to rebut economic and accounting expert testimony with practical expertise in engineering." *TC Sys. Inc. v. Town of Colonie, N.Y.*, 213 F. Supp. 2d 171, 178 (N.D.N.Y. 2002).

In conclusion, Plaintiff's rebuttal experts are not improper, and any untimely disclosure was substantially justified or harmless, especially since the Defendants have ample opportunity to depose Ms. Baehr Jones as well as Dr. Cooper and to then challenge the foundation of any rebuttal report and testimony by motion or otherwise.

Very truly yours,

Margaret E. Mabie

Margaret E. Mabie, Esq.