KENDALL BRILL & KELLY LLP
Bert H. Deixler (State Bar No. 70614)
  *bdeixler@kbkfirm.com*
Jeffrey M. Chemerinsky (State Bar No. 270756)
  *jchemerinsky@kbkfirm.com*
David T. Freenock (State Bar No. 332239)
  *dfreenock@kbkfirm.com*
Tiana Baheri (State Bar No. 330835)
  *tbaheri@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Defendants UMG
Recordings, Inc., Nirvana, L.L.C.,
Courtney Love (as Executor of Estate of
Kurt Cobain), Krist Novoselic, David
Grohl, and Kirk Weddle

JACKSON WALKER L.L.P.
Joshua A. Romero (admitted *pro hac vice*)
  *jromero@jw.com*
Emilio B. Nicolas (admitted *pro hac vice*)
  *enicolas@jw.com*
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: 512.236.2000
Facsimile:  512.236.2002

Attorneys for Defendant Kirk Weddle
*Additional Counsel Listed On Next Page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER ELDEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>NIRVANA, L.L.C., *et al.*,<br><br>                    Defendants. | Case No. 2:21-cv-06836-FMO-AGR<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:  Hon. Fernando M. Olguin<br>Date:    December 5, 2024<br>Time:   10:00 a.m.<br>Crtrm:  6D |

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  MARSH LAW FIRM PLLC
2  James R. Marsh
   *jamesmarsh@marsh.law*
3  Robert Y. Lewis
4  *robertlewis@marsh.law*
   Margaret Mabie
5  *margaretmabie@marsh.law*
6  31 Hudson Yards, 11th Floor
   New York, NY 10001
7  Telephone: (212) 372-3030
8  Attorneys for Plaintiff Elden Spencer
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 5, 2024 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Fernando M. Olguin, located in the United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, California 90012, Defendants UMG Recordings, Inc., Universal Music Group, Inc., Nirvana, L.L.C., Courtney Love (as Executor of the Estate of Kurt Cobain), Krist Novoselic, David Grohl, and Kirk Weddle (collectively, "Defendants") will move the Court for summary judgment.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities; the accompanying Declaration of Tiana S. Baheri, Declaration of Susan Hilderley, Declaration of John Silva, and Request for Judicial Notice; all of the pleadings, files, and records in this proceeding; all other matters of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  October 22, 2024        KENDALL BRILL & KELLY LLP

By:      /s/ Jeffrey M. Chemerinsky
_____
Jeffrey M. Chemerinsky
Attorneys for Defendants UMG
Recordings, Inc., Nirvana, L.L.C.,
Courtney Love (as Executor of Estate of
Kurt Cobain), Krist Novoselic, David
Grohl, and Kirk Weddle

-and-

DATED: October 22, 2024        JACKSON WALKER L.L.P.

By:      /s/ Joshua A. Romero
_____
Joshua A. Romero (admitted *pro hac vice*)
Attorneys for Defendant Kirk Weddle

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                    1

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

**Page**

I.    PARTIES' INTRODUCTION .................................................................. 1

    A.    Defendants' Introduction ........................................................ 1

    B.    Plaintiff's Introduction .......................................................... 2

II.   PARTIES' STATEMENT OF FACTS .................................................. 3

    A.    Defendants' Undisputed Facts ............................................... 3

        1.    The Creation of the Album Cover ................................. 3

        2.    The Album Becomes A Success ..................................... 4

        3.    The Eldens Promote and Publicize Plaintiff's Role in the Album Cover ......................................................... 5

    B.    Plaintiff's Statement of Genuine Disputes of Material Facts ................ 6

III.  ARGUMENT 1: SUMMARY JUDGMENT ON THE PLAINTIFF'S CHILD PORNOGRAPHY CLAIM .............................................. 7

    A.    Defendants' Argument: Defendants Are Entitled to Summary Judgment Because the Album Cover Is Not Child Pornography as a Matter of Law ............................ 7

        1.    Plaintiff Is Nude on the Album Cover ........................ 9

        2.    The Album Cover Setting Is Not Sexually Suggestive ................ 9

        3.    The Album Cover Does Not Depict an Unnatural Pose ............ 10

        4.    The Focal Point of the Album Cover Is Not the Genitals ......... 12

        5.    The Album Cover Does Not Depict a Willingness to Engage in Sexual Activity or Sexual Coyness ........................... 14

        6.    There Was No Sexual Motive or Intent to Elicit Sexual Response ........................................................ 15

    B.    Plaintiff's Response ............................................................. 18

        1.    Defendants' Version of Undisputed Facts do not Sufficiently Support an Order Granting Summary Judgment ................. 18

        2.    Defendants Fail to Meet Their Burden in Showing a Lack of Evidence in Support of Plaintiff's Claims ................. 19

        3.    Plaintiff Sufficiently Met His Burden in Showing That Summary Judgment is Improper ............................... 20

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

i

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

4.  Plaintiff Provided Sufficient Evidence to Establish that the Album Cover Meets Each Element of His Masha's Law Claims .......................................................................... 21

5.  Plaintiff Provided Sufficient Evidence to Establish a Genuine Issue of Material Fact ...................................... 24

6.  Plaintiff Provided Sufficient Evidence to Overcome Implausibility ................................................................. 24

7.  Whether the Album Cover Constitutes Child Pornography is a Genuine Dispute of Material Fact ........................... 25

IV.  ARGUMENT 2: SUMMARY JUDGMENT BASED ON THE FIRST AMENDMENT ....................................................................... 32

A.  Defendants' Argument:  Defendants Are Entitled to Summary Judgment Because Liability Would Violate the First Amendment ...... 32

B.  Plaintiff's Response .............................................................. 34

1.  Defendants Fail to Provide Adequate Notice to the Government of First Amendment Claims .................................. 34

2.  Defendants Fail to Meet Their Burden in Showing Evidence Sufficient for a Directed Verdict on First Amendment Claims ............................................................ 34

3.  Child Pornography is not Protected by the First Amendment and Plaintiff's Claims are Constitutionally Sound ......................................................................... 36

V.  CONCLUSION ...................................................................... 39

A.  Defendants' Conclusion ........................................................ 39

B.  Plaintiff's Conclusion ........................................................... 39

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

ii

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Thomas v. Bible*,
   983 F.2d 152 (9th Cir.) ........................................................................ 34

*United States v. Adamson*,
   411 F. App'x 17 (9th Cir. 2010) ......................................................... 25

*United States v. Alexander*,
   106 F. 3d 874 (9th Cir. 1997) ............................................................. 34

*United States v. Amirault*,
   173 F.3d 28 (1st Cir. 1999) ......................................................... 11, 14

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...................................................................... 9, 20

*United States v. Arvin*,
   900 F.2d 1385 (9th Cir. 1990) ........................................................... 30

*Ashcroft v. Free Speech Coalition*,
   535 U.S. 234 (2002) .......................................................... 33, 34, 36

*United States v. Boam*,
   69 F.4th 601 (9th Cir. 2023) ................................................... 7, 15, 32

*United States v. Boudreau*,
   250 F.3d 279 (5th Cir. 2001) ............................................................... 9

*Brit. Motor Car Distributors, Ltd. v. San Francisco Auto. Indus.*
   *Welfare Fund*,
   882 F.2d 371 (9th Cir. 1989) ............................................................. 20

*United States v. Brown*,
   579 F.3d 672 (6th Cir. 2009) ................................................... 10, 13, 15

*California Arch. Bldg. Prod. v. Franciscan Ceramics, Inc.*,
   818 F.2d 1466 (9th Cir.1987) ............................................................. 21

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ................................................................................ 19

*Cisneros v. Aragon,*
  485 F.3d 1226 (10th Cir. 2007) .............................................................. 23

*Clicks Billiards, Inc. v. Sixshooters, Inc.,*
  251 F.3d 1252 (9th Cir. 2001) ................................................................ 24

*Crowell v. Benson,*
  285 U.S. 22 (1932) .................................................................................. 34

*Doe v. Boland,*
  698 F.3d 877 (6th Cir. 2012) .................................................................. 21

*Doe v. Bruno,*
  2017 WL 1424298 (D. Conn. Apr. 20, 2017) ........................................ 21

*Doe v. Chamberlin,*
  299 F.3d 192 (3d Cir. 2002) ................................................................... 10

*Doe v. Hesketh,*
  828 F.3d 159 (3rd Cir., 2016) ................................................................ 24

*Doe v. Liberatore,*
  478 F. Supp. 2d 742 (M.D. Pa. 2007) .................................................... 23

*Doe v. Schneider,*
  667 F. Supp. 2d 524 (E.D. Pa. 2009) ..................................................... 23

*United States v. Donoho,*
  76 F.4th 588 (7th Cir. 2023) .................................................................. 13

*United States v. Dost,*
  636 F. Supp. 828 (S.D. Cal. 1986) ..................................................*passim*

*Eastman Kodak Co. v. Image Technical Serv., Inc.,*
  504 U.S. 451, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992) ....................... 19

*Fazio v. City & County of San Francisco,*
  125 F.3d 1328 (9th Cir. 1997) ................................................................ 25

*New York v. Ferber,*
  102 S. Ct. 3348 (1982) ........................................................................... 38

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

*New York v. Ferber*,
    458 U.S. 747 (1982) ................................................................*passim*

*Friedman v. Live Nation Merch., Inc.*,
    833 F .3d 1180, 1188 (9th Cir. 2016)....................................................24

*Hamilton v. Keystone Tankship Corp.*,
    539 F.2d 684 (9th Cir. 1976) .............................................................18

*United States v. Henry*,
    2018 WL 3436826 (E.D. Cal. July 13, 2018)........................................10

*United States v. Hill*,
    459 F.3d 966 (9th Cir. 2006) ...........................................................7, 9

*United States v. Holmes*,
    814 F.3d 1246 (11th Cir. 2016) .........................................................30

*United States v. Horn*,
    187 F.3d 781 (8th Cir. 1999) .............................................................12

*Ingram v. Martin Marietta Long Term Disability Income Plan for
    Salaried Employees of Transferred GE Operations*,
    244 F.3d 1109 (9th Cir. 2001) ...........................................................20

*Int'l Shortstop, Inc. v. Rally's, Inc.*,
    939 F.2d 1257 (5th Cir. 1991) ...........................................................35

*Island Equipment Land Co. v. Guam Eco. Dev. Auth.*,
    474 F.2d 753 (9th Cir. 1973) .............................................................18

*Keenan v. Allen*,
    91 F.3d 1275 (9th Cir. 1996) .............................................................20

*United States v. Knox*,
    32 F.3d 733 (3d Cir. 1994) .................................................................8

*People v. Kongs*,
    30 Cal. App. 4th 1741, 37 Cal. Rptr. 2d 327 (1994) .........................39

*United States v. Larkin*,
    629 F.3d 177 (3d Cir. 2010) ................................................10, 11, 16

*United States v. McCall*,
    833 F.3d 560 (5th Cir. 2016) .......................................................29, 31

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

*Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*,
 30 F. Supp. 2d 1182 (D. Ariz. 1998) .................................................................. 19

*Miller v. California*,
 14 U.S. 15 (1973) ................................................................................................ 26

*Osborne v. Ohio*,
 495 U.S. 103 (1990) ............................................................................................ 31

*United States v. Overton*,
 573 F.3d 679 (9th Cir. 2009) .......................................................................*passim*

*Paroline v. United States*,
 572 U.S. 434 (2014) ............................................................................................ 21

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
 213 F. Supp. 2d 1146 (C.D. Cal. 2002) .............................................................. 22

*United States v. Perkins*,
 850 F.3d 1109 (9th Cir. 2017) ......................................................................*passim*

*Prewett v. Weems*,
 749 F.3d 454 (6th Cir. 2014) .............................................................................. 23

*Prince v. Massachusetts*,
 64 S.Ct. 438 (1944) ............................................................................................. 38

*Sartor v. Arkansas Gas Corp.*,
 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944) .............................................. 35

*United States v. Schuster*,
 706 F.3d 800 (7th Cir. 2013) ......................................................................... 13, 15

*Smith v. Husband*,
 376 F. Supp. 2d 603 (E.D. Va. 2005) ................................................................. 23

*United States v. Spoor*,
 904 F.3d 141 (2d Cir. 2018) ............................................................................... 30

*United States v. Steen*,
 634 F.3d 822 (5th Cir. 2011) ............................................................................ 9, 31

*United States v. Stewart*,
 729 F.3d 517 (6th Cir. 2013) ......................................................................... 12, 14

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

vi

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

*Summers v. A. Teichert & Son, Inc.*,
    127 F.3d 1150 (9th Cir. 1997)..................................................................24

*United States v. Tank*,
    200 F.3d 627 (9th Cir. 2000)..................................................................22

*United States v. Torres*,
    894 F.3d 305 (D.C. Cir. 2018)...........................................................12, 14

*Transamerica Premier Life Ins. Co. v. Guy*,
    2021 WL 2647021 (E.D. La. Jun. 28, 2021).........................................35

*United States v. Villard*,
    885 F.2d 117 (3d Cir. 1989).........................................................9, 11, 13

*United States v. Wallenfang*,
    568 F.3d 649 (8th Cir. 2009).............................................................11, 16

*United States v. Wells*,
    843 F.3d 1251 (10th Cir. 2016).........................................................29, 31

*United States v. Wiegand*,
    812 F.2d 1239 (9th Cir. 1987)..........................................................*passim*

*Wilkerson v. McCarthy*,
    336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497 (1949)..................................35

*United States v. Wolf*,
    890 F.2d 241 (10th Cir. 1989)................................................................11

**Statutes**

18 U.S.C. § 2251...............................................................7, 32, 33, 34

18 U.S.C. § 2252.............................................................................21

18 U.S.C. § 2255...................................................................21, 23, 39

18 U.S.C. § 2256.......................................................................*passim*

Pen. Code § 311.4...........................................................................38

**Rules**

Civ. Local R. 3-8(a).........................................................................34

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Fed. R. Civ. P. 5-1 ................................................................................................ 34

Fed. R. Civ. P. 56 ............................................................................................ 9, 19

**Other Authorities**

130 Cong. Rec. S3510 (daily ed. March 30, 1984) ............................................. 26

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# I.    PARTIES' INTRODUCTION

## A.    Defendants' Introduction

The Court should grant summary judgment and dismiss this case.  Plaintiff Spencer Elden's ("Plaintiff") claim that the photograph on the cover of Nirvana's *Nevermind* album is child pornography is meritless.  The *Nevermind* album cover art (the "Album Cover"), released in 1991, is one of the most iconic photographs of all time.[1]  To this day, the album is sold by the biggest commercial retailers throughout the country and the world.  The album is owned by tens of millions of fans.  Millions of people, including Plaintiff and Plaintiff's parents, also have memorabilia, such as t-shirts, posters, clocks and other items featuring the Album Cover.  A finding that this cover art is child pornography would lead to a dangerous result.

Nudity, including child nudity, is a common feature of art throughout human history.  There is nothing pornographic or sexual about the Album Cover, which depicts Plaintiff, then a four-month-old baby, floating in a swimming pool, reaching for a dollar bill dangling from a fishhook in the foreground.  The image was taken in a public pool with the full participation of the baby's parents, who not only brought him to the photoshoot in the pool, but were in the water with him, assisting the photographer, their close friend.  Each of these participants disavowed any sexual purpose or intent.

Plaintiff's personal history also is contrary to any claim he is the victim of child pornography and demonstrates that this case is only a money grab.  Now thirty-three years old, Plaintiff spent most of his life profiting from his celebrity as the self-anointed "Nirvana baby."  Plaintiff has been paid for reenacting the photograph—albeit with a bathing suit—and signing posters at conventions.  He has even tattooed

---

[1]  The Album Cover is attached and incorporated in Defendants' Statement of Uncontroverted Facts ("SUF") and is appropriate material for judicial notice.  SUF ¶ 5; Request for Judicial Notice at 1.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

his chest with the word "Nevermind." Following his father's lead, he has spent his lifetime introducing himself in the media and in his personal life as the "Nirvana baby." After thirty-three years, Plaintiff claims that he has awakened from "denial."

Plaintiff's claim runs into insurmountable legal obstacles. First, the Album Cover does not come close to meeting the legal standard used by the Ninth Circuit in analyzing whether an image is child pornography. Although Plaintiff is nude, each of the other relevant factors clearly compels a finding that this image is not pornographic. The photo was taken at a public pool during the daytime, the focal point is not the child's genitals, and there is no evidence that any individual involved in the photoshoot (including Plaintiff's parents and the photographer) had any sexual purpose or intent. These are factors the Court must weigh, and they compel a grant of summary judgment. Second, were the child pornography laws interpreted to criminalize the Album Cover, which has recognized artistic value, the laws would violate the First Amendment.

For these reasons and those below, the Court should grant summary judgment and dismiss this case.

## B.    Plaintiff's Introduction

Spencer Elden, through his attorneys Robert Y. Lewis, Margaret Mabie, and James R. Marsh of Marsh Law Firm PLLC, hereby submits this memorandum of law in opposition to Defendants' Motion for Summary Judgment. The Court should deny the Defendants' motion in its entirety and allow Plaintiff to proceed to trial.

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                    2

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## II.    PARTIES' STATEMENT OF FACTS

### A.    Defendants' Undisputed Facts

#### 1.    The Creation of the Album Cover

Before 1991, Nirvana (the "Band") had been signed to a small independent record label. (Statement of Uncontroverted Facts ("SUF") ¶ 1 (Joint Appendix ("JA") at p. 413, ¶ 2).) That year, they switched from their small record label to the high profile, star-laden Geffen Records ("Geffen"). (SUF ¶¶ 2-3 (JA at p. 413, ¶ 2).)

In advance of Geffen's release of the *Nevermind* album, the Band considered what album cover art would fit their recording. (SUF ¶ 6 (JA at p. 6, ¶ 6).) The Band discussed a rendition of a water birth, but the Geffen art director suggested a stock image of a baby under water. (SUF ¶¶ 7-8 (JA at p. 6, ¶¶ 6-7).) Geffen determined that the price for that image was prohibitively expensive. (SUF ¶ 9 (JA at p. 6, ¶ 7; JA at p. 28:12-29:10).) Instead, Geffen hired Defendant Kirk Weddle, a photographer who specialized in underwater photography, to essentially recreate the stock image. (SUF ¶¶ 10-11 (JA at p. 28:12-29:10; JA at p. 41:14-42:9; 46:6-24; JA at p. 7, ¶ 12, Ex. 1; JA at p. 7, ¶ 11; JA at 41:14-20).) Weddle invited his close friends, the Eldens, to bring their baby to the Rose Bowl Aquatics Center for the photoshoot. (SUF ¶¶ 12-14 (JA at 62:9-14; JA at 39:3-18; JA at 63:6-15; JA at 116:2-14; JA at 40:5-39:4; JA at 68:10-80:23; JA at 117:17-118:11).)

Those present at the shoot stated that there was nothing sexual about it. Plaintiff's parents each testified that none of the adults present at the photoshoot (Weddle, Weddle's assistant, both Elden parents, and the lifeguard on duty) expressed any sexual intent. (SUF ¶ 15 (JA at 68:10-69:14; JA at 117:3-8, 117:17-118:11, 118:15-17); SUF ¶¶ 18-20 (JA at 82:19-83:13; JA at 121:24-122:7; 45:12-17; JA at 46:1-19).) Both parents acknowledged their voluntary agreement to have the photo taken, understood its intended use, and assisted with the photoshoot. (SUF ¶¶ 27-30 (JA at 116:9-14; JA at 65:14-66:11; JA at 67:2-7; JA at 65:14-66:11; JA at 67:2-7; JA at 115:3-8; JA at 63:9-64:11).) Indeed, they were in the pool with Plaintiff passing

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                3

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

him back and forth.  (SUF ¶¶ 16-17 (JA at 70:4-16; JA at 70:22-71:2; JA at 119:6-120:8; JA at 49:6-7; 49:10-16; JA at 70:4-16; 70:22-71:2; 71:7-15; 72:13-24; JA at 119:6-120:8).)  Plaintiff's parents further testified that they do not view the Album Cover to be child pornography, and Plaintiff's father confirmed that the Eldens never asked Defendants to modify or censor the image in any way.  (SUF ¶¶ 31-33 (JA at 61:23-25; 67:8-11; 95:24-96:22; 103:4-25; JA at 121:3-15; 124:17-25; JA at 73:22-74:5).)  Weddle also confirmed that there was no sexual purpose to the photograph. (SUF ¶¶ 20-22 (JA at 46:1-19; JA at 47:13-83:15; JA at 47:13-48:15).)

Those involved with the creation of the Album Cover have uniformly testified that the image portrays the tension between commercialism and art.  (SUF ¶¶ 24-26 (JA at 44:22-45:20; JA at 133:21-134:19; JA at p. 413, ¶ 3).)  The baby, a symbol of innocence, is reaching for a dollar on a fishhook, thus symbolizing the Band itself, which had recently left a smaller label and signed on with the star-studded Geffen Records.  (SUF ¶¶ 1-3 (JA at p. 413 ¶ 2); SUF ¶ 26 (JA at p. 413 ¶ 3).)

### 2.    The Album Becomes A Success

The album became a major hit.  It has sold forty million copies worldwide. (SUF ¶ 35 (JA at p. 411 ¶ 2).)  It has been re-released twice.  (SUF ¶ 36 (JA at p. 411 ¶ 2).)  Through the years, it has been sold at major retailers worldwide and online. (*Id.* ¶¶ 37-38 (JA at p. 411 ¶ 2; JA at p. 4 ¶ 18).)

Over time, the Album Cover likewise made a lasting social, cultural, and artistic impact.  It has been named one of the most iconic album covers of all time by multiple art and music outlets, including Rolling Stone, Billboard, and Linearity, among others.  (SUF ¶ 39 (JA at pp. 137-343).)  It is also part of the New York Museum of Modern Art's ("MoMA") permanent collection.  (SUF ¶ 40 (JA at pp. 344-356).)

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                              4

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

### 3. The Eldens Promote and Publicize Plaintiff's Role in the Album Cover

The Album Cover does not identify Plaintiff as the baby. (SUF ¶ 41 (JA at pp. 20-21).) Nor did the Band identify Plaintiff as the baby. Rather, a year after the photoshoot, in 1992, Plaintiff's father granted an interview to *Entertainment Weekly*, in which he recalled the details of the photoshoot and revealed publicly that his son is the "Nirvana baby." (SUF ¶¶ 42-44 (JA at pp. 357-361; JA at 83:14-84:10; JA at 89:23-91:18; JA at 78:7-143:25; 81:3-8; 100:2-5; JA at 378:11-380:24).) The article included a photo of Plaintiff, then approximately fourteen months old, taken at his father's business with props supplied by his father. (SUF ¶ 45 (JA at pp. 357-361; JA at 85:14-18; 88:10-15; 97:7-15).) Weddle took the photograph. (SUF ¶ 46 (JA at pp. 357-361; JA at 85:11-86:7; 87:6-25).) Plaintiff's father acknowledged that he had frequently promoted the album and their son's participation as the "Nirvana baby" over the years. (SUF ¶ 47 (JA at pp. 357-361; JA at 83:14-84:10; JA at pp. 393-394; JA at 92:16-94:14; JA at pp. 395-396; JA at 101:5-259:16; JA at pp. 395-396; JA at 104:1-105:7; 106:12-22; JA at 75:2-77:18; 89:23-91:18; 98:21-99:15).) As an adult, until filing this lawsuit, Plaintiff has consistently embraced and attempted to profit from his photo on the Album Cover, including by giving interviews about it, selling autographed *Nevermind* memorabilia, and accepting payment to reenact the Album Cover. (SUF ¶¶ 49-52 (JA at 405-406; JA at 369:9-370:5; JA at 375:11-24;376:18-24; 377:20-22; JA at 381:21-382:7; 383:6-384:2; JA at pp. 407-409; JA at 372:13-373:4; 373:6-374:11; 385:22-386:3).)

Despite the success of *Nevermind*, the iconic status of the Album Cover, and the Eldens' own promotion of Plaintiff's role as the "Nirvana baby," no law enforcement agency has ever investigated the Album Cover as child pornography. (SUF ¶ 53 (JA at 389:11-390:8).) Plaintiff admitted that he recently reported the Album Cover to the FBI, which declined to investigate. (SUF ¶ 54 (JA at 387:20-388:15).)

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

5

In short, even viewing the evidence in Plaintiff's favor, no reasonable juror could find the Album Cover is child pornography.

## B.    Plaintiff's Statement of Genuine Disputes of Material Facts

This case concerns Plaintiff Spencer Elden's status as a victim of criminal violations for child pornography offenses concerning the *Nevermind* album cover. In 1990, Defendant DCG Records hired Robert Fisher as art director. (Dkt. 25 ¶ 62). According to Fisher, Nirvana wanted images of nude babies for the cover of their 1991 *Nevermind* album. (Dkt. 25 ¶ 63). Cobain, Fisher, and Defendants Novoselic and Grohl engaged in an extensive debate about what to pair with the naked baby on the *Nevermind* album cover, considering objects commonly associated with prurient interests. (Dkt. 25 ¶ 67). In published journals, Cobain sketched the *Nevermind* album cover and, in at least one instance, drew sperm or semen all over the image. (Dkt. 25 ¶ 60). Cobain's journals state:

> "I like to make incisions into the belly of infants then fuck the incision until the child dies." * * *

(Dkt. 25 ¶ 60).

In 1991, Defendants hired photographer Defendant Kirk Weddle because Weddle specialized in photographing "submerged humans." (Dkt. 25 ¶ 72 & Fisher Dec ¶¶ 11-12). Weddle took a series of photos of Spencer, who was then a 4-month-old infant, that highlighted and emphasized Spencer's exposed genitals. (Dkt. 25 ¶ 74). Fisher, at the direction of the Defendants, superimposed the image of a dollar bill hanging from a fishhook onto Spencer's image. (Dkt. 25 ¶ 75).

When the album cover was nearly complete, Fisher "rout[ed]" a final mockup to Nirvana and Geffen Records, attaching the note: "If anyone has a problem with his dick, we can remove it." (Dkt. 25 ¶ 86). That pedophilia was on the minds of the creators is evidenced by the song on the album entitled "*Polly,*" which rhapsodizes about the sexual exploitation of a child, including the child's abduction and rape.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                6

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

(Dkt. 25 ¶ 90). When confronted with the cover's appeal to pedophiles, Cobain sardonically declared that they should put a sticker on the album cover stating: "If you're offended by this, you must be a closet pedophile." (Dkt. 25 ¶ 87). Weddle later produced photographs of Spencer dressed as Hugh Hefner. (Dkt. 25 ¶ 82).

## III. ARGUMENT 1: SUMMARY JUDGMENT ON THE PLAINTIFF'S CHILD PORNOGRAPHY CLAIM

### A. Defendants' Argument: Defendants Are Entitled to Summary Judgment Because the Album Cover Is Not Child Pornography as a Matter of Law

The undisputed evidence establishes that the Album Cover is not child pornography. Child pornography laws do not proscribe innocent depictions of child nudity; rather, such laws make it illegal to entice or coerce a child to engage in "sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). "[S]exually explicit conduct" is defined to include the "lascivious exhibition of the anus, genitals, or pubic area." *Id.* § 2256(2)(A)(v).

Courts look to *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), to determine whether an image constitutes a "lascivious exhibition." *See United States v. Boam*, 69 F.4th 601, 609-610 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1345 (2024) (applying *Dost* factors). However, the *Dost* factors "are neither exclusive nor conclusive," but rather "general principles as guides for analysis." *United States v. Hill*, 459 F.3d 966, 972 (9th Cir. 2006) (internal quotation marks omitted). The inquiry must be case-specific and "based on the overall content of the visual depiction." *Id.* (citation omitted). The *Dost* factors are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
> (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
> (4) whether the child is fully or partially clothed, or nude;

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

7

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

(5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Where, as here, the image is unequivocally non-sexual, it is not child pornography as a matter of law.  While the *Dost* factors provide general guideposts for the analysis, whether an image is a "lascivious exhibition" of the genitals is a "commonsensical" determination.  *Wiegand*, 812 F.2d at 1243.

Here, the Album Cover is an innocent image of a naked baby floating toward a fishhook with a dollar bill dangling from it.  Such an innocuous image is not child pornography.  *See, e.g.*, *United States v. Knox*, 32 F.3d 733, 750 (3d Cir. 1994) ("No one seriously could think that a Renoir painting of a nude woman or an innocuous family snapshot of a naked child in the bathtub violates the child pornography laws. Nudity must be coupled with other circumstances that make the visual depiction lascivious or sexually provocative in order to fall within the parameters of the [child pornography] statute.").

In *United States v. Perkins*, 850 F.3d 1109 (9th Cir. 2017), the Ninth Circuit applied this commonsensical approach and asked whether the image would be sexually suggestive if the genitals were clothed.  *Id.* at 1122.  The Court found that the image would be innocuous absent the nudity and therefore the image was not child pornography: "Indeed, if the subject were clothed, this would be a completely unremarkable photo.  Viewing the image as a whole, we conclude, under the *Dost* six-factor test, that it does not depict the 'lascivious exhibition of the genitals or pubic area.'"  *Id.*  The same result is warranted here: if Plaintiff's genitals were clothed on the Album Cover, the image would be completely unremarkable in terms of sexual suggestiveness.  No reasonable juror could find otherwise.  The *Dost* factors and other considerations specific to this case compel a grant of summary judgment.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                        8

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment should be granted where, as here, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (holding summary judgment inappropriate only where "the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable juror could return a verdict for the nonmoving party").

### 1.    Plaintiff Is Nude on the Album Cover

The only *Dost* factor met here is that the child is nude.  The law requires more.  "[N]ot all images of nude children are pornographic.  For example, a family snapshot of a nude child bathing presumably would not be criminal." *Hill*, 459 F.3d at 970 (internal quotation marks omitted); *United States v. Villard*, 885 F.2d 117, 121 (3d Cir. 1989) ("The language of the statute makes clear that the depictions must consist of more than merely nudity; otherwise, inclusion of the term 'lascivious' would be meaningless.").

### 2.    The Album Cover Setting Is Not Sexually Suggestive

The setting of the photograph—which appears only as a clear body of water and was, in fact, a public pool—establishes that the image is not child pornography.  A clear body of water or pool is not sexually suggestive or associated with sexual activity.  This is not a bed or bedroom. *United States v. Overton*, 573 F.3d 679, 687 (9th Cir. 2009) ("The image is sexually suggestive because the child is sitting on a bed—a place generally associated with sexual activity."); *United States v. Steen*, 634 F.3d 822, 827 (5th Cir. 2011) ("Traditional settings that meet this standard are beds or bedrooms.").

A body of water, generally, and a public pool, in particular, are not sexually suggestive as a matter of law.  Generally, places open to the public are not sexually suggestive. *See, e.g.*, *United States v. Boudreau*, 250 F.3d 279, 283 (5th Cir. 2001) (holding an outdoor park is not sexually suggestive).  The setting here is a nondescript daytime image of a clear swimming pool.  Nondescript backgrounds, which render

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

the setting undiscernible, are not sexually suggestive or generally associated with sexual activity. *United States v. Larkin*, 629 F.3d 177, 184 (3d Cir. 2010) (holding the setting of an image taken "at close range against what appears to be a wall" was not sexually suggestive "because the setting cannot be discerned"); *Doe v. Chamberlin*, 299 F.3d 192, 197 (3d Cir. 2002) (holding "a white paper background typical of studio photography" is not sexually suggestive); *United States v. Brown*, 579 F.3d 672, 681-82 (6th Cir. 2009) (holding "the floor" is not sexually suggestive).[2]

In sum, there is nothing sexual about child swimming at daytime in a public swimming pool. This factor favors Defendants.

### 3. The Album Cover Does Not Depict an Unnatural Pose

Plaintiff's pose on the Album Cover also favors a finding that the image is not child pornography. Undisputed deposition testimony from Weddle and Plaintiff's parents confirms that Plaintiff was not posed in any way; rather, he was dropped in the water for a few seconds, and the photographer snapped several images of him as he drifted briefly in the water. (SUF ¶ 17 (JA at 49:6-7; 49:10-16; JA at 70:4-16; 70:22-71:2; 71:7-15; 72:13-24; JA at 119:6-120:8); SUF ¶¶ 21-22 (JA at 47:13-

---

[2] Similarly, bathrooms, showers, or bathtubs, standing alone, are not generally associated with sexual activity. *Brown*, 579 F.3d at 681-82 ("The setting of most of the photographs—the bathtub, the toilet, and the floor—is not sexually suggestive"); *United States v. Henry*, 2018 WL 3436826, at *3 (E.D. Cal. July 13, 2018), *aff'd*, 798 F. App'x 107 (9th Cir. 2020) (describing images of bathrooms and bedrooms and holding only "the latter" is "a place associated with sexual activity"). In determining whether a bathtub or shower is sexually suggestive, courts consider the specifics of the image, including whether the bathtub or shower being used for its intended purpose, i.e., bathing or showering. For example, in *Larkin*, the Third Circuit emphasized that the subject in the image "does not appear to be in the act of bathing, there is no water in the bathtub, and she does not appear wet," which "suggests that the bathtub/shower, in this instance, was meant to convey to the intended viewer that the shower is a location for a potential sexual encounter." *Larkin*, 629 F.3d at 183. Here, by contrast, that analysis would also favor a finding that the Album Cover is not child pornography: the child in this image is swimming in the public pool.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

10

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48:15).) The law is clear that a natural pose undermines a finding of child pornography. *Perkins*, 850 F.3d at 1122 (holding a child "sitting in 'an ordinary way for her age'" is not unnatural); *United States v. Amirault*, 173 F.3d 28, 34 (1st Cir. 1999) ("Furthermore, the child is not depicted in an unnatural pose. She is merely standing, face forward and with legs more together than apart, in a large hole in the sand …. Her arms are slightly raised, as if she were about to pat down the sand surrounding the hole."); *Villard*, 885 F.2d at 124 (holding that a "naked boy lying in bed with a partial erection, appearing to be asleep, with his knees 'bent slightly upwards'" is "an insufficient basis from which to conclude that the male's pose was unnatural").

Further, Plaintiff's pose on the Album Cover is nothing like poses courts have held are unnatural. In *Dost*, for example, the child victim was photographed in "poses [that] border[ed] on the acrobatic in order to obtain an unusual perspective on her genitalia," including a photo of her "fully extended in a supine position" and other photos of her sitting in a position "with her legs wide apart." *Dost*, 636 F. Supp. at 833. In other cases, courts have found that the pose supports child pornography because the photograph appears staged in such a way as to emphasize the child's genitals. *See Larkin*, 629 F.3d at 183-84 ("The positioning of her head as resting on her shrugged shoulders as she attempts a smile appears to be at the direction of the photographer rather than a natural pose for a child of her age …. she is sheepishly looking into the camera, her shoulders slightly shrugged, and she appears to be pushing her arms against her sides to give the impression that she has developing breasts.").[3] There is no dispute that did not occur here. (SUF ¶ 22 (JA at 47:13-

---

[3] *Cf. United States v. Wallenfang*, 568 F.3d 649, 659 (8th Cir. 2009) (holding pose unnatural where the child "[was] sitting on the floor with her dress raised up and one of her legs [was] raised, exposing her genitalia through the sheer pantyhose").*United States v. Wolf*, 890 F.2d 241, 246 (10th Cir. 1989) ("One of the child's legs is propped up on a pillow and the other pulled forward in a way which is not a natural sleeping

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

11

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

48:15).)

Thus, the third *Dost* factor also supports the conclusion that the Album Cover is not child pornography.

### 4. The Focal Point of the Album Cover Is Not the Genitals

The next factor, which looks to the focal point of the photograph, favors a finding that this image is not child pornography:  The focal point of the Album Cover is Plaintiff's face and hands as he reaches for the dollar bill on the fishhook, which conveys the social, political, artistic message of the Album Cover.  (SUF ¶¶ 24-26 (JA at 44:22-45:20; JA at 133:21-134:19; JA at p. 413, ¶ 3).)  The child's genitals are not the focal point.  As explained below, none of the factors that courts have found to emphasize the genitals are present.

First, the Album Cover does not depict a closeup view of the genitals through zooming, cropping, or freeze-framing.  *Cf. Overton*, 573 F.3d at 687 (holding genitals were the focal point; "The image is a close up, frontal view of the child's genitals and breasts, both of which are fully exposed."); *United States v. Stewart*, 729 F.3d 517, 522 (6th Cir. 2013) (holding images were cropped "so that the cropped image focused solely on the female genitalia of the naked, or nearly naked, child in the original image").[4]

The Album Cover depicts the entire child, including his arms, legs, face, and

---

position, with the obvious purpose of enhancing and depicting the child's genital area.").

[4] *United States v. Torres*, 894 F.3d 305, 312 (D.C. Cir. 2018) ("Reinforcing that conclusion, the composition of all four photos—with [the child] lying back on the bed, while [defendant] stood over him and zeroed in to frame images featuring [his] exposed genitals—had the effect of ensuring that [the child's] penis was the focal point of each photograph."); *United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999) (finding freeze-framed images of video tapes lascivious because "[s]hots of young girls are freeze-framed at moments when their pubic areas are most exposed, as, for instance, when they are doing cartwheels").

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

12

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

head—with no emphasis on the genitals, whether through zooming, cropping, or secret camera placement. *Perkins*, 850 F.3d at 1122 (holding genitals were not the focal point; "Because of the angle, [the child's] head and torso predominate the image.").[5]

Second, the Album Cover does not position the genitals in the foreground or the center of the image. The child's upper body—including his head, face, arms, and chest—are in the foreground of the Album Cover, along with the dollar bill on the fishhook. The child's lower body—including his legs and genitals—are in the background of the Album Cover. Because of the child's natural prone position and angle of the photograph, his waist and entire pubic region are not visible, as his upper body obstructs them.

To the extent the child's genitals are "roughly" in the center of the Album Cover, that is only because the child is in the center of Album Cover. As explained above, the Album Cover is not a closeup or zoomed image of the child's body, much less his genitals, which places the genitals at the center of image. Rather, there is as much, if not more, negative space on the Album Cover as positive space. Moreover,

---

[5] *Villard*, 885 F.2d at 123-24 (holding genitals were not the focal point; "If the photographs showed the boy's body from head to knees, they may have constituted closeup photographs of the boy's body, but would seem not to constitute closeup photographs of the boy's genitals. Moreover, simply because the boy had a partial erection does not necessarily mean that the erection was the focus of the photograph."); *cf. United States v. Schuster*, 706 F.3d 800, 807 (7th Cir. 2013) (holding genitals were the focal point; "[Defendant] does not dispute that the boy's genitalia are shown but his head is not, which undermines his argument that the photo is of the same ilk as common photos showing kids playing in a bathtub."); *Brown*, 579 F.3d at 681 ("The fact that the photographs do not include the girls' heads is odd and repeated, and when considered together with the focus on the girls' pubic area, suggests that there may have been an inappropriate or lascivious focus."); *see also United States v. Donoho*, 76 F.4th 588, 598 (7th Cir. 2023) ("[E]xcluding the face and head of the photo's subject and focusing instead on the genitals … as many of [defendant's] images did, can alter significantly the relationship between image and depicted conduct.").

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

13

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

there is no dispute that elements of the Album Cover (not including the image of the baby) are altered to include additional imagery—the dollar bill on the fishhook in the top right of the image and the names of the Band and album in the bottom left of the image—which draws attention away from center of the Album Cover, not toward it, such that the child's body, except for his face and outstretched hand, is not its focal point.

Third, based on the angle, only a partial view of the genitals is visible. *Perkins*, 850 F.3d at 1128 (noting that the child did not "have her open legs in the foreground" as in *Dost*). This is in stark contrast to cases where a child's "pubic area is in the foreground," *cf. Dost*, 636 F. Supp. at 833, or where the defendant's hand is shown "tilting [the child's] penis toward the camera, apparently ensuring that it was prominent." *Torres*, 894 F.3d at 312. And Plaintiff's genitals are further de-emphasized by the lighting: the natural light source lighting appears at the top of the image, accentuating the child's arms and face, while his genitals are positioned in the darker, bottom half of the image, in the shadow cast by his body. *Perkins*, 850 F.3d at 1122 (noting that the head and torso, which predominate the image, "cast a shadow on the genital area, which is pictured in the far bottom right-hand corner").[6]

In sum, the focal point analysis favors a finding that the Album Cover is not child pornography.

### 5. The Album Cover Does Not Depict a Willingness to Engage in Sexual Activity or Sexual Coyness

Because infants cannot express sexual coyness or a willingness to engage in sexual activity—whether spontaneously or through coaching—this factor does not

---

[6] *See also Amirault*, 173 F.3d at 33 ("[T]he lighting of the photograph is not primarily directed at the genital region."); *cf. Stewart*, 729 F.3d at 522 ("[T]he original images had been brightened with photo-editing software to such an extent that it distorted the background and made the genitalia of the naked children more visible.").

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

apply to the Album Cover. *Dost*, 636 F. Supp. at 832 ("Sexual coyness is an expression outside the young child's range of experience."); *Brown*, 579 F.3d at 681 ("Moreover, whether the depiction suggests 'sexual coyness or a willingness to engage in sexual activity,' is not applicable given the age of the toddlers.").

### 6. There Was No Sexual Motive or Intent to Elicit Sexual Response

As to the final factor, "the apparent motive of the photographer and intended response of the viewer," both also show that this image is not child pornography. *Boam*, 69 F.4th at 610. The undisputed evidence establishes that the photographer of the Album Cover and his assistants—the child's parents—were not motivated by a sexual interest in the child or children generally. Nor did they intend to capture an image sexually gratifying to viewers. Rather, the photographer captured an innocent image of a child for the Album Cover, which in turn was intended to convey a social, political, and artistic message to consumers and listeners, regarding the tension between capitalism and art and the Band's own embodiment of this tension by signing on to a major label. In this context, there is zero evidence that anyone intended to produce child pornography. *Schuster*, 706 F.3d at 807 ("[I]n some circumstances, the intent and motive of the photographer, by putting the images in context, place an important gloss on whether the relevant factors point to lasciviousness").

To determine the photographer's motive and intent, the Ninth Circuit considers whether there is evidence of the photographer's sexual attraction to children generally and/or the child photographed specifically. *Boam*, 69 F.4th at 611 ("Adding to the 'intent' or 'design' of the videos … evidence reflected [defendant's] sexual interest in [the child]; [the child] testified that [defendant] attempted to rape her a few months after the videos were recorded and that he did rape her a few months after that."). Such evidence exists when the photographer collects child pornography or has made statements suggesting he took the photograph at issue for a sexual purpose. *See Schuster*, 706 F.3d at 808 ("The evidence was plentiful that [defendant] collected

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                    15

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

child pornography (he called it an 'addiction to child pornography') and had a sexual interest in young boys.  That sexual interest sheds light on why [defendant] took the photograph of a nude boy's genitals, and whether the image is sexually suggestive rather than, as [defendant] argues, some sort of innocent mistake.").  There is no evidence here that anyone involved with creating the Album Cover was a child pornographer or was sexually attracted to Plaintiff.

The Ninth Circuit also considers whether the image was stored with other sexually explicit material or uploaded to platforms used to transmit child pornography.  *Overton*, 573 F.3d at 689 ("[T]he district court properly considered these additional illicit photographs as evidence dispelling any notion that the March 2005 images were created for innocent artistic or educational reasons."); *see also Wallenfang*, 568 F.3d at 659 (holding defendant's publication of pictures in a newsgroup known to be used by people interested in viewing and trading child pornography gave jury reasonable grounds to find defendant sought to create a sexual response in the newsgroup's viewers.); *Larkin*, 629 F.3d at 185 (same).  That did not happen here.

***

Having exhaustively researched all of the case law, including on the *Dost* factors, Defendants can say clearly and definitively: *no case ever has found an analogous photo with a similar context to be child pornography*.

The *Dost* factors are not exhaustive, and the Court should consider the full context and all relevant facts.  In this case, the context is especially important.  The history of the Album Cover provides significant context of how the image has been viewed and interpreted through the years.  From all of this, it is clear that the notion that the image is child pornography is absurd.

*First*, the broad commercial distribution of the photograph in retail stores is entirely contradictory to the way child pornography is generally distributed.  Child pornography is shared in secret, in places such as chat rooms and the dark web.  The

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

16

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

history of this image shows the opposite.  It has sold forty million copies.  It is available at retail stores worldwide.  It is available with a simple Google search online.  For this image to be child pornography, it would require a finding that the individuals involved, revered musicians, a respected photographer and art director, and numerous music executives, knowingly pulled the wool over the eyes of retail store owners and online distributors worldwide for over thirty years and had them sell this image of child pornography to forty million people.  It would also require a finding that those individuals risked significant jail sentences, given the severe penalties for child pornography offenses, to do so.

*Second*, the number of people who possess copies of this image from having bought the album is entirely contrary to the image being child pornography.  Accepting Plaintiff's argument as true, it would mean that tens of millions of people possess child pornography.  There can be no dispute that most people are repulsed and appalled by child pornography.  It is difficult to find fair jury pools because jurors have such a visceral reaction to it.  Thus, it defies logic to believe so many individuals would possess this image if it were, as Plaintiff claims, child pornography.

*Third*, despite the almost ubiquitous presence of this image, no law enforcement agency ever investigated it or the individuals involved.  The overwhelming majority of the *Dost* cases arise in the context of law enforcement actions.  That makes sense because law enforcement is, and is expected to be, vigilant in the pursuant of child pornography.  Here, it is telling that no law enforcement agency has ever investigated this image or those involved.  When Plaintiff, after filing this case, tried to refer it to law enforcement, he was rejected.  (SUF ¶¶ 53-54 (JA at 389:11-390:8; JA at 387:20-388:15).)  The simplest explanation for this is the right one—no one investigated it because it is so clearly not child pornography.

*Fourth*, the *Dost* factors do not fully take into account that both of Plaintiff's parents were at the photoshoot and the photo was taken by their close friend.  Both parents and the photographer adamantly denied any sexual interest or intent.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

17

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Although there unfortunately are instances in which parents subject their own children to horrible abuses, the entirety of the record shows this case is not one of them.  The record reflects that the parents brought their child to a public pool for a photoshoot for an album cover shot by a close family friend.  Plaintiff would either need to assert, with no basis, that his parents are liars or that they unknowingly watched, and participated, while their child was abused (and then allowed that abuse to be sold broadly over decades).  Neither argument has any support in the record.

*Fifth*, Plaintiff has spent most of his life embracing, and profiting from, the celebrity that came from this cover.  (SUF ¶¶ 48-51 (JA at pp. 400-404; JA at 371:9-372:13; JA at 372:13-373:4; 372:6-373:11; JA at pp. 405-406; JA at 369:9-370:5; JA at 375:11-24; 376:18-24; 377:20-22; JA at 381:21-382:7; 383:6-384:2; JA at pp. 407-409).)  Victims at times may behave in counter-intuitive ways.  However, in this case, the Court should consider Plaintiff's conduct over the last thirty years.  When viewed with all of the facts, it is clear again that the simplest explanation is also the correct explanation:  Plaintiff has behaved this way because he is not a victim.  This lawsuit is just Plaintiff's latest attempt to profit from his photo on the Album Cover.

In sum, viewing the Album Cover as a whole, guided by common sense, the six-factor *Dost* test, and the unique context of this case, the Album Cover is clearly and unequivocally not child pornography.   The Court should grant summary judgment.

## B.  Plaintiff's Response

### 1.  Defendants' Version of Undisputed Facts do not Sufficiently Support an Order Granting Summary Judgment

A nonmoving party is "entitled to a denial of the motion for summary judgment where the movant's papers are insufficient on their face or themselves demonstrate the existence of a material issue of fact." *Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir. 1976) *citing Island Equipment Land Co. v. Guam Eco. Dev. Auth.,* 474 F.2d 753 (9th Cir. 1973); Advisory Note of 1963

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                  18

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

to Subdivision (e), Rule 56. Defendants' Motion for Summary Judgment clearly demonstrates that the parties dispute the material fact of whether the Album Cover constitutes child pornography.

## 2. Defendants Fail to Meet Their Burden in Showing a Lack of Evidence in Support of Plaintiff's Claims

Not only do factual disputes clearly exist in this matter, but the undisputed facts presented by the Defendants also do not sufficiently support an order granting Summary Judgment for the Defendants. The Defendants in this case bear the initial burden of demonstrating the absence of a genuine issue of material fact through pleadings, depositions, answers to interrogatories, admissions in the record, affidavits, and any other form of evidence that would be admissible at trial. FRCP 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Concerning Plaintiff's Masha's Law claims, the Defendants, as the moving party, must show a lack of evidence supporting the Plaintiff's claims because the Plaintiff, as the nonmoving party, has the burden of proof at trial as to the elements of those claims. *See Celotex*, 477 U.S. at 324-25. "In a summary judgment motion, the Court does not weigh the evidence or the credibility of witnesses rather "the nonmovant's version of any disputed issue of fact is presumed correct." *Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 30 F. Supp. 2d 1182, 1187 (D. Ariz. 1998), *aff'd,* 306 F.3d 806 (9th Cir. 2002) quoting *Eastman Kodak Co. v. Image Technical Serv., Inc.*, 504 U.S. 451, 458, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).

The Defendants ultimately failed to meet that threshold burden and instead focus their arguments on a purely factual dispute. Instead, the Defendants cite facts that support the Plaintiff's claims. The Defendants concede that the parties dispute whether the Album Cover constitutes child pornography under 18 U.S.C. 2256(8) and incorrectly contend that this is an issue of law. This dispute is instead a genuine issue of material fact. A dispute is genuine and material, as is the case here, when

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

there is evidence sufficient to show the existence of all elements of their claims or defenses at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The summary judgment standard applies the evidentiary standard that would apply at trial, which is a preponderance of the evidence for most civil cases. *Id.* at 477 U.S. at 252. "On summary judgment, the proper task is not to weigh conflicting evidence, but rather to ask whether the non-moving party has produced sufficient evidence to permit the fact finder to hold in his favor." *Rosen v. Glob. Net Access, LLC,* No. CV 10-2721-VBF(EX), 2011 WL 13127549, at *2 (C.D. Cal. Apr. 25, 2011) quoting *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001).

### 3.    Plaintiff Sufficiently Met His Burden in Showing That Summary Judgment is Improper

The Plaintiff, as the nonmoving party, has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Keenan v. Allen,* 91 F.3d 1275, 1279 (9th Cir. 1996). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby, Inc.,* 477 U.S. at 250-52. Contrary to the Defendants' motion, the Plaintiff has presented "a sufficient disagreement to require submission to a jury," and this case is not "so one-sided that one party must prevail as a matter of law." *Id.*

To withstand summary judgment, the non-moving party (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible. *Brit. Motor Car*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                  20

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

*Distributors, Ltd. v. San Francisco Auto. Indus. Welfare Fund,* 882 F.2d 371, 374 (9th Cir. 1989) *citing California Arch. Bldg. Prod. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). Assuming *arguendo* that the Defendants meet the initial burden, the Plaintiff has nonetheless come forward with evidence showing that he can meet each of the elements of his claims at trial. Further, there is indeed a genuine and material issue of fact that the Court must submit to a jury. Finally, the Plaintiff's evidence persuasively supports that his claims are plausible.

### 4. Plaintiff Provided Sufficient Evidence to Establish that the Album Cover Meets Each Element of His Masha's Law Claims

The Plaintiff's claims arise under 18 U.S.C. 2255, which provides a civil remedy for victims of a defendant's violation of 18 U.S.C. 2252. Specifically, 18 U.S.C. 2255 provides in pertinent part:

> Any person who, while a minor, was a victim of a violation of section [...] of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees.

Given that this case has been bifurcated into two phases for liability and damages, the Plaintiff need not prove the personal injury element of his claims. Nevertheless, victims of violations of child pornography offenses suffer personal injury as a matter of law. *See generally Paroline v. United States,* 572 U.S. 434 (2014); *Doe v. Boland,* 698 F.3d 877 (6th Cir. 2012); *Doe v. Bruno*, 2017 WL 1424298, at *3 (D. Conn. Apr. 20, 2017); *Amy v. Curtis,* No. 19-CV-02184-PJH, 2020 WL 6271046, at *5 (N.D. Cal. Oct. 26, 2020).

Each element of a section 2255 claim is clearly met in this case. When bringing suit under Masha's Law, "[p]laintiffs must prove that they are victims of defendant's crime which, in the court's view, requires them to prove that (1) they are

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

21

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

pictured in CSAM (identity), (2) the CSAM depicts sexually explicit conduct as defined by Title 18 U.S.C. § 2256 (sexual content), and (3) the CSAM was found in defendant's possession." *Amy v. Curtis*, No. 19-CV-02184-PJH, 2021 WL 4820594, at *1 (N.D. Cal. Mar. 8, 2021).

The Plaintiff's ability to prove the first and third elements is not even disputed. Regarding the first element, the Defendants do not dispute, and the Plaintiff provided sufficient evidence to show that Spencer is who he says he is: the person depicted on the *Nevermind* album cover. The declarations and amended declarations provided in this case are sufficient to prove the Plaintiff's identity. *See Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 213 F. Supp. 2d 1146, 1153-54 (C.D. Cal. 2002). In *United States v. Tank,* 200 F.3d 627, 630 (9th Cir. 2000), the Ninth Circuit addressed the admissibility of certain chat room logs in a criminal prosecution against a child pornography suspect, where the chat room logs were authenticated by testimony that the chat room logs accurately represented the conversations among members. The court held that authentication by testimony need only support a finding by a reasonable juror that the matter in question is accurate or that it is what its proponent claims it to be. *Id.*

Furthermore, as to the third element of the Plaintiff's claims, the Defendants do not dispute, and Plaintiff provided sufficient evidence to show, that the *Nevermind* album cover was in the Defendants' possession and that the Defendants knowingly possessed, transported, reproduced, advertised, promoted, presented, distributed, provided, sold and obtained the *Nevermind* album cover. "Even if the allegations in the complaint are sufficient only to state that [the Defendants] attempted to violate [predicates offenses] that, too, would be sufficient to support recovery under Masha's Law." *N.S. v. Rockett,* No. 3:16-CV-2171-AC, 2018 WL 6920125, at *5 (D. Or. Oct. 19, 2018), report and recommendation adopted, No. 3:16-CV-2171-AC, 2018 WL 6920112 (D. Or. Nov. 28, 2018). Since an attempt is "punished with the same stringency as a completed violation. Through

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                    22

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

incorporation, therefore, even an attempted violation […]  would on its face constitute a predicate offense sufficient to support a claim under Masha's Law, which requires only a violation of any one of [fourteen predicate offenses]." *Id*.

The lack of a criminal conviction in this case is inconsequential. In this regard, "§ 2255 does not require a defendant to have been criminally convicted of the predicate offense." *E.M. v. Varsity Brands, LLC,* No. 2:22-CV-09410-ODW (ASX), 2024 WL 2808183, at *6 (C.D. Cal. May 31, 2024) citing *Rockett*, No. 3:16-CV-2171-AC, 2018 WL 6920125, at *5 (D. Or. Oct. 19, 2019). "It is enough that the civil claimant proves by a preponderance of the evidence that the defendant violated the enumerated statute." *Id*., citing *Prewett v. Weems*, 749 F.3d 454, 458 (6th Cir. 2014))); *Doe v. Schneider*, 667 F. Supp. 2d 524, 529–30 (E.D. Pa. 2009) (requiring only that a proper predicate statute violation is alleged in the complaint, along with supporting facts).

Similarly, the legislative history of Masha's Law supports a determination of liability absent a criminal conviction. *Rockett*, 2018 WL 6920125, at *5 (citing *Smith v. Husband*, 376 F. Supp. 2d 603, 611–12 (E.D. Va. 2005) (examining § 2255's legislative history to conclude Congress had intended the statute to provide a remedy for victims even absent a criminal conviction); *Doe v. Liberatore*, 478 F. Supp. 2d 742, 755 (M.D. Pa. 2007) (adopting *Smith*'s Congressional findings); *Cisneros v. Aragon*, 485 F.3d 1226, 1232 (10th Cir. 2007) (citing *Smith* and "assum[ing] that a criminal conviction is not necessary for a defendant to face civil liability under" § 2255)).

In sum, the Defendants' motion for summary judgment concedes the issues of identity and possession and addresses only the issue of sexual content, the second element of the Plaintiff's Masha's Law claims. As explained in detail below, the Plaintiff provided sufficient evidence in support of the second element of his Masha's Law claims and has introduced probative evidence creating genuine dispute of material fact as to whether the *Nevermind* album cover constitutes child

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

23

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

pornography. The Plaintiff's claim for an image that is actively possessed, distributed, sold, and profited from the moment of creation to the present day "…is consistent with Congress's remedial scheme for child victims[.]" *Doe v. Hesketh*, 828 F.3d 159, 168 (3rd Cir., 2016).

### 5. Plaintiff Provided Sufficient Evidence to Establish a Genuine Issue of Material Fact

Even though the Defendants failed to meet their burden of showing a lack of evidence, the Plaintiff has met his burden by presenting evidence of a genuine dispute of material fact. *See Friedman v. Live Nation Merch., Inc.,* 833 F .3d 1180, 1188 (9th Cir. 2016) (internal citations omitted). The issue of whether the *Nevermind* album cover constitutes sexual content and a lascivious exhibition of the Plaintiff's infant genitals "raises questions of material fact with respect to secondary meaning that may not be disposed of by the court alone." *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1263-64 (9th Cir. 2001). As described in detail below, "whether the [material] fall[s] within the statutory definition [of sexually explicit conduct] is a question of fact[.]" *United States v. Overton*, 573 F.3d 679, 688 (9th Cir. 2009) (citing *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987)). Especially where the image in question clearly depicts a display of a minor's genitals, this analysis is the "proper role for a trier of fact; it is not the role of a district court at the summary judgment stage where the issue is whether a triable issue of fact even exists." *Id; See Summers v. A. Teichert & Son, Inc.,* 127 F.3d 1150, 1152 (9th Cir. 1997) ("The court must not weigh the evidence or determine the truth of the matters asserted but must only determine whether there is a genuine issue for trial."). As explained further below, only a finder of fact can resolve whether the Plaintiff's image on the *Nevermind* album cover constitutes child pornography.

### 6. Plaintiff Provided Sufficient Evidence to Overcome Implausibility

Finally, the Plaintiff provided sufficient evidence in support of his claims to persuade the finder of fact that his claims are plausible. For these reasons and those

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

24

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

stated throughout, the Court should deny the Defendants' motion for summary judgment and allow this matter to proceed to trial. The Plaintiff has sufficiently introduced "'significant probative evidence tending to support the complaint.'" *Rosen v. Glob. Net Access, LLC,*, No. CV 10-2721-VBF(EX), 2011 WL 13127549, at *2 (C.D. Cal. Apr. 25, 2011) quoting *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997).

### 7. Whether the Album Cover Constitutes Child Pornography is a Genuine Dispute of Material Fact

#### (a) Plaintiff Provided Sufficient Evidence to Establish that the Album Cover meets the Sexual Content Element of his Masha's Law Claims

The Ninth Circuit has held that it is a "**factual determination** on whether any of the composite images are child pornography." *United States v. Adamson,* 411 F. App'x 17, 18 (9th Cir. 2010) (emphasis added). The image on the *Nevermind* album cover constitutes "child pornography" as defined by 18 U.S.C. 2256(8) and 2256(2)(A)(v). To be sure, 18 U.S.C. 2256(8) defines "Child Pornography", in pertinent part, as:

> any visual depiction, including any photograph, film video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicitly conduct, where -- (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

The image of Spencer on the cover of the *Nevermind* album is a "visual depiction," satisfying the first element. The issue is whether the second element is also satisfied—that the image depicts "sexually explicit[] conduct." 18 U.S.C. 2256(8)(A). Indeed, 18 U.S.C. 2256(2)(A) defines "sexually explicit conduct," in pertinent part, as "actual or simulated -- … (v) lascivious exhibition of the genitals, or pubic area of any person." Because the *Nevermind* album cover image exhibits Spencer's genitals or pubic, the trier of fact must make the necessary inquiry as to whether the image constitutes a lascivious exhibition of his genitals. "Lascivious" is

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                25

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

not defined by statute but has been discussed and interpreted by courts over the years.

As the Defendants concede, the seminal case on the meaning of "lascivious" is *United States v. Dost,* 636 F.Supp. 828 (S.D. Cal. 1986). In *Dost*, the defendant was indicted for using a minor to engage in sexually explicit conduct to produce visual depictions of such conduct, knowing receipt or distribution of visual depictions of a minor engaging in sexually explicit conduct, and conspiracy. The court was tasked with deciding on stipulated facts whether the images constituted "child pornography" and in particular whether they were "lascivious exhibitions."

The court noted that in 1984, Congress amended the existing law about child pornography by enacting the Child Protection Act of 1984. Among other things, the Act substituted the term "lascivious" in place of "lewd." Senator Spector explained the reason for the substitution: "Lewd" has in the past been equated with "obscene"; this change is thus intended to make it clear that an exhibition of a child's genitals does not have to meet the obscenity standard to be unlawful." 130 Cong. Rec. S3510, S3511 (daily ed. March 30, 1984). This change "conformed federal law to the Supreme Court's holding in *New York v. Ferber*, 458 U.S. 747 (1982) wherein the court affirmed that child pornography is outside the protection of the first amendment even where does not meet the "obscene" standard enunciated in *Miller v. California*, 14 U.S. 15 (1973). "The purpose behind enactment of the various protective laws known commonly as the 'kiddie porn' laws is to protect children from the harmful effects of this type of sexual exploitation." *Dost*, 636 F. Supp. at 831.

Quoting Justice O'Connor's concurrence in *Ferber*, 458 U.S. at 774-75, the *Dost* court wrote:

A 12-year-old child photographed while masturbating surely suffers the same psychological harm whether the community labels the photograph

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

'edifying' or 'tasteless.' The audience's appreciation of the depiction is simply irrelevant to [the state's] asserted interest in protecting children from psychological, emotional, and mental harm.

The *Dost* Court continued:

> Congress' intent, as evidenced by the change to subsection (E) terminology and other changes, was to broaden the scope of the exiting "kiddie porn" laws. Congress believed that the term "lewd" used in subsection (E) was too restrictive since it had been closely associated with the more stringent standard of obscenity. Dost, 638 F. Supp. at 831.

The *Dost* court then proceeded to set forth a non-exclusive and non-exhaustive list of factors that a trier-of-fact should consider in determining whether the visual image of a minor constitutes "lascivious exhibition of the genitals or pubic area":

> (1) whether the focal point of the visual depiction is on the child's genitals or public area;
>
> (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child;
>
> (4) whether the child is fully or partially clothed, or nude;
>
> (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer."

*Dost* at 832.

The court noted that "a visual depiction need not involve all of these factors

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

27

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

to be a 'lascivious exhibition of the genitals or pubic area.' The determination will have to be made based on the overall content of the visual depiction, taking into account the age of the minor." *Id.* Applying this muti-factor test, the *Dost* court found the images of the 14-year-old and 10-year-old girls, both posing alone and not engaging in sexual activity, to nevertheless constitute child pornography. In both cases, the focal point of images was on the girl's genital area and in unusual poses for their ages, suggesting a willingness to engage in sexual activity. *Dost* at 833.

(b) **Reasonable Juries Could Differ as to Whether the Album Cover Constitutes Child Pornography**

The overwhelming weight of the caselaw in this district supports the determination that the *Nevermind* album cover constitutes child pornography under *Dost*. In *Wiegand*, 812 F.2d 1239, the Ninth Circuit affirmed the holding in *Dost*, but did not ratify all the *Dost* court's analysis about whether the photographs constituted a "lascivious exhibition of the genitals" and hence constituted child pornography under sections 2251 and 2252. The court first noted that under 2252(E), the images do not need to depict sexual activity or willingness by the subject to engage in it. "The crime punished by the statutes against the sexual exploitation of children… does not consist in the cravings of the person posing the child or in the cravings of his audience. Private fantasies are not within the statute's ambit. The crime is the offense against the child – the harm 'to the physiological, emotional, and mental health' of the child…the 'psychological harm…the invasion of the child's vulnerability'…. These harms collectively are the consequential damages that flow from the trespass against the dignity of the child." *Wiegand*, 812 F.2d at 1245 (citations omitted). The *Wiegand* court affirmed the district court's finding that the pictures of girls ten and 17 years old not engaged in sexual activity nonetheless constituted child pornography as defined by statute because they exhibited the girls' genitals "lasciviously-- that is, so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur." *Id.* at 1244. "[Any] visual depiction need

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1   not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic
2   area.'" It matters whether "[t]he emphasis on the genitals is designed to elicit a
3   sexual response in the viewer, albeit perhaps not the "average viewer," but perhaps
4   in the pedophile viewer." *Id.*

5       Here, Spencer's image on the *Nevermind* album cover depicting his genitals
6   plausibly constitutes child pornography under the current case law. First, the focal
7   point of the picture is on Spencer's genitals and the photographer positioned the
8   camera to make Spencer's genitals appear enlarged. *United States v. Wells*, 843 F.3d
9   1251, 1256 (10th Cir. 2016) ("Though Wells did not edit the videos, freeze-frame
10  particular images from them, or zoom in on [the child], he did not have to do so to
11  make his stepdaughter's genitals the focal point of the videos…. By the location and
12  angle at which Wells positioned the camera, [the child's] pubic area was exposed
13  never more than a few feet from the camera[ ]….").

14      Second, the setting of the picture is sexually suggestive because the overall
15  content of the image shows a child underwater, unable to breathe, and who appears
16  grasping for a dollar like a sex worker. *United States v. McCall*, 833 F.3d 560, 561
17  (5th Cir. 2016) held that the "sexually explicit conduct" element was met based on
18  evidence that the defendant secretly recorded his niece showering in the family's
19  shared bathroom. When concluding that the videos depicted lascivious exhibitions,
20  the court noted documentary evidence supporting this conclusion. *Id.* at 564.
21  Likewise, the Plaintiff in this case introduced evidence of Kurt Cobain's journal
22  entries.

23      Third, infants cannot naturally swim, and it is not natural for a four-month-old
24  infant to be submerged underwater. In the *Nevermind* album cover image, Spencer is
25  depicted fully naked, gagged, and dunked underwater in an unnatural pose
26  considering his age of just 4 months old. Fourth, Spencer is fully nude. The
27  Defendants fail to dispute this factor adequately, and the additional evidence
28  supporting the Plaintiff's claims supports a finding by a reasonable jury that the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

29

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1   image is child pornography. Similarly, courts have held that secretly recorded

2   videotapes of a teenager "performing her daily bathroom routine," which resulted in

3   videos that depicted her when she was nude, were sufficient to support a conviction

4   for child pornography criminal offenses. *United States v. Holmes*, 814 F.3d 1246,

5   1247 (11th Cir. 2016). So too, contrary to the Defendants' arguments, "a lascivious

6   exhibition may be created […] even when the original depiction is one of an

7   innocent child acting innocently." *Id.* at 1252. Fifth, the prurient nature of the

8   picture suggests sexual coyness or a willingness to engage in sexual activity given

9   the juxtaposition of the dollar bill and the open display of Spencer's genitals for

10  consumption by the viewer.

11       Sixth, the *Nevermind* album cover image was intended to elicit a sexual

12  response in the viewer given that Cobain played a role in dictating the contents of

13  the *Nevermind* album cover and his own journals detailed sexually explicit and

14  sadistic images of children. Furthermore, the album "*Nevermind*" includes a song

15  that details the abduction and rape of a minor child, and Cobain noted that "closeted

16  pedophiles" may view the *Nevermind* album cover image for sexual

17  gratification. Under this sixth factor, the "apparent motive of the photographer **and**

18  **intended[ response of the viewer** are relevant" and "inform[ ] the meaning of

19  'lascivious.' " *United States v. Arvin*, 900 F.2d 1385, 1389, 1391 (9th Cir. 1990); *see*

20  *also Overton*, 573 F.3d at 689 (concluding that evidence demonstrating that images

21  were "intended and designed to elicit a sexual response in the voyeur" supported a

22  finding of lasciviousness).

23       The vast majority of relevant case law supports the plausibility of the

24  Plaintiff's claims. In *United States v. Spoor*, 904 F.3d 141, 148-50 (2d Cir. 2018), for

25  example, the Second Circuit decided a jury could reasonably find that secretly

26  recorded videos of boys urinating in a toilet and changing into swimsuits were

27  lascivious exhibitions of the boys' genitals. Concerning the sixth *Dost* factor, the

28  court in *Spoor* relied in part on evidence of the defendant's prior conduct. *Id*. The

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

30

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Tenth Circuit reached a similar conclusion in *Wells,* 843 F.3d at 1254–57, based on evidence that a defendant intentionally aimed a camera at his stepdaughter's shower and saved the nude footage of her. Because "lasciviousness is "not a characteristic of the child," it was "of no import" that the girl's behavior in the videos was "consistent with common bathroom activities." *Id.* at 1255.

Ignoring these analogous cases, the Defendants rely upon the Fifth Circuit's decision in *United States v. Steen*, 634 F.3d 822 (5th Cir. 2011). In that case, the Fifth Circuit reversed a conviction where the defendant had secretly filmed a sixteen-year-old girl in a tanning bed. The resulting video showed the girl's pubic region for $1/15^{th}$ of the length of the video in the corner of the frame. Most significantly, the focal point of the video was not the girl's genitals. Unlike in *Steen*, the display of Spencer's genitals is prominent and distinctly captured. In citing *Steen*, the Defendants overlook *McCall,* 833 F.3d at 561, discussed above. In *Osborne v. Ohio,* 495 U.S. 103, 104 (1990), the Supreme Court recognized that one of the harms of child pornography is that it "may be used by pedophiles to seduce other children." In this case, the Plaintiff provided sufficient evidence that the Defendants knew and contemplated the fact that pedophiles may access the *Nevermind* album cover in their discussions relating to its sale and distribution at Walmart and on Facebook.

Finally, the Defendants' reliance on *United States v. Perkins,* 850 F.3d 1109, 1121 (9th Cir. 2017) is unpersuasive and misplaced. The facts of this case are clearly distinguishable from *Perkins* because the Defendants here did not cover Spencer's genitals on the *Nevermind* album cover. The Ninth Circuit held in *Perkins* that a reasonable jury could not find that a fully nude selfie taken by a teenage girl depicted a lascivious exhibition of the girl's genitals because the child's genital area only appeared in the bottom corner of the image and relevant image in question had a dark shadow covering the girl's genitals. *Id.* Indeed, the *Perkins* case supports the determination that where a child's "genitals and pubic area were unobstructed and

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

31

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

prominent" an exhibition of the genitals is lascivious. *United States v. Boam,* 69 F.4th 601, 612 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 1345, 218 L. Ed. 2d 422 (2024). In *Boam,* the Ninth Circuit upheld the district court's finding that "the first, fourth, and sixth *Dost* factors could support a reasonable jury's conclusion that the videos were lascivious." *Id.* at 609.

## IV.    ARGUMENT 2: SUMMARY JUDGMENT BASED ON THE FIRST AMENDMENT

### A.    Defendants' Argument:  Defendants Are Entitled to Summary Judgment Because Liability Would Violate the First Amendment

For the reasons stated above, the undisputed evidence establishes that the Album Cover does not constitute child pornography under 18 U.S.C. §§ 2251(a) and 2256.  This ends the analysis.  However, were the Court to hold there is a triable issue of fact as to whether Album Cover constitutes child pornography under §§ 2251(a) and 2256, the statutes as applied to the Album Cover would violate the First Amendment.

No federal court has ever held an image, like the Album Cover, with undisputed and serious social, political, and artistic value, constitutes child pornography beyond the protections of the First Amendment.  In *New York v. Ferber*, 458 U.S. 747 (1982), in rejecting a facial challenge to a state child pornography law, the Supreme Court acknowledged that a "tiny fraction" of images covered by the child pornography law may be entitled to First Amendment protection, but held this "tiny fraction" was insufficient to strike down the law on its face.  *Id.* at 773.  In his concurring opinion, Justice Brennan agreed, but noted the analysis and result would be different where, as here, the law was in fact applied to "depictions of children that in themselves do have serious literary, artistic, scientific, or medical value."  *Id.* at 776 (Brennan, J., concurring).  Regarding such an as-applied challenge, Justice Brennan reasoned:

> The First Amendment value of depictions of children that are in themselves serious contributions to art, literature, or science, is, by definition, simply not "*de minimis.*"  See *ante,* at 3356–3357.  At the same time, the State's interest in suppression of such materials is likely

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

to be far less compelling.  For the Court's assumption of harm to the child resulting from the "permanent record" and "circulation" of the child's "participation," *ante*, at 3355, lacks much of its force where the depiction is a serious contribution to art or science.  The production of materials of serious value is not the "low-profile, clandestine industry" that according to the Court produces purely pornographic materials. See *ante*, at 3356.  ***In short, it is inconceivable how a depiction of a child that is itself a serious contribution to the world of art or literature or science can be deemed "material outside the protection of the First Amendment."***  See *ante*, at 3358.

*Id.* at 776-777 (emphasis added).

There can be no doubt that the Album Cover is a work of significant social, cultural, and artistic value.  The cover art has been named one of the most iconic album covers of all time by multiple art and music outlets, including Rolling Stone, Billboard, and Linearity, among others.  (SUF ¶ 34 (JA at p. 411 ¶ 2).)  It is part of MoMA's permanent collection.  (SUF ¶ 35 (JA at p. 411 ¶ 2).)  Its inclusion in these publications and institutions is just one indication of its importance to American modern art and culture.  The album has also been purchased forty million times, and has been and continues to be sold through major outlets worldwide.  (SUF ¶¶ 31-33 (JA at 61:23-25; 67:8-11; 95:24-96:22; 103:4-25; JA at 121:3-15; 124:17-25; JA at 73:22-74:5).)

Indeed, it would be an unconstitutional restriction of speech were §§ 2251(a) and 2256 read broadly enough to outlaw the Album Cover, which innocently depicts child nudity as part of a significant socio-political commentary.

This was one reason the Supreme Court struck down the Child Pornography Prevention Act of 1996 ("CPPA") in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).  In striking down the CPPA on its face, the Court emphasized that it was impermissible to prohibit speech without taking into consideration the serious literary, artistic, political, or scientific value of the work.  *Id.* at 246.  The Court found that the statute would prohibit "the visual depiction of an idea—that of teenagers engaging in

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

sexual activity—that is a fact of modern society and has been a theme in art and literature throughout the ages." *Id*. at 248. The Court noted the absurdity that would result if the average person in possession of films that contained underage sex scenes were punished for possession of child pornography without any inquiry into the work's redeeming artistic value. *Id.* So, too, here. Proscribing the Album Cover would make criminals of millions of innocent citizens in possession of a culturally and artistically significant work.

Undoubtedly, an interpretation of §§ 2251(a) and 2256 that proscribes the Album Cover would raise serious constitutional questions, which militates heavily against such an interpretation. "[I]t is a cardinal principle" of statutory interpretation that when a statute raises "a serious doubt" as to its constitutionality, "this Court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided." *Crowell v. Benson*, 285 U.S. 22, 62 (1932). As explained above, such a construction of §§ 2251(a) and 2256 is "fairly possible," and is in fact warranted, as applied to the Album Cover.

Defendants are entitled to summary judgment on their constitutional defense.

**B.    Plaintiff's Response**

**1.    Defendants Fail to Provide Adequate Notice to the Government of First Amendment Claims**

First and foremost, the Defendants' First Amendment arguments are procedurally improper. Fed. R. Civ. P. 5-1; Civil Local Rule 3-8(a). The Defendants have failed to provide adequate notice to the Government on these claims. "Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *United States v. Alexander,* 106 F. 3d 874, 876 (9th Cir. 1997). (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.) (cert. denied 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993).

**2.    Defendants Fail to Meet Their Burden in Showing Evidence Sufficient for a Directed Verdict on First Amendment Claims**

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067
604431188.2
34
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

As to the merits of the Defendants' arguments referencing their First Amendment Affirmative Defense, the Defendants as the moving party also bear the burden of proof at trial, and they must meet that burden by citing to evidence which would result in a directed verdict if undisputed at trial. See *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991); *Transamerica Premier Life Ins. Co. v. Guy*, 2021 WL 2647021, at *6 (E.D. La. Jun. 28, 2021)). Summary judgment as to an issue for which the moving party bears the burden of proof should only be granted where the evidence is such that it "would require a directed verdict for the moving party." *Sartor v. Arkansas Gas Corp.,* 321 U.S. 620, 624, 64 S.Ct. 724, 727, 88 L.Ed. 967 (1944). That is not the case here.

The Defendants' factual allegations regarding the Plaintiff or his parents behavior regarding the Album Cover over the past thirty or more years are inconsequential to the determination of whether the image constitutes child pornography under the law. Such allegations regarding Plaintiffs own behavior are also irrelevant to the issue of liability. Many victims of child pornography offense partake in similarly illogical behavior and often, unlike Spencer, play a conscious role in creating the child pornography images depicting them. This behavior does not erode victim status.

In providing no evidence which would result in a directed verdict, the Defendants fail to meet this burden. Furthermore, the Defendants fail to argue that no reasonable juror could find that the Album Cover is child pornography and instead ask this Court to decide which is reserved solely for the trier of fact unless no reasonable jury could determine otherwise. "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Wilkerson v. McCarthy,* 336 U.S. 53, 62, 69 S.Ct. 413, 417, 93 L.Ed. 497 (1949). Thus, summary judgment is improper in this case because reasonable minds may differ

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                                   35

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1  about whether the second element of Plaintiff's Masha's Law claim regarding sexual

2  content.

### 3. Child Pornography is not Protected by the First Amendment and Plaintiff's Claims are Constitutionally Sound

The Defendants' constitutional challenges to Masha's Law in support of their

Motion for Summary Judgment are merely facial challenges dressed up in as-

applied challenge clothing. The Defendants' misplaced reliance on the decision is

*Ashcroft* clearly support a challenge to the constitutionality of the statute on its face.

*Ashcroft v. Free Speech Coal.,* 535 U.S. 234, 257, 122 S. Ct. 1389, 1405, 152 L. Ed.

2d 403 (2002). The Defendants incorrectly illustrate the holding in *Ashcroft* which

struck down a child protection statute because it was not limited only to child

pornography, obscenity, and unprotected speech, but also included prohibitions on

potentially harmful but protected speech. *Id.* Indeed, the CPPA statute in *Ashcroft*

was found to be unconstitutional on its face because the statute itself went beyond

the scope and bounds of §2256(8). *Id.* Here, Plaintiff's claims are soundly within the

scope and bounds of §2256(8). Despite the Defendants' mischaracterization of the

decision, *Ashcroft* held that the CPPA unconstitutionality prohibited "virtual child

pornography" which does not depict a real identifiable child and is thus not child

pornography. Despite the Defendants' arguments, this case is not on all fours with

*Ashcroft* at all. Here, the Plaintiff Spencer Elden is the real person depicted on the

Album Cover and his identity is not in dispute.

Similarly, the Defendants' citation to dicta noted in Justice Brennan's

concurring decision in *Ferber* regarding a hypothetical matter not before the court is

unpersuasive and non-binding. In *New York v. Ferber*, 458 U. 747 (1982), the

Supreme Court considered a First Amendment attack on a New York statute that

criminalized the distribution of the depiction of the sexual performance by a child.

The traditional rule is that "a person to whom a statute may constitutionally be

applied may not challenge that statute on the ground that it may conceivably be

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

36

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

applied unconstitutionally to others in situations not before the Court." *Id.* The *Ferber* court further noted: "we have sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights." *Id.* at 757. The Court described the protection of children from abuse as "a government objective of surpassing importance." *Id.* at 757. And noted that "The legislative judgment, as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." *Id.* at *758.*

The *Ferber* Court also recognized that "[t]he distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children in at least two ways. First, the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. Second, the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled. Indeed, there is no serious contention that the legislature was unjustified in believing that it is difficult, if not impossible, to halt the exploitation of children by pursuing only those who produce the photographs and movies." *Id.* 759-760. The *Ferber* Court explicitly rejected the argument that to pass constitutional muster a governmental action focused on the sexual depiction of children cannot restrict the depiction of non-obscene images as is the case with adult pornography statutes:

> The Miller standard, like all general definitions of what may be banned as obscene, does not reflect the State's particular and more compelling interest in prosecuting those who promote the sexual exploitation of children. Thus, the question under the Miller test of whether a work, taken as a whole, appeals to the prurient interest of the average person bears no connection to the issue of whether a child has been physically or psychologically harmed in the production of the work. Similarly, a

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2

37

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

sexually explicit depiction need not be "patently offensive" in order to have required the sexual exploitation of a child for its production." *Id.* at 761.

And the *Ferber* Court rejected the argument that a sexualized image of a child receives first amendment protection if, as is true for adult pornography, the "work, which, taken on the whole . . . contains serious literary, artistic, political, or scientific value. . . ." *Id. at 761.* "'It is irrelevant to the child [who has been abused] whether or not the material … has a literary, artistic, political or social value.'" *Id. at* 761 (quoting Memorandum of New York Assemblyman in support of law under consideration).

The *Ferber* court contrasted the first amendment restrictions applied to child and adult pornography in three respects: "[a] trier of fact need not find that the material appeals to the prurient interest of the average person; it is not required that sexual content portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole." *Id.* at 764. The *Ferber* case instructs us that states may legitimately protect the dignity and psychological well-being of children by forbidding child pornography. "A democratic society rests, for its continuance, upon the healthy, well-rounded growth of young people into full maturity as citizens." *New York v. Ferber*, 102 S. Ct. 3348, 3354 (1982) *quoting Prince v. Massachusetts*, 64 S.Ct. 438, 443 (1944). The Court construed Penal Code section 311.4 to encompass not only a nude exhibition of the pubic or rectal area, but, in appropriate cases, exhibitions focusing unnaturally upon a child's underwear or bikini-clad pubic or rectal area serves the purpose of protecting the dignity and psychological well-being of children.

Notably, the Legislature did not require a "nude" exhibition in Penal Code section 311.4, subsection (d). Presumably, the Legislature was aware that for some pedophiles, furtive glimpses of a child's underwear-covered genitals is sexually stimulating. The stimulation these pedophiles feel is constitutionally protected.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Nevertheless, the Legislature could reasonably conclude that such photography is unacceptable if the photographer obtains his pictures by exploiting his subject and reducing the child to a sexual object in order to satisfy the cravings of an audience of pedophiles. A child should not have to face a lifetime of knowing that a permanent record has been made of his or her abasement. *People v. Kongs*, 30 Cal. App. 4th 1741, 1754, 37 Cal. Rptr. 2d 327, 334 (1994), as modified (Jan. 18, 1995) (emphasis added).  In sum, the Album Cover image depicts a display of an infant child's fully nude genitals, and the trier of fact must determine whether the display of Plaintiffs genitals is lascivious.

## V.    CONCLUSION

### A.    Defendants' Conclusion

For the foregoing reasons, the Court should (1) grant Defendants' summary judgment on Plaintiff's 18 U.S.C. § 2255 claim because the undisputed evidence shows that the Album Cover does not constitute child pornography; (2) grant Defendants' summary judgment on their defense that the First Amendment prohibits application of § 2255 to the Album Cover.

### B.    Plaintiff's Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court Deny Defendants' Motion for Summary Judgment and allow this case to proceed to trial.

DATED:  October 21, 2024          KENDALL BRILL & KELLY LLP


By:    _/s/ Jeffrey M. Chemerinsky_
         Jeffrey M. Chemerinsky
         Attorneys for Defendants UMG
         Recordings, Inc., Nirvana, L.L.C.,
         Courtney Love (as Executor of Estate of
         Kurt Cobain), Krist Novoselic, David
         Grohl, and Kirk Weddle

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2                    39

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

DATED: October 21, 2024        JACKSON WALKER L.L.P.

By: _____*/s/ Joshua A. Romero*_____
     Joshua A. Romero (admitted *pro hac vice*)
     Attorneys for Defendant Kirk Weddle

DATED:  October 23, 2024       MARSH LAW FIRM PLLC

By: _____*/s/ Margaret Mabie*_____
     James R. Marsh
     Robert Y. Lewis
     Margaret Mabie
     Attorneys for Plaintiff Spencer Elden

## **ATTESTATION UNDER LOCAL RULE 5-4.3.4**

I, Bert H. Deixler, attest that the above-listed signatories on whose behalf this document is being filed have concurred in the filing's content and have authorized the filing.

DATED: October 23, 2024        KENDALL BRILL & KELLY LLP

By: _____*/s/ Jeffrey M. Chemerinsky*_____
     Jeffrey M. Chemerinsky

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604431188.2         40

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT