1  KENDALL BRILL & KELLY LLP
Bert H. Deixler (State Bar No. 70614)
2    *bdeixler@kbkfirm.com*
Jeff M. Chemerinsky (State Bar No. 270756)
3    *jchemerinsky@kbkfirm.com*
David T. Freenock (State Bar No. 332239)
4    *dfreenock@kbkfirm.com*
Tiana S. Baheri (State Bar No. 330835)
5    *tbaheri@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
6  Los Angeles, California 90067
Telephone: 310.556.2700
7  Facsimile:  310.556.2705

8  Attorneys for Defendants UMG
Recordings, Inc., Nirvana, L.L.C.,
9  Courtney Love (as Executor of Estate of
Kurt Cobain), Krist Novoselic, David
10  Grohl, and Kirk Weddle

11

12  JACKSON WALKER L.L.P.
Joshua A. Romero (admitted *pro hac vice*)
13    *jromero@jw.com*
Emilio B. Nicolas (admitted *pro hac vice*)
14    *enicolas@jw.com*
100 Congress Avenue, Suite 1100
15  Austin, Texas 78701
Telephone: 512.236.2000
16  Facsimile:  512.236.2002
17

18  Attorneys for Defendant Kirk Weddle

19              **UNITED STATES DISTRICT COURT**

20            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  SPENCER ELDEN, | Case No. 2:21-cv-06836-FMO-AGR |
| 22              Plaintiff, | **SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| 23       v. | |
| 24  NIRVANA, L.L.C., *et al.*, | |
| 25              Defendants. | Judge:  Hon. Fernando M. Olguin |
| 26 | Crtrm:  6D |
| 27 | Date:  December 5, 2024 |
| | Time:  10:00 a.m. |

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................... 1

II.  ARGUMENT ......................................................................................................... 2

    A.   Plaintiff Fails to Offer or Cite to Evidence in Opposition ...................... 2

    B.   Plaintiff Fails to Raise a Genuine Dispute of Material Fact
       Regarding Lasciviousness ......................................................................... 2

    C.   An Interpretation of the Statute that Sweeps in the Album Cover
       Would Raise Serious Constitutional Questions ....................................... 8

    D.   Plaintiff's Categorical Rule Barring Summary Judgment Should
       Be Rejected .............................................................................................. 10

III. CONCLUSION ..................................................................................................... 10

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

i

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1

## **TABLE OF AUTHORITIES**

2

3
**Page(s)**

4
**Cases**

5
*Ashcroft v. Free Speech Coalition*,
6
   535 U.S. 234 (2002) ................................................................................................9

7
*United States v. Boam*,
   69 F.4th 601 (9th Cir. 2023) ..............................................................................6
8

9
*United States v. Brown*,
   579 F.3d 672 (6th Cir. 2009) ..............................................................................6
10

*Clicks Billiards, Inc. v. Sixshooters, Inc.*,
11
   251 F.3d 1252 (9th Cir. 2001) .........................................................................10
12

*Crowell v. Benson*,
13
   285 U.S. 22 (1932) ............................................................................................8

14
*Doe v. Chamberlin*,
15
   299 F.3d 192 (3d Cir. 2002) ..............................................................................2

16
*United States v. Dost*,
17
   636 F. Supp. 828 (S.D. Cal. 1986) ...........................................................*passim*

18
*New York v. Ferber*,
   458 U.S. 747 (1982) ......................................................................................9, 10
19

20
*Forsberg v. Pacific N.W. Bell Tel. Co.*,
   840 F.2d 1409 (9th Cir. 1988) ...........................................................................2
21

*United States v. Hill*,
22
   459 F.3d 966 (9th Cir. 2006) ............................................................................3
23

*United States v. Jin Fuey Moy*,
24
   241 U.S. 394 (1916) ..........................................................................................8

25
*United States v. McCall*,
26
   833 F.3d 560 (5th Cir. 2016) .....................................................................3, 4, 7

27
*Orr v. Bank of America*,
28
   285 F.3d 764 (9th Cir. 2002) ............................................................................2

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

i

*United States v. Overton*,
    573 F.3d 679 (9th Cir. 2009) ................................................................................. 10

*P & P Imports LLC v. Johnson Enterprises, LLC*,
    46 F.4th 953 (9th Cir. 2022) ................................................................................. 10

*United States v. Spoor*,
    904 F.3d 141 (2d Cir. 2018) ................................................................................... 7

*United States v. Villard*,
    885 F.2d 117 (3d Cir. 1989) ................................................................................... 3

*United States v. Wallenfang*,
    568 F.3d 649 (8th Cir. 2009) ................................................................................. 7

*United States v. Wells*,
    843 F.3d 1251 (10th Cir. 2016) ............................................................................. 5

*United States v. Wiegand*,
    812 F.2d 1239 (9th Cir. 1987) ............................................................................... 3

*United States v. Zadeh*,
    820 F.3d 746 (5th Cir. 2016) ................................................................................. 9

*Zellmer v. Meta Platforms, Inc.*,
    104 F.4th 1117 (9th Cir. 2024) .............................................................................. 2

**Statutes**

18 U.S.C. § 2251 .......................................................................................... 3, 8, 9, 10

18 U.S.C. § 2256 .......................................................................................... 3, 8, 9, 10

**Rules**

Federal Rule of Civil Procedure 5.1 ............................................................................. 9

Federal Rule of Civil Procedure 56 ......................................................................... 1, 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

ii

1    **I.    INTRODUCTION**

2        The Court should grant summary judgment for three reasons:

3        First, Plaintiff fails to cite to any admissible evidence in his opposition, citing

4    *exclusively* to the allegations in his Complaint.  (Joint Brief, pp. 6-7.)  A nonmoving

5    party cannot defeat summary judgment with a restatement of his allegations.  Nor

6    are Plaintiff's vague references to "evidence" sufficient.  Plaintiff is required to set

7    forth specific facts—with evidentiary support—showing a genuine dispute of

8    material fact.  He fails to do so.

9        Second, even were there evidentiary support for Plaintiff's allegations,

10   Plaintiff fails to cite case law showing his chosen "facts" are relevant under the

11   substantive law that applies, i.e., whether the Album Cover is a "lascivious

12   exhibition" under the *Dost* factors.  Plaintiff's *Dost* analysis spans four paragraphs,

13   (*see* Joint Brief, pp. 29-30), and consists entirely of regurgitated allegations,

14   conclusory assertions, and invention.

15       Third, Plaintiff fundamentally misunderstands Defendants' constitutional

16   argument and thus fails to address it in his opposition.  Plaintiff does not dispute (1)

17   the Album Cover has serious social, political, and artistic value; (2) no federal

18   decision has ever held an image, like the Album Cover, with undisputed and serious

19   social, political, and artistic value, constitutes child pornography and is beyond the

20   protections of the First Amendment; (3) such a holding would undoubtedly raise

21   serious doubts as to the constitutionality of the child pornography statues; and (4)

22   the Court should avoid the constitutional question based on the undisputed evidence.

23       Unable to overcome the undisputed evidence and applicable law, Plaintiff

24   dedicates the bulk of his opposition to stating (and restating) the summary judgment

25   standard, culminating in Plaintiff inventing a categorical rule that a jury must always

26   decide whether an image is child pornography.  This is wrong.  Under Federal Rule

27   of Civil Procedure 56, *the court* shall grant summary judgment where, as here, "the

28   movant shows that there is no genuine dispute as to any material fact and the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650                                    1

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  movant is entitled to judgment as a matter of law."  Plaintiff's misapprehension of

2  the law is based on his misguided reliance on ***criminal*** cases.  This is not a criminal

3  case.  In ***civil*** cases, courts have done exactly what Defendants are requesting here:

4  grant summary judgment on a child pornography claim where there is no genuine

5  dispute of material fact justifying the case going forward to a jury.  *See, e.g.*, *Doe v.*

6  *Chamberlin*, 299 F.3d 192, 196 (3d Cir. 2002) (affirming district court grant of

7  summary judgment based on determination that, other than plaintiffs being

8  unclothed, no reasonable juror could find a *Dost* factor present).

9  **II.   ARGUMENT**

10       **A.   Plaintiff Fails to Offer or Cite to Evidence in Opposition**

11       It is well-settled that the "nonmoving party may not rest upon mere

12  allegations or denials of his pleading, but must set forth specific facts showing that

13  there is a genuine issue for trial."  *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117,

14  1122 (9th Cir. 2024) (internal quotation marks omitted).  Plaintiff's opposition relies

15  exclusively on the allegations in his Complaint.  (Joint Brief, pp. 6-7, 29-30.)

16  Summary judgment is warranted on this basis alone.

17       Plaintiff's sporadic and vague references to the "evidence" he submitted with

18  his opposition do not cure this fatal flaw.  *See Orr v. Bank of America*, 285 F.3d

19  764, 775 (9th Cir. 2002) (failure to cite page and line numbers of exhibits offered in

20  opposition to motion for summary judgment warranted court's exclusion of that

21  evidence); *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir.

22  1988) (a district court is "not required to comb the record to find some reason to

23  deny a motion for summary judgment"); *see also* Dkt. 50 at 2 ("Failure to cite to

24  evidence in support of a factual assertion may be deemed a party's admission that it

25  lacks evidence of that fact.").

26       **B.   Plaintiff Fails to Raise a Genuine Dispute of Material Fact**
             **Regarding Lasciviousness**

27

28  Plaintiff's discussion of the "lascivious exhibition" prong of "sexually explicit

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

2

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    conduct" confirms summary judgment is appropriate.    18 U.S.C. §§ 2251(a),

2    2256(2)(A)(v).    To determine whether an image constitutes a "lascivious

3    exhibition," courts look to the six non-exhaustive *Dost* factors.    *United States v.*

4    *Wiegand*, 812 F.2d 1239 (9th Cir. 1987).    Plaintiff's *Dost* analysis spans four

5    paragraphs, (see Joint Brief, pp. 29-30), and lacks any basis in fact or law.    As

6    explained above, Plaintiff does not cite to admissible evidence in his *Dost*

7    analysis—or anywhere else.    Plaintiff also repeatedly fails to provide any authority

8    to show his chosen "facts" are relevant to the *Dost* factors, much less sufficient to

9    raise a genuine dispute of material fact regarding lasciviousness.

10         First, there is no dispute that the child on the Album Cover is nude.[1]    There is

11    also no dispute that the law requires more than nudity.    *United States v. Hill*, 459

12    F.3d 966, 970 (9th Cir. 2006) ("[N]ot all images of nude children are

13    pornographic."); *United States v. Villard*, 885 F.2d 117, 124 (3d Cir. 1989).

14         Second, Plaintiff's asserts "the setting" of the Album Cover is "sexually

15    suggestive" because the "image shows a child underwater, unable to breathe, and

16    who appears grasping for a dollar like a sex worker."  (Joint Brief, p. 29.)  This is a

17    non sequitur.    Plaintiff does not dispute the setting of the Album Cover is a

18    nondescript body of water, which is in fact a public pool.    No decision has ever held

19    this setting is sexually suggestive.  (Joint Brief, pp. 9-10.)  This is not a bed or

20    bedroom.    Plaintiff's case authority, *United States v. McCall*, 833 F.3d 560 (5th Cir.

21    2016), does not even analyze this *Dost* factor, let alone hold any setting similar to

22    the Album Cover is sexually suggestive.[2]  Plaintiff's assertion that the Album Cover

23

24    [1] In his opposition, Plaintiff reframes undisputed facts as disputed.  For example, Plaintiff asserts "Defendants fail to dispute this factor [nudity] adequately," but

25    Defendants do not dispute this factor at all.  (Joint Brief, p. 29.)

26

27    [2] Plaintiff's reliance on *McCall* is inexplicable.  As part of his guilty plea, McCall admitted he secretly and "carefully positioned and aimed the lens of the camera with

28    the intent of obtaining images of the genitals/pubic area of [the child], as well as her

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650                                          3

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  depicts the child "grasping for a dollar bill like a sex worker" is a regurgitation of

2  his identical allegation in his Complaint, which both (1) lacks any evidentiary

3  support; and (2) is irrelevant to this *Dost* factor.

4        Third, Plaintiff asserts the child is in an unnatural pose because "infants

5  cannot swim, and it is not natural for a four-month-old to be submerged

6  underwater." (Joint Brief, p. 29.) Plaintiff offers no factual or legal support for his

7  assertion that it is "not natural" for an infant to be in a pool with his parents and

8  lifeguard in tow. Even crediting this assertion, Plaintiff conflates whether the

9  setting of the Album Cover is unnatural with whether the child is in an unnatural

10  position or pose in the setting. Testimony from percipient witnesses—and the

11  image itself—confirm that the child was not posed. (Dkt. 100-1, Statement of

12  Uncontroverted Facts ("SUF") ¶ 17 (Joint Appendix ("JA") at 49:6-7; 49:10-16; JA

13  at 70:4-16; 70:22-71:2; 71:7-15; 72:13-24; JA at 119:6-120:8); SUF ¶¶ 21-22 (JA at

14  47:13-48:15)). Plaintiff ignores the on-point case law Defendants cite regarding this

15  *Dost* factor, which details unnatural positions and poses, and fails to cite even a

16  single case to support his contrary argument. (Joint Brief, pp. 10-12.)[3]

17        Fourth, Plaintiff asserts, in conclusory fashion, that the genitals are the focal

18  point because "the focal point of the picture is on Spencer's genitals." (Joint Brief,

19  p. 29.) Plaintiff does not dispute that none of the factors that courts have found to

20  emphasize the genitals are present. Although Defendants address these factors and

21  the relevant case authority at length, (see Joint Brief, pp. 12-14), Plaintiff simply

22

23  breasts," and further "acknowledged to a probation officer that he intentionally
   made still shots that focused and zoomed in on [the child's] breasts and genitals …

24  to arouse himself during masturbation." *McCall*, 833 F.3d at 562.

25  [3] Plaintiff also asserts the child was "gagged." (Joint Brief, p. 29.) The Album

26  Cover proves this assertion is false. To the extent Plaintiff means the child was
   momentarily holding his breath, Plaintiff fails to explain how this is (1) unnatural or

27  (2) relevant to the position or pose of the child. It is neither.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

4

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1   ignores them, and instead invents that Mr. Weddle "positioned the camera to make

2   Spencer's genitals appear enlarged." (Joint Brief, p. 29.)  There is no evidentiary

3   support for this assertion.  The testimony from every percipient witness confirms

4   that Mr. Weddle did not pose Plaintiff, did not position the camera to focus on

5   Plaintiff's genitals, and did nothing to make the genitals appear enlarged. (SUF ¶ 17

6   (Joint Appendix ("JA") at 49:6-7; 49:10-16; JA at 70:4-16; 70:22-71:2; 71:7-15;

7   72:13-24; JA at 119:6-120:8); SUF ¶¶ 21-22 (JA at 47:13-48:15)).  The undisputed

8   evidence shows that Plaintiff's parents dropped him in the pool for a few seconds,

9   and Mr. Weddle captured as many frames of Plaintiff as he could. (*Id.*)

10       These facts are nothing like those in *United States v. Wells*, 843 F.3d 1251

11  (10th Cir. 2016), the only case Plaintiff cites. (Joint Brief, p. 29).  In *Wells*, the

12  court noted Wells "placed a camera in at least four different locations in the

13  bathroom, always aimed at the toilet and shower," to ensure the child's "pubic area

14  was exposed never more than a few feet from the camera's prying lens."  *Id.* at

15  1256.  Wells even entered the bathroom while the child was showering to adjust the

16  camera to center on the child's genitals.  *Id.* at 1256 ("He appears to lean into the

17  shower.  He then adjusts the camera, angling it so as to afford a wider view of the

18  shower.  When [the child] emerges from the shower, her genitals are fully visible.

19  Because the camera is perched on a wire rack, near waist level, her genitals are

20  centered in the frame.").[4]

21       Fifth, Plaintiff asserts the Album Cover suggests sexual coyness given "the

22  prurient nature of the picture," "juxtaposition of the dollar bill," and "open display

23  of Spencer's genitals." (Joint Brief, p. 30.)  Plaintiff misconstrues this *Dost* factor,

24  which *Dost* itself found inapplicable to infants.  *United States v. Dost*, 636 F. Supp.

25  _____

    [4] Wells also admitted that he culled his videos and saved only the videos depicting
26  the child naked—discarding the videos that captured the child clothed—which
    confirmed the focal point of the videos was the child's genitals and breasts. *Wells*,
27  843 F.3d at 1255.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650                                   5

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

828, 832 (S.D. Cal. 1986) ("A child of very tender years, because of his innocence in matters sexual, would presumably be incapable of exuding sexual coyness. Sexual coyness is an expression outside the young child's range of experience."); *see also United States v. Brown*, 579 F.3d 672, 681 (6th Cir. 2009)("Moreover, whether the depiction suggests 'sexual coyness or a willingness to engage in sexual activity,' is not applicable given the age of the toddlers.").  Once more, Plaintiff ignores this on-point authority and cites no authority to the contrary.

As to the last *Dost* factor, Plaintiff does not even argue the photographer, Mr. Weddle, or anyone involved in the photoshoot, including Plaintiff's parents, had any sexual intent or purpose.  Instead, Plaintiff argues that Mr. Cobain—who did not take photograph and in fact was not even present during the photoshoot—had a sexual intent and purpose.  But Plaintiff offers no authority that the supposed intent of a **nonparticipant** in the production of the image is relevant to the *Dost* analysis.  Ninth Circuit law is directly to the contrary.  *See United States v. Boam,* 69 F.4th 601, 612 (9th Cir. 2023) ("the apparent motive of the **photographer**" is relevant).

Plaintiff's improper attempt to expand the last *Dost* factor to reach individuals **whose intent was not brought to bear on the image** should be rejected.  It is undisputed that Mr. Cobain's involvement was limited to telling the Geffen artistic director, Robert Fisher, that he had seen a video of a home birth and wanted the Album Cover to reference a home birth.  (SUF ¶¶ 7-8 (JA at p. 6, ¶¶ 6-7).)  This suggestion was not accepted, and Mr. Cobain had no further involvement in the production of the Album Cover—Mr. Cobain did not take the photograph or direct Mr. Weddle in taking the photograph.  (SUF ¶ 15 (JA at 68:10-69:14; JA at 117:3-8, 117:17-118:11, 118:15-17).)  Mr. Cobain did not edit the photograph, or even select which photograph would be used for the Album Cover.  (JA at p. 8, ¶ 14.)

Even were Mr. Cobain's intent relevant, Plaintiff presents no admissible evidence of his intent regarding the Album Cover.  Instead, Plaintiff attempts to pass off a recitation of his allegations as evidence.  (Joint Brief, pp. 6-7, 29-30.)

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

6

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1    First, Plaintiff relies upon what he purports are excerpts from Kurt Cobain's

2  diary.  (Joint Brief, pp. 6, 29-30.)  There is no evidence that the unauthenticated

3  diary entries are what Plaintiff purports them to be in his allegations. (*See*

4  Defendant's Evidentiary Objections at pp. 2, 7.)  Not a single witness testified the

5  unauthenticated diary entries were used or relied upon in producing the Album

6  Cover or have any relationship to the Album Cover at all.  Rather, Plaintiff merely

7  asks the Court to credit his allegations standing alone.[5]

8    Second, Plaintiff relies upon Mr. Cobain's purported comment about people

9  being offended by the Album Cover.  (Joint Brief, p. 7.)  Again, Plaintiff cites only

10  to his allegations, which are not evidence.  In any event, Mr. Cobain's comment is

11  about the absurdity of any accusation that the image has a sexual connotation.

12    Even were this "evidence" admissible, it is nothing like the evidence of intent

13  courts consider under *Dost.   See, e.g., McCall*, 833 F.3d at 562 ("[Defendant]

14  acknowledged to a probation officer that he intentionally made still shots that

15  focused and zoomed in on Doe's breasts and genitals and that he created the video

16  and stills to arouse himself during masturbation"); *United States v. Spoor*, 904 F.3d

17  141, 146 (2d Cir. 2018) ("[Defendant] admitted … that there was child

18  pornography, which he had downloaded from the internet, on his computers and that

19  he was attracted primarily to boys, aged approximately 13."); *United States v.

20  Wallenfang*, 568 F.3d 649, 659 (8th Cir. 2009) (defendant's publication of pictures

21  in a group used by people interested in child pornography gave jury reasonable

22  grounds to find defendant sought to create a sexual response in the viewers).

23    Apart from the *Dost* factors, Plaintiff fails to address the unique collection of

24  circumstances surrounding the Album Cover, including Plaintiff's repeated lifelong

25
[5] Plaintiff similarly points to a song titled "Polly."  (Joint Brief, pp. 6-7, 29-30.)
26  Plaintiff's references to the song are conclusory, and again Plaintiff cites exclusively
to the allegations in the Complaint.  More importantly, Plaintiff does not explain
27  how the song is relevant to the Mr. Cobain's supposed intent as to the Album Cover.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650                                          7
SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  pattern of drawing attention to being on the Album Cover, law enforcement

2  declining to investigate the Album Cover, the widespread commercial sales by

3  leading retailers worldwide (setting it apart from anything resembling the normal

4  marketplace for child pornography), and the participation of Plaintiff's parents in the

5  production.  Even if no single fact is dispositive, as Plaintiff argues (*see* Joint Brief,

6  p. 23), these facts, taken together, set this case far apart from any in which an image

7  has been found to be child pornography.  In sum, Plaintiff comes nowhere close to

8  carrying his burden, and Defendants are entitled to summary judgment.

9       **C.    An Interpretation of the Statute that Sweeps in the Album Cover**

10           **Would Raise Serious Constitutional Questions**

11       Plaintiff fundamentally misunderstands Defendants' constitutional savings

12  canon argument, which dictates that "[a] statute must be construed, if fairly possible,

13  so as to avoid not only the conclusion that it is unconstitutional, but also grave

14  doubts upon that score."  *United States v. Jin Fuey Moy*, 241 U.S. 394, 401 (1916).

15  As Defendants explained, an interpretation of 18 U.S.C. §§ 2251(a) and 2256 that

16  proscribes the Album Cover would violate the First Amendment and undoubtedly

17  raise serious constitutional questions, which militates heavily against such an

18  interpretation.  "[I]t is a cardinal principle" of statutory interpretation that when a

19  statute raises "a serious doubt" as to its constitutionality, "this Court will first

20  ascertain whether a construction of the statute is fairly possible by which the

21  question may be avoided."  *Crowell v. Benson*, 285 U.S. 22, 62 (1932).  Because

22  such a construction of §§ 2251(a) and 2256 is "fairly possible," and is in fact

23  compelled by the undisputed evidence, the Court should avoid the constitutional

24  question and find §§ 2251(a) and 2256 do not proscribe the Album Cover.

25       Plaintiff's Opposition ignores this argument entirely, resting instead on

26  inapposite procedural arguments and misinterpretations of the law.

27       First, Plaintiff mistakenly argues that Defendants' constitutional savings

28  argument is defective because Defendants failed to give notice to the government

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650                                  8

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  under Federal Rule of Civil Procedure 5.1.  (Joint Brief, p. 34.)  But Plaintiff offers

2  no authority for the proposition that the savings canon—which counsels courts to

3  construe statutes ***to avoid*** constitutional questions—"draws into question" the

4  constitutionality of the statute under Rule 5.1.  And although the Ninth Circuit has

5  not addressed this issue, sister circuits have held a statute is not drawn into question

6  under Rule 5.1 when a party mounts an as-applied challenge.  *See United States v.*

7  *Zadeh*, 820 F.3d 746, 754 (5th Cir. 2016).  This makes sense.  A statute's

8  constitutionality is not "drawn into question" when it is deemed unconstitutional

9  only as-applied to a narrow set of facts.[6]

10        Second, Plaintiff's assertion that Defendants have not supplied evidence in

11  support of their savings canon argument is false.  Defendants introduced the Album

12  Cover as well as evidence of its social, political, and artistic value.  (SUF ¶ 39 (JA at

13  pp. 137-343); SUF ¶ 40 (JA at pp. 344-356).)  No federal court has ever held an

14  image like the Album Cover, with undisputed and serious social, political, and

15  artistic value, constitutes child pornography unprotected by the First Amendment.

16  In his concurrence in *New York v. Ferber*, 458 U.S. 747 (1982), Justice Brennan

17  addressed the serious constitutional question that would confront this Court were §§

18  2251(a) and 2256 interpreted to proscribe the Album Cover.  As Justice Brennan

19  concluded: "it is inconceivable how a depiction of a child that is itself a serious

20  contribution to the world of art or literature or science can be deemed material

21  outside the protection of the First Amendment."  *Id.* at 776-777 (cleaned up).[7]

22        As set forth above, stretching the interpretation of §§ 2251(a) and 2256 to

23

24  [6] Defendant also timely raised a First Amendment defense in its Answer.  (*See* Dkt.
25  61, p. 36, Third Affirmative Defense.)

26  [7] Plaintiff fails to grapple with the principles articulated in *Ferber* and *Ashcroft v.*
    *Free Speech Coalition*, 535 U.S. 234, 246-248 (2002), instead pointing out that their
27  holdings were limited to the facts of those cases.  But the reasoning in both cases is
    squarely on point here, and Plaintiff fails to argue otherwise.
28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650                              9
SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

proscribe the Album Cover would raise serious doubts as to the constitutionality of the statutes as applied to the Album Cover.  Such an interpretation would raise the constitutional question Justice Brennan presaged in his *Ferber* concurrence— whether "depictions of children that in themselves do have serious literary, artistic, scientific, or medical value" are beyond the protections of the First Amendment. *Ferber*, 747 U.S. at 776.  The Court can and should avoid this question.

### D.    Plaintiff's Categorical Rule Barring Summary Judgment Should Be Rejected

To salvage his claim, Plaintiff invents a categorical rule this Court is barred from granting summary judgment on his child pornography claim.  (Joint Brief, pp. 19, 25.)  Plaintiff relies on *United States v. Overton*, 573 F.3d 679, 689 (9th Cir. 2009), and *United States v. Adamson*, 411 F. App'x 17, 18 (9th Cir. 2010), for the proposition that whether an image is child pornography "is a question of fact," which can only be decided by a jury.  (Joint Brief, pp. 24, 25.)  There are ***criminal*** cases that have nothing to do with the summary judgment standard in ***civil*** cases (and, in any event, involve factual determinations made by the district court).

The only other case Plaintiff cites, *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252 (9th Cir. 2001), concerns the "secondary meaning" inquiry in trademark cases, where "summary judgment is generally disfavored" given "the intensely factual nature" of "secondary meaning." *P & P Imports LLC v. Johnson Enterprises, LLC*, 46 F.4th 953, 961 (9th Cir. 2022) (internal quotation marks omitted).  This is not a trademark case.  Secondary meaning does not apply.

Finally, as a policy matter, Plaintiff's invented categorical bar undermines the purpose of Rule 56, which is to save the court, public, and parties time and resources by dismissing cases that do not raise a genuine dispute of material fact.

### III.    CONCLUSION

For the foregoing reasons, the Court should grant summary judgment.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

10

1

2    DATED:  November 21, 2024          KENDALL BRILL & KELLY LLP

3

4

5                                                By:    _____/s/ Jeff M. Chemerinsky_____
                                                        Jeff M. Chemerinsky
6                                                       Attorneys for Defendants UMG
                                                        Recordings, Inc., Nirvana, L.L.C.,
7                                                       Courtney Love (as Executor of Estate of
                                                        Kurt Cobain), Krist Novoselic, David
8                                                       Grohl, and Kirk Weddle
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

604433650

SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT