Robert Y. Lewis (CA Bar No. 153948)
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: 212–372–3030
Fax: 833–210–3336
Email: robertlewis@marsh.law

James R. Marsh (admitted *pro hac vice*)
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: 929-232-3235
Fax: 833–210–3336
Email: jamesmarsh@marsh.law

Margaret E. Mabie (admitted *pro hac vice*)
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: 212-372-3030
Fax: 833–210–3336
Email: margaretmabie@marsh.law

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPENCER ELDEN,<br><br>                    Plaintiff,<br><br>v.<br><br>NIRVANA, L.L.C., *et al.,*<br><br>                    Defendants. | Case No.: 2:21–cv–06836-FMO-AGR<br><br>**PLAINTIFF SPENCER ELDEN'S SUPPLEMENTAL RESPONSE BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITON TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND EVIDENTIARY OBJECTIONS**<br><br>Judge: Hon. Fernando M. Olguin<br>Rm: 6D<br>Date: December 5, 2024<br>Time: 10:00 a.m. |

STATEMENT OF GENUINE ISSUES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.     INTRODUCTION.................................................................................................4

II.    SUPPLEMENTAL ARGUMENT......................................................................4

    a.    **Plaintiff Presented Sufficient Evidence to Support His Claims that the Album Cover Constitutes Child Pornography**..................................................................5

    b.    **Defendants' Failure to Notify the Government of Constitutional Challenges**7

    c.    **Plaintiff's Evidentiary Objections to Defendants' Motion**...............................9

    d.    **Defendants' Evidentiary Objections to Plaintiff's Opposition Fail**..............10

III.   CONCLUSION ................................................................................................12

1

2

3

**TABLE OF AUTHORITIES**

**Cases**

*"AMY" v. Curtis,* No. 19-CV-02184-PJH, 2021 WL 1391463, at *8 (N.D. Cal. Apr. 13, 2021) ... 5

*Accord Hughes v. United States,* 953 F.2d 531, 543 (9th Cir.1992) ........................................... 12

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) ...................................................... 6

*Block v. City of Los Angeles,* 253 F.3d 410, 418–19 (9th Cir.2001) ......................................... 11

*Bonivert v. City of Clarkston*, 883 F.3d 865, 880 (9th Cir. 2018) .................................................. 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ................................................................. 5

*Doe v. Chamberlin,* 299 F.3d 192, 196–97 (3d Cir. 2002).......................................................... 6

*Elliot v. Spherion Pacific Work, LLC,* 368 Fed. Appx. 761, 763, 2010 WL 675574, at *1 (9th Cir.
Feb. 26, 2010) ............................................................................................................................ 9

*Fed. Deposit Ins. Corp. v. N.H. Ins. Co.,* 953 F.2d 478, 485 (9th Cir.1991)............................... 11

*Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003)....................................................... 12

*Glass v. Sue,* No. CV09-8570 RGK (SHX), 2010 WL 11549540, at *2 (C.D. Cal. Oct. 27, 2010)9

*In re Young,* 82 F.3d 1407, 1412–13 (8th Cir.1996)....................................................................... 8

*J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1542 (3d Cir.1990) ........................... 12

*Leslie v. Grupo ICA,* 198 F.3d 1152, 1158 (9th Cir. 1999) ............................................................ 5

*Merrill v. Town of Addison*, 763 F.2d 80, 82–83 (2d Cir. 1985) .................................................... 8

*Oklahoma ex rel Edmondson v. Pope,* 516 F.3d 1214, 1216 (10th Cir. 2008).............................. 8

*Opulent Treasures, Inc. v. Ya Ya Creations, Inc.,* 682 F. Supp. 3d 815, 825 (C.D. Cal. 2023) .... 10

*Orr v. Bank of America,* 285 F.3d 764, 778 (9th Cir. 2002)........................................................... 9

*Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002) ............................................... 9

*Pimentel v. City of Los Angeles,* 115 F.4th 1062, 1065 (9th Cir. 2024) ........................................ 6

*Sandoval v. Cnty. of San Diego,* 985 F.3d 657, 671 (9th Cir. 2021) ............................................... 6

*Scosche Indus., Inc. v. Visor Gear Inc.,* 121 F.3d 675, 681 (9th Cir. 1997) ................................... 9

*Shoemaker v. Taylor,* 730 F.3d 778, 785 (9th Cir. 2013) ................................................................ 4

*Tate v. United States,* No. CV 15-9323-FMO (JPR), 2018 WL 8060716, at *3 (C.D. Cal. Dec. 11, 2018) ......................................................................................................................................... 5, 10

*Tolan v. Cotton,* 134 S.Ct. 1861, 1865 (2014) ............................................................................... 5

*United States v. Arvin,* 900 F.2d 1385, 1390 (9th Cir.1990) ......................................................... 4

*United States v. Banks*, 556 F.3d 967, 978–79 (9th Cir. 2009) ...................................................... 7

*United States v. California Stem Cell Treatment Ctr., Inc.,* No. EDCV 18-1005 JGB (KKX), 2020 WL 1289543, at *9 (C.D. Cal. Jan. 27, 2020) ................................................................................ 5

*United States v. Curtin,* 489 F.3d 935, 957 (9th Cir. 2007) ........................................................... 5

*United States v. Dost*, 636 F. Supp 828, 832 (S.D. Cal. 1986) ...................................................... 4

*United States v. Frederick,* 78 F.3d 1370, 1376 (9th Cir.1996) .................................................. 12

*United States v. Larkin,* 629 F.3d 177, 184 (3d Cir. 2010) ........................................................... 7

*United States v. Muhammad,* 120 F.3d 688, 699 (7th Cir.1997) ................................................. 12

*United States v. Weller,* 238 F.3d 1215, 1221 (10th Cir.2001) ................................................... 12

*United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir.1987) .................................................... 7

*Williams v. Borough of W. Chester,* 891 F.2d 458, 465 n. 12 (3d Cir.1989) ............................... 12

*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.,* 419 F.3d 925 (9th Cir. 2005). 10

**Statutes**

18 § U.S.C. 2255 ............................................................................................................................ 4

18 § U.S.C. 2256 ............................................................................................................................ 4

28 U.S.C. § 2403 ........................................................................................................................... 7

1

**SUPPLEMENTAL MEMORANDUM AND POINTS OF AUTHORITY**

2

3

## I.    INTRODUCTION

4

5

This Court should Deny the Defendants' Motion for Summary Judgement because the

6

Defendants' motion fails to cite to evidence contradicting Plaintiffs claims and Plaintiff Spencer

7

Elden has sufficiently cited to adequate evidence to support his claims pursuant to 18 § U.S.C.

8

2255, including that the Album Cover constitutes child pornography pursuant to 18 § U.S.C.

9

2256 and the definition of sexually explicit conduct, including the lascivious exhibition of the

10

genitals pursuant to Dost. *United States v. Dost*, 636 F. Supp 828, 832 (S.D. Cal. 1986) Despite

11

Defendants' false claims to the contrary, no Court has granted summary judgment as to the issue

12

of whether an image of a child's exposed and posed genitalia constitutes child pornography

13

because such a specific and highly factual determination issue must be presented to a jury.

14

Courts in the Ninth Circuit have held that "'lascivious' is a 'commonsensical term' and that

15

16

whether a given photo is lascivious is a question of fact.... [W]hether the item to be judged is

17

lewd, lascivious, or obscene is a determination that lay persons can and should make." *United*

18

*States v. Arvin,* 900 F.2d 1385, 1390 (9th Cir.1990) (citations omitted); *Shoemaker v. Taylor,* 730

19

F.3d 778, 785 (9th Cir. 2013). For these reasons, and those stated in Plaintiff's Opposition to

20

Defendants' Motion for Summary Judgment, this Court should allow this matter to proceed to

21

22

trial.

23

## II.    SUPPLEMENTAL ARGUMENT

24

25

In determining a motion for summary judgment, the moving party must present the basis

26

of its motion and identify those portions of the record it believes demonstrate, together with

27

28

affidavits, the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,

4

322-23 (1986). Defendants have failed to do so. *Tate v. United States,* No. CV 15-9323-FMO (JPR), 2018 WL 8060716, at *3 (C.D. Cal. Dec. 11, 2018), *report and recommendation adopted,* No. CV 15-9323-FMO (JPR), 2019 WL 6790684 (C.D. Cal. Aug. 28, 2019). At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton,* 134 S.Ct. 1861, 1865 (2014); *Leslie v. Grupo ICA,* 198 F.3d 1152, 1158 (9th Cir. 1999). The Court's function is "not to 'weigh the evidence and determine the truth of the matter[.]'" *Id.*; *Bonivert v. City of Clarkston*, 883 F.3d 865, 880 (9th Cir. 2018) (at summary-judgment stage, court should not weigh "conflicting evidence with respect to disputed material facts" (citation and alteration omitted).

### a. Plaintiff Presented Sufficient Evidence to Support His Claims that the Album Cover Constitutes Child Pornography

When determining whether a reasonable juror could find an image to constitute child pornography, "the term 'lascivious exhibition' tends to resist easy classification in the context of child pornography, requiring an image-by-image assessment." *"AMY" v. Curtis,* No. 19-CV-02184-PJH, 2021 WL 1391463, at *8 (N.D. Cal. Apr. 13, 2021). While this factual determination is best suited for a jury where a child's genitalia is displayed, "the court is [nonetheless] required to review child pornography before it is admitted at trial in exercise of its discretion under Federal Rule of Evidence 403. *Id.* at *10 citing *United States v. Curtin,* 489 F.3d 935, 957 (9th Cir. 2007) (presentation of child pornography evidence was improper where it was not first reviewed by trial judge). Because "both parties have submitted competing evidence on this point, there is a triable issue of fact and summary judgment is not appropriate." *United States v. California Stem Cell Treatment Ctr., Inc.,* No. EDCV 18-1005 JGB (KKX), 2020 WL 1289543, at *9 (C.D. Cal. Jan. 27, 2020).

1     Indeed, "[c]redibility determinations, the weighing of the evidence, and the drawing of

2 legitimate inferences from the facts are jury functions, not those of a judge[.]" *Anderson v.*

3 *Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). So too, "[t]he evidence of the non-movant is to be

4 believed, and all justifiable inferences are to be drawn in his favor." *Id*. A court ruling on a

5 motion for summary judgment must determine "whether the evidence presented is such that a

6 reasonable jury might find" that the Album Cover constitutes child pornography with

7 "convincing clarity." *Id*. at 257. Here, viewing the evidence in the light most favorable to

8 Plaintiff, there are triable issues of fact as to whether the Album Cover constitutes child

9 pornography. Accordingly, the Defendants are not entitled to summary judgment on liability.

10 *Sandoval v. Cnty. of San Diego,* 985 F.3d 657, 671 (9th Cir. 2021) (reversing and remanding

11 summary judgment granting because factual disputes exist in viewing the evidence in the light

12 most favorable to the non-moving party). "[G]iven this factual dispute, [this Court] cannot say as

13 a matter of law that the [Album Cover] is not [child pornography]. *Pimentel v. City of Los*

14 *Angeles,* 115 F.4th 1062, 1065 (9th Cir. 2024).

15     The Defendants' Supplemental Briefing blatantly mischaracterize the holding in

16 *Chamberlin*, a non-binding decision from outside the Ninth circuit, where "the district court

17 found that, apart from the girls in the shower being unclothed, no reasonable juror could find a

18 *Dost* factor present." *Doe v. Chamberlin,* 299 F.3d 192, 196–97 (3d Cir. 2002) ("all but three of

19 the photos failed to meet the threshold requirement of exhibiting the genital or pubic areas of a

20 minor. In the three that conceivably met the threshold, not only is there no naked display of the

21 forbidden zones, no such zone serves as the focal point."). Unlike the Album Cober, in that case,

22 "the pubic areas were far from being focal." Furthermore, the district court actually found that

23 "no reasonable juror could find a *Dost* factor present" which remains a far cry from the

6

Defendants arguments that the Album Cover cannot constitute child pornography as a matter of law. Indeed, the court in *Chamberlin* could not view all of the relevant images in *Chamberlin* and made a factual determination based on a victim's affidavit. *Id*. The *Chamberlin* court could not actually determine from the victim's affidavit whether the pubic areas were visible under the transparent material as it was necessary to know the lighting, the pose, and the focus of the camera to determine whether there was an exhibition. *Id*.

In contrast to *Chamberlin*, a reasonable juror in this case under Ninth Circuit jurisprudence will find the Album Cover lascivious—"that is, so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur." *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir.1987). In the same regard, the Defendants "conduct distinguishes [this] case from the facts underpinning our decision in *Chamberlin,* because [the Defendants] designed the image depicted in this photograph." *United States v. Larkin,* 629 F.3d 177, 184 (3d Cir. 2010). By way of example, the subject video in *Banks* depicted a minor child having his diaper changed, and  was found to be child pornography because it was coupled with representations that the video as depicting the child's erection. *United States v. Banks*, 556 F.3d 967, 978–79 (9th Cir. 2009).

### b.  Defendants' Failure to Notify the Government of Constitutional Challenges

28 U.S.C. § 2403 allows the government to become a party to litigation involving constitutional claims and requires the party burdened by the unconstitutionality of the statute to promptly serve notice of their claims to the government. Federal Rule of Civil Procedure 5.1 implements 28 U.S.C. § 2403, going beyond the requirements of § 2403 and the former Rule 24(c) provisions by requiring notice and certification of a constitutional challenge to any federal or state statute, not only those "affecting the public interest." Rule 5.1(a) quite clearly directs that a party to promptly serve the notice of constitutional question to the government. Here, the

Defendants, failed to provide notice of constitutional question and serve it on the United States Attorney General. The Defendants' notice requirement supplements the Court's duty to certify a constitutional challenge to the United States Attorney General. Because the Defendants failed to properly notice the government, this Court's notice and certification to the Attorney General is crucial. Such notice will be the only notice provided to the federal that a constitutional question is raised. Fed.R.Civ.P. 5.1(b). "Before the time to intervene expires, the court […] may not enter a final judgment holding the statute unconstitutional." Fed.R.Civ.P. 5.1(c); See also *Merrill v. Town of Addison*, 763 F.2d 80, 82–83 (2d Cir. 1985).

      "The public interest is not well served when a federal statute is challenged and potentially invalidated in litigation among private parties, or even in litigation involving state governments, in the absence of input from the institution that has the responsibility and expertise to defend Acts of Congress." *Oklahoma ex rel Edmondson v. Pope,* 516 F.3d 1214, 1216 (10th Cir. 2008) (vacating a judgment and remanding with instruction to notify the Attorney General). When the parties and the Court statutorily charged with notifying the Attorney General of a constitutional challenge to a federal statute fail to do so, correction is necessary. See, e.g., *In re Young,* 82 F.3d 1407, 1412–13 (8th Cir.1996) (case was removed from the oral argument calendar and certified to the Attorney General); *Merrill v. Town of Addison,* 763 F.2d 80, 83 (2d Cir.1985) (state attorney general was notified after oral argument and intervened with a supplemental brief). Rule 5.1(c) does allow the Court to reject a constitutional challenge to a statute at any time. §1154 Constitutional Challenge to a Statute, 4B Fed. Prac. & Proc. Civ. § 1154 (4th ed.). Thus, while the Court is enjoined from entering a final judgment holding a statute to be unconstitutional before the time to intervene expires, the Court is permitted to reject the Defendants' constitutional challenge. Fed.R.Civ.P. 5.1(c). For these reasons, this Court should

reject the Defendants' Constitutional challenges to 18 U.S.C. 2255 and Deny the Defendants

Motion for Summary Judgment.

### c.  Plaintiff's Evidentiary Objections to Defendants' Motion

Defendants' Motion for Summary Judgment is deficient in that it generally does not cite

evidence to contradicts Plaintiff's claims. Moreover, the evidence Defendants rely upon is

defective and Plaintiff objects to the Defendants inadmissible summary judgment evidence. *See*

*Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002) (holding that a party may

submit objections to inadmissible evidence submitted in a summary judgment filing). *See* Fed. R.

Civ. P. 56(c)(2). Further, pursuant to Local Rule 7–9, evidentiary objections by the non-moving

party to the moving party's evidence must be filed along with the opposition. *See Elliot v.*

*Spherion Pacific Work, LLC,* 368 Fed. Appx. 761, 763, 2010 WL 675574, at *1 (9th Cir. Feb. 26,

2010); see also *Glass v. Sue,* No. CV09-8570 RGK (SHX), 2010 WL 11549540, at *2 (C.D. Cal.

Oct. 27, 2010).

Plaintiff objects to the hearsay allegations contained in the supporting evidence proposed

by the Defendants' statement of Facts. Hearsay is a "statement, other than one made by the

declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter

asserted." Fed. R. Evid. 801(c). "[H]earsay evidence in rule 56 affidavits is entitled to no

weight." *Scosche Indus., Inc. v. Visor Gear Inc.,* 121 F.3d 675, 681 (9th Cir. 1997). Hearsay

evidence may not be considered on summary judgment if it does not fall under a hearsay

exception. *See Orr v. Bank of America,* 285 F.3d 764, 778 (9th Cir. 2002). Furthermore, much of

the Defendants' statement of Facts remains irrelevant to Plaintiffs claims and whether or not the

Album Cover constitutes child pornography. Fed.R.Evid. 401 and 402. Furthermore, the

Defendants' requests for the Court to take judicial notice of news articles are improper as this

evidence has not been properly authenticated and cannot be properly authenticated. Fed.R.Evid.

901(a). The facts therein are not judicially noticeable facts; and they are prejudicial. Fed.R.Evid.

201; Fed.R.Evid. 403.

### d.  Defendants' Evidentiary Objections to Plaintiff's Opposition Fail

The Defendants' Evidentiary Objections to Plaintiff's Response to Defendants' Motion

for Summary Judgment concerning Plaintiff's citations to the Second Amended Complaint in this

Action are misplaced. Regardless of Defendants' improper attempt to argue that Plaintiff's

citations are not admissible, the Defendants fail to argue that "the material cited to support or

dispute a fact cannot be presented in a form that would be admissible in evidence." *See* Fed. R.

Civ. P. 56(c)(2). In any event, the Court may […] consider materials in the record not cited by the

parties. Fed. R. Civ. P. 56(c)(3); *Tate v. United States*, No. CV 15-9323-FMO (JPR), 2018 WL

8060716, at *3 (C.D. Cal. Dec. 11, 2018), *report and recommendation adopted,* No. CV 15-

9323-FMO (JPR), 2019 WL 6790684 (C.D. Cal. Aug. 28, 2019).

First, Defendants' neglect to acknowledge that Plaintiff's Second Amended Complaint

included an attached and sworn affidavit of Robert Fisher. Indeed, Plaintiff cited to said evidence

with respect to Defendants' "Plaintiff's Statement/Material Objected To" Nos. 1, 2, 3, 4, 5, 6, 7,

and 9. Plaintiff's citations to the Declaration of Robert Fisher within his Second Amended

Complaint constitute proper evidence on a summary judgment motion. *See Yellow Cab Co. of*

*Sacramento v. Yellow Cab of Elk Grove, Inc.,* 419 F.3d 925 (9th Cir. 2005) ("various

declarations" adequate to survive summary judgment); *Opulent Treasures, Inc. v. Ya Ya*

*Creations, Inc.,* 682 F. Supp. 3d 815, 825 (C.D. Cal. 2023). Second, as to Defendants' "Plaintiff's

Statement/Material Objected To" No. 8, Plaintiff provided evidence regarding the connection

between the song "Polly" and pedophilia within the testimony of Krist Novoselic. (Dkt. 100-1,

Statement of Uncontroverted Facts, Joint Appendix, Mabie Decl. Ex. J, Deposition of Krist Novoselic, at 35:12-25; 36: 1-25; 37:1; 51:9-25; 52:125;53:1-9; 54: 1-25; 55: 1-21). Third, as to Defendants' "Plaintiff's Statement/Material Objected To" No. 10, Plaintiff provided evidence regarding the fact that Defendant Kirk Weddle took pictures of Plaintiff Spencer Elden dressed as Hugh Hefner within the testimony of Kirk Weddle. (Dkt. 100-1, Statement of Uncontroverted Facts, Joint Appendix, Mabie Decl. Ex. H, Deposition of Kirk Weddle, at 69: 1-25; 70: 1-25; 71:1-5).

Finally, as to Defendants' "Plaintiff's Statement/Material Objected To" No. 11, Defendants' do not claim that Plaintiff failed to provide sufficient evidence of but instead claim that Plaintiff failed to "Authenticate" the Cobain Journals which are published works. Instead, Dfendants' claims that Plaintiff was required to provide testimony regarding the publication of the Journals fail. Moreover, the contents of some of the journal entries even refer to or resemble the connection to the Album Cover. While the journal itself is a published work and is properly admissible in this case, Defendants fail to acknowledge that "[i]t would be sufficient if the contents of the diary are admissible at trial, even if the diary itself may be inadmissible. At the summary judgment stage, [courts] do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents. *Block v. City of Los Angeles,* 253 F.3d 410, 418–19 (9th Cir.2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."); *Fed. Deposit Ins. Corp. v. N.H. Ins. Co.,* 953 F.2d 478, 485 (9th Cir.1991) ("the nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment.") (internal quotation marks and citation omitted).

1    Here, the contents of the journal entries "depending on the circumstances, could be

2 admitted into evidence at trial in a variety of ways." Fed.R.Evid. 602, 612, and 803(5); *United*

3 *States v. Frederick,* 78 F.3d 1370, 1376 (9th Cir.1996); *United States v. Weller,* 238 F.3d 1215,

4 1221 (10th Cir.2001); *United States v. Muhammad,* 120 F.3d 688, 699 (7th Cir.1997). "Because

5 the diary's contents could be presented in an admissible form at trial, we may consider the diary's

6 contents in the […] summary judgment motion." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37

7 (9th Cir. 2003) quoting *Accord Hughes v. United States,* 953 F.2d 531, 543 (9th Cir.1992)

8 (litigation adviser's affidavit may be considered on summary judgment despite hearsay and best

9 evidence rule objections; the facts underlying the affidavit are of the type that would be

10 admissible as evidence even though the affidavit itself might not be admissible); *J.F. Feeser, Inc.*

11 *v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1542 (3d Cir.1990) (hearsay evidence produced in an

12 affidavit may be considered on summary judgment if the declarant could later present the

13 evidence through direct testimony); *Williams v. Borough of W. Chester,* 891 F.2d 458, 465 n. 12

14 (3d Cir.1989) ("hearsay evidence produced in an affidavit opposing summary judgment may be

15 considered if the out-of-court declarant could later present that evidence through direct

16 testimony, i.e. in a form that would be admissible at trial.") (internal quotation marks omitted).

17 For these reasons, this Court should Deny the Defendants' Evidentiary Objections.

**III.    CONCLUSION**

For these reasons, and those stated in Plaintiff's Opposition to Defendants' Motion for Summary Judgment, this Court should Deny the Defendants Motion for Summary Judgment and allow this matter to proceed to trial on the factual issue of whether the Album Cover constitutes child pornography.

Dated:    November 21, 2024

12

New York, New York

Respectfully submitted:
**MARSH LAW FIRM PLLC**

/s/ Robert Y. Lewis
Robert Y. Lewis (CA Bar No. 153948)
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: 212–372–3030
Fax: 833–210–3336
Email: robertlewis@marsh.law

/s/ James R. Marsh
James R. Marsh (admitted *pro hac vice*)
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: 212–372–3030
Email: jamesmarsh@marsh.law

/s/ Margaret E. Mabie
Margaret E. Mabie (admitted *pro hac vice*)
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: 212–372–3030
Email: margaretmabie@marsh.law