FILED
CLERK, U.S. DISTRICT COURT
FEB 18 2025
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

United States District Court
Central District Of California

Spencer Elden
Plaintiff

vs

Nirvana LLC, el al.
Defendants

vs

Timothy Fredrickson
Intervenor

No. 21-cv-06836- FMO

**Memorandum in Support of Intervention**
Fed.R.Civ.P 24

Now comes the Intervenor-Applicant, Fredrickson, with a memorandum of law in support of intervention as of right, and alternatively for permissive intervenor.

Federal Rule of Civil Procedure 24 states in relevant parts:

**Rule 24 Intervention**
  (a) <u>Intervention of Right</u>. On timely motion, the court **must** permit **anyone** to intervene who:
    (1) [Omitted]; **or**
      (A) Claims an interest relating to the property **or** transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair **or** impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
  (b) <u>Permissive Intervention</u>
    (1) In General. On timely motion, the court may permit anyone to intervene who:
      (A) [Omitted]; **or**
      (B) Has a claim or defense that shares with the main action a common question of law **or** fact.
    •••
    (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will **unduly** delay or prejudice the adjudication of the original party's rights.
  (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim **or** defense for which intervention is sought.

### Fredrickson is entitled to intervene as of right under subsection (a)

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011).

### In General

As a general matter, "courts within the Ninth Circuit 'construe Rule 24(a) liberally in favor of potential invervenors'". Columbia Sportswear N.Am. v Seirus Innovative Accessories, No. 20-00709, Lexis 90875 (S.D.Cali May-12-2021). "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts". US v City of LAS, 288 F.3d 391 @397-98 (CA9 2002). One of its goals is to "avoid multiplicity of suits and settle all related controversies in one action". Kozak v Wells, 278 F.2d 104 @112 (CA8 1960).

### The motion to intervene is timely

In determining the timeliness, a court looks to three factors: (1) the stage of the proceeding, (2) the prejudice to the other parties, and (3) the reason for and the length of delay. See US v Oregon, 745 F.2d 550 @552 (CA9 1984) (so stating). Because this civil action has recently been reopened and a trial date has not yet been set, it cannot be reasonably disputed that this intervention is anything but timely. See also Newdow v Congress, No. 5-02339, Lexis 1875 (E.D.Cali Jan-6-2006) (intervenor as defendant filed before defendants filed answer to complaint); Balanced Use v Wilderness Ass'n, 647 F.3d 893 @897 (CA9 2011) ("less than three months after the complaint ••• motion to intervene was made at an early stage of the proceedings"); Smith v L.A. Unified Sch. Dist., 830 F.3d 843 @1075 (CA9 2016) (timely twenty *years* after case opening). Yniguez v Arizona, 939 F.2d 727 @731 (CA9 1990) ("where no party appeals, the 'case or controversy' requirement of Article III also qualifies an applicant's right to intervene *post-judgment*").

**Fredrickson claims both a property interest and other interests relating to the property that is the subject of this action**

First and foremost, Fredrickson owns a copy of the disputed album with its cover image intact, and may be required by law to destroy it depending on the outcome of this case. "'Interests in property are the most elementary type of right that Rule 24(a) is designed to protect'". Caballero v Columbia, No. 20-80146, (N.D.Cali Apr-12-2021) quoting Diaz v S. Drilling Corp., 427 F.2d 1118 @1124 (CA5 1970).

Second, Fredrickson also has "an interest *relating* to" the property (i.e. the album) in a more general sense. This is because formal recognition of the album cover as child pornography implicates several "interest[s] relating to the property [] that is the subject of the action", most notably an interest in preventing future criminal prosecution for continued possession of this album, or for streaming its songs on YouTube or other media services which, because they display the "cover art", would satisfy a criminal prosecution for receipt.

Third, Fredrickson has a free speech interest in expressing himself by and with the image at the center of this case.

"Whether an applicant for intervention as of right demonstrates sufficient interests in an action is a 'practical, threshold inquiry', and 'no specific legal or equitable interest need be established'". NW Forrest Res. Council v Glickman, 82 F.3d 825 @837 (CA9 1996). "[I]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue". Wilderness Soc'y v US Forrest Serv., 630 F.3d 1173 @1179 (CA9 2010). See also US v Sprint Comm's, 855 F.3d 985 @991 (CA9 2016) (same). The interest test "'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process'". US v City of L.A., 288 F.3d 391 @398 (CA9 2002).

Fredrickson has demonstrated an interest in the property itself, and various interests relating to the property throughout his motion to intervene; Accordingly, this factor weighs in favor of intervention.

## This action is so situated that the outcome may as a practical matter impair *or* impede Fredrickson's ability to protect his various interests

Having demonstrated that Fredrickson has at least one interest, the court should have "little difficulty concluding that disposition of the case may, as a practical matter, affect it". Balance Use @899. First Fredrickson could, as a practical matter, be compelled to destroy his purchased album or face criminal charges. Second, as in obscenity cases, formal recognition of this image as unprotected will have far-reaching effects, including *stare decisis* and the fact that police and prosecutors will be far less likely to exercise discretion in the form of restraint. In fact, publicly listening to a song from the album would provide sufficient probable cause to issue search warrants for the possession of this image, as it would be "more likely than not" that the listener possesses the album cover --the image in controversy here.

The Circuits have consistently "found that *the potential* for a negative stare decisis effect 'may supply that practical disadvantage which warrants intervention of right'" Stone v First Union Corp., 371 F.3d 1305 @1309-10 (CA11 2004). That is, the potential for adverse ruling based on identical facts will sufficiently impair or impede a third party's interest sufficiently to warrant invervention. See id:

> "Although the potential for negative stare decisis effects does not automatically grant plaintiffs the right to intervene, the practical impairment the plaintiffs may face here is significant. The plaintiffs are all alleging that the same First Union policy violated the ADEA and led to their injury. Consequently, one court's ruling on whether the bank's policy, as a matter of law, was in violation of the ADEA could influence later suits. Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects. We find that these effects are sufficiently significant to warrant intervention".

Id @1310. This court has recently found the same: "Even where a court's decision would have merely 'persuasive' effects on a later court, 'an intervenor's interests could be impaired or impeded for the purposes of intervention as of right'". KOR Servs. v Thomson Int'l, No. 21-cv-03695 (C.D.Cali Aug-3-2022). See also Yniguez @737 ("we may assume without deciding that an unappealed judgment of the district court would have no precedential weight in the Arizona courts, for even under this assumption, we find that the interests of AOE and Park are practically impaired by the decision"). This has been echoed in the Ninth Circuit and elsewhere for over half a century[1].

## The Named defendants may not adequately represent the property rights of end-users

Having demonstrated both timeliness and an interest that may be effected; The final consideration, that this case "may as a practical matter impair or impede" Fredrickson's ability to protect his interests, is a very low bar that "is satisfied if the applicant shows that representation of his interest '***may*** be' inadequate; and the burden of making that showing should be treated as minimal". Trbovich v United Mine Workers, 404 us 528 @ftn10 (1972). See also Kozak @110. ("We *emphasize* here that a positive showing that such representation is inadequate is not necessary. The rule requires that it '*may* be inadequate'").

The situation where an intervenor-applicant has an additional defense that is not available to the named defendant easily qualifies. See eg Swoboda v Manders, 665 Fed.Appx 312 @315 (CA9 2016). Fredrickson's status as an end-user enables several defenses not available to the named defendants, most of which are corporations and the deceased. There is an expressive interest distinct from the talk/listen relationship between Nirvana's dissemination of the image and the public's right to receive. After receiving the image, citizens may then utilize it to create *new* symbolic speech to express themselves. Amicii and defendant's merely acknowledge this new secondary speech, and do not have standing to defend it because they do not allege current ownership and intent to so express themselves. Fredrickson's property interest begins precisely where the defendant's property interest ends --by nature of a sale. As a result, this court should find that defendants may not adequately represent this interest, whereas Fredrickson has *standing* to assert his own expressive interests. In fact defendants and amicii can only argue that end-users like Fredrickson *might* or likely express themselves variously.

---

1  Sierra club v EPA, 995 F.2d 1478 @1486 (CA9 1992) ("Although the city might challenge various determinations in separate proceedings, those proceedings would be constrained by the stare decisis effect of the lawsuit from which it had been excluded"); US v Stringfellow, 783 F.2d 821 @826 (CA9 1986) ("In light of this potential stare decisis effect, CNA contends that its absence from this litigation could, as a practical matter, result in its being precluded from litigating several of its claims against the governmental parties. We agree."); id ("The prospect of stare decisis may, under certain circumstances, supply the requisite practical impairment warranting intervention as of right"); Smith v Pangilinan, 651 F.2d 1320 @1325 (CA9 1981) ("stare decisis may supply the requisite practical impairment warranting intervention of right"); Blake v Pallan, 554 F.2d 947 @954 (CA9 1977) ("Several courts have stated that stare decisis by itself may, in the proper case, furnish the practical disadvantage required for the petitioner to be entitled to intervene as of right").
Southwest Ctr. For Biological Diversity v Berg, 268 F.3d 810 @822 (CA9 2001) ("if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene");
Green v US, 996 F.2d 973 @977 (CA9 1993) ("where the precedential impact has been clear, we have allowed intervention");
Lockyer v US, 450 F.3d 436 @441 (CA9 2006) ("we have taken the view that a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation");
Woods v Cty of Los Angeles, No. 20-cv-04474 (C.D.Cali Mar-14-2022); Pizzuto v Tewalt, 23-00081 (D,Idaho Apr-29-2024)

**The defendants primarily focus on statutory fit rather than Constitutional standards, and thus the defendants inadequately represent Fredrickson's Constitutional interests.**

There is significant overlap between this action and *criminal* liability which the defendant's do not fully appreciate. The defendants say little more on this topic than observing that "Proscribing the Album Cover would make criminals of millions of innocent citizens in possession of a culturally and artistically significant work". *Summary 1*, pg 34. While the civil and criminal statutes here do share a common core in the question of statutory fit under the root definitional statute §2256; The defendants primarily focus on the *statutory* aspect of "lascivious exhibition" and largely neglect Constitutional challenges such as the definition statute's vagueness and overbreadth which are predominately Fifth Amendment inquiries; or the more fundamental "child porn" determination under The Constitution which is a First Amendment inquiry requiring the *Bose* balancing test. In fact, they do not mention *Bose Corp vs Consumers Union, 466 us 485 @505, 507-508 (1984)* or its constitutional test at all.

Defendants successfully invoke[2] the First Amendment by pointing to several protected speech characteristics in and with the image, which may be enough to succeed in an as applied challenge on the theory that protected characteristics *outweigh*[3] unprotected characteristics. *Summary 1*, pgs 32-34. However *another* method of making an as-applied challenge is available: A challenge to any unprotected characteristics themselves. While the defendants do make the argument that Mr Eldon was not harmed, they do not tie this fact to its *Constitutional* relevance made clear in *Bose*. The plaintiff similarly fails to make this connection while looking to the policy considerations underlying the Dost factors in an attempt to prove *statutory* lasciviousness[4] and thus *statutory* child porn at the trial phase. Both parties fail to appreciate that those very same harms also happen to be the "special facts that have been deemed to have *constitutional* significance" that possibly disentitle[5] First Amendment override for the image. *Bose @505*.

---

2 Clark v Nonviolence, 468 us 288 @ftn5 (1984) ("it is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment *even applies*") (emphasis added)

3 See also Massachusetts v Oakes, 491 U.S. 576 @593 (1989) ("The First Amendment rights of models, actors, artists, photographers, and filmmakers are surely not overborne by the Commonwealth's interest in protecting minors from the risk of sexual abuse and exploitation, especially in view of the comprehensive set of laws targeted at those evils")

4 See *Summary 1*, pg 28 lines 18-23 ("The crime is the offense against the child – the harm 'to the physiological, emotional, and mental health' of the child…the 'psychological harm…the invasion of the child's vulnerability'…. These harms collectively are the consequential damages that flow from the trespass against the dignity of the child.")

5 See also US v Williams, 128 S.Ct. 1830 @1850 (2008) (concurring opinion noting "the concern for child safety that disentitles child pornography to First Amendment protection").

Regarding this second method of mounting an as applied challenge, the defendants do not adequately protect Fredrickson's constitutional interest because they do not provide the framework, much less make the argument. Because harm is the "special fact" that renders an image unprotected child pornography in the first place, and because this court has been presented with enough information to make the determination that no reasonable jurist could find Mr Eldon suffered harm --the court can find that the lack of harm consequently means that the image does not have the unprotected characteristic which would have classified it as child porn. The lack of harm means that the image is protected by default, and as a result if the court were to allow this action to proceed, the statute would be unconstitutional as applied[6] to this particular image's circumstances of creation and later circumstances of dissemination.

Alternatively, if the court finds the question of harm debatable (and thus First Amendment disentitlement equally debatable); and because harm[7] has been made a part of the jury finding of *statutory* lasciviousness by virtue of the Dost factors --a jury should decide the question of harm[8] without being told that such a finding would have First Amendment implications. Such finding would assess the *presence*[9], but not degree of any harm, as the degree of any harm (after it is found to exist) is properly subject to the legislature's $250,000 floor and whatever amount the jury finds during the penalty phase. Fredrickson will present this post-guilt but pre-penalty motion to dismiss based on the jury's finding as indicated on a special verdict form.

In the second alternative, if the court finds at least some harm, the court should find that 1) parental waiver of privacy; and 2) the unique circumstances of the long wait separately & together de-legitimize or at least render *de minimus* any asserted harms, allowing them to be outweighed by the free speech and expressive interests that exist --which is a more complete version of the as-applied challenge that the defendants *do* bring. Fredrickson would further develop this tertiary argument, and anything less than fully developed defense fails to adequately represent Fredrickson's constitutional interests.

---

6  To use strict scrutiny as an analogy, because the government's interest in harm is not present, the law has overstepped that compelling interest in this particular instance.
7  In the form of a violation of privacy or to the personal dignity of the depicted person. See Ferber at footnote 10
8  If debatable *at all*, a jury should separately assess *all three* forms of harm: physical injury, mental harm, invasion of privacy.
9  The statute may assume the *degree* of harm, but *not the harm itself* for the reasons above. See also Speiser v Randall, 357 us 513 @526 (1958) ("It is apparent that a constitutional prohibition cannot be transgressed by the creation of a statutory presumption any more than it can be violated by direct enactment. The power to create presumptions is not a means of escape from constitutional restrictions").

Fredrickson has satisfied multiple different tests for adequacy, demonstrating that (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022).

### The threat of settlement also satisfies the "may be inadequate defense" consideration

The realistic threat that the named defendants will settle out of court *alone* would easily satisfy the "might be inadequate" threshold. In fact, the interests of all end-users such as Fredrickson would not be protected *at all* with such a possibility of settlement looming over the action. This would leave the many millions of Nirvana fans who have purchased the Nevermind album or its individual tracks (or streamed the same), such as Fredrickson, unprotected and at the mercy of local and federal officials. At the very least, Fredrickson must be allowed to intervene before the court approves any settlement in this action.

### Conclusion

Because Fredrickson has demonstrated at least one personal interest that is either directly or may be effected as a practical matter, and there is at least one way in which the defendants fail to adequately safeguard Fredrickson's interests --the court should assent to the presumption in favor of intervention, and thereby permit Fredrickson to file a fully developed motion to dismiss on Constitutional grounds soon thereafter or with leave of court following specific jury findings.

Respectfully submitted,

/s/ Tim Fredrickson



⇔ 22005-026 ⇔
Timothy Fredrickson
Register Number 22005-026
P O Box 9000
Federal Correctional Institution Seagoville
Seagoville Texas, 75159-9000 -
Fiji

⇔ 22005-026 ⇔
Clerk Of Court C D Cali
255 E Temple ST
LOS Angeles, CA 90012
United States

FEB 1 8 2025
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Case 2:21-cv-06836-FMO-AGR Document 120 Filed 02/18/25 Page 10 of 10 Page ID #:1991