# United States District Court
# Central District Of California

Spencer Elden
Plaintiff

vs

Nirvana LLC, el al.
Defendants

Case No. 2:21-cv-06836-FMO-AGR

NOTICE OF MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAVE TO FILE A BRIEF AS AMICUS CURIAE

Date: September 18, 2025
Time: 10:00 AM
Courtroom: 6D

PLEASE TAKE NOTICE that at 10:00 AM on September 18, 2025, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Fernando M. Olguin, United States District Judge, located at 350 W. 1st Street, Courtroom 6D, Los Angeles, California, amicus curiae American Citizen Timothy Fredrickson, will and hereby does move for leave to file the attached brief as amicus curiae in support of Defendants' motion for summary judgment.

This Court has inherent authority to allow the participation of amici curiae. Fredrickson's participation as amicus curiae would be useful and desirable because it would facilitate a more complete understanding of the issues before the Court. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum in Support of the Motion, all papers and pleadings on file in this action, and such further evidence and argument as may be presented to the Court in connection with the motion.

This motion is made following the filing of each party's joint stipulation. Fredrickson understands that the parties intend to file a joint stipulation addressing how they would like to proceed in responding to this and any other amicus brief.

Dated: August 9 2025

/s/ Tim Fredrickson

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Fredrickson respectfully moves for leave to file the attached brief as amicus curiae to assist the court in a comprehensive constitutional, not statutory, analysis under the First Amendment's Free Speech clause. Fredrickson is an independent legal scholar and concerned citizen with a long-standing interest in First Amendment jurisprudence and evolving constitutional interpretations related to child sex abuse material (CSAM), privacy rights, and the scope of unprotected speech. The proposed amicus brief offers a thorough analysis of the nuanced constitutional questions raised by Plaintiff's claims, especially as they intersect with the legal status of expressive conduct, privacy waivers, and the modern terminology shift from "child pornography" to "child sex abuse material". This brief is overall neutral to the parties, and supports arguments raised by both plaintiff and defendants. Fredrickson is a natural born citizen of the United States and experienced in this specific area of law. Amicus and other citizens have a powerful interest in the proper resolution of this case, which will have far-reaching legal implications in the affirmation and clarification of constitutional standards.

This submission may assist the Court by:

1. Clarifying the analytical structure used to distinguish protected expressive conduct from unprotected content.
2. Addressing potential misconceptions related to terms like "child porn" versus "CSAM."
3. Offering a comparative view of relevant jurisprudence, including how other courts have treated similar questions of artistic expression, harm, and constitutional significance.

Plaintiff Spencer Elden seeks to use government process that, if successful, will censor a portion of the Nation's expression. The statute does not provide a defense for protected speech and therefore lacks adequate due process before censoring that speech. Court's routinely read-in First-Amendment defenses. The attached amicus brief discusses the central considerations referred here in short-hand as "harm". Plaintiff Elden has alleged various types of harm, which adversarial testing may reveal to be false. At the same time, further harm or facts supporting it may be uncovered in further proceedings such as trial.

The defendants and the Recording Industry Association of America ("RIAA") together each highlight elements of a First Amendment defense. For example, the RIAA emphasizes and lends legitimacy to one or more expressive components --the trigger for a free speech inquiry. Next, the defendants assert a lack of harm and point to facts that any harm is disingenuous. The First Amendment requires that harm be present.

The attached amicus brief outlines well-established --and constitutionally grounded-- forms of harm. In the interest of justice, fairness, and to avoid politicizing the inquiry; The jury is the most appropriate fact-finder of whether harm was present and Mr Elden simply made the best of a bad situation, or whether there was no real harm. Support for the jury's role comes from obscenity case law's "community standards".

Section 2255 may appraise harm when found, but should *not* be construed as irrebutably presuming the harm itself. A statute cannot ward off constitutional inquiry by presuming unprotected harm.

## ARGUMENT

A "district court has broad discretion" as to whether to allow "amici curiae" to file briefs. Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982), (abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)). The "classic role" of amici curiae is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus., 694 F.2d 203, 204 (9th Cir. 1982). Here, crucial and specific First Amendment factors regarding harm would risk being overlooked without this supplement to counsel's efforts. The public deserves a detailed explanation based on a full and complete consideration of every fact --the public has little interest in waived and incomplete technical victories whether stemming from calculated gamesmanship or intentional avoidance of inconvenient legal nuances.

District courts—including courts in this District—"frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Safari Club Int'l. v. Harris, 2015 WL 1255491 at *1 (E.D. Cal. Jan. 14,

2015) (internal quotation marks omitted). And "[t]here are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." Stross v. Glass Homes, Inc., No. 2022 WL 21310031, at *1 (C.D. Cal. Apr. 4, 2022) (internal quotation marks omitted).

The Court should grant the Fredrickson leave to file an amicus brief. The Fredrickson brings unique information and perspective to bear on the constitutional issues presented in this case. See Missouri v. Harris, 2014 WL 2987284, at *2 (E.D. Cal. July 1, 2014) ("An amicus brief should normally be allowed when, among other considerations, the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." (internal quotation marks omitted)). Fredrickson has experience in specific First Amendment unprotected characteristics --the lack of which is a defense-- as the brief in this case will explain.

It bears repeating that the Court should grant leave for Fredrickson to file an amicus brief because this case implicates important public interests, including vital interests in free expression. Because the case implicates a fundamental constitutional right and carries "potential ramifications beyond the parties directly involved," leave to file an amicus brief is warranted here. California v. U.S. Dep't of Labor, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, and because no other citizen has spoken up for themselves in a personal capacity unrelated to business which may cloud judgement, Fredrickson respectfully requests that the Court grant leave to file an amicus brief in support of a searching First Amendment inquiry within or without each party's motion for summary judgment.

/s/ Tim Fredrickson

Dated: August 9 2025

22005-026
Timothy Fredrickson
Register Number 22005-026
P O Box 9000
Federal Correctional Institution Seagoville
Seagoville Texas, 75159-9000 -

**OFFICIAL BUSINESS**

⇔22005-026⇔
Clerk Of Court C D Cali
255 E Temple ST
LOS Angeles, CA 90012
United States

RECEIVED
CLERK U.S. DISTRICT COURT
AUG 15 2025
CENTRAL DISTRICT OF CALIFORNIA
BY       DEPUTY

ESO ROYBAL
X-RAYED