UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6836 FMO (AGRx) | Date | September 2, 2025 |
|---|---|---|---|
| Title | Spencer Elden v. Nirvana LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  
None Present

Attorney Present for Defendants:  
None Present

**Proceedings:** (In Chambers) Order Re: Motion for Rule 37 Discovery Sanctions [88]

Having reviewed and considered all the briefing filed with respect to the Motion for Rule 37 Discovery Sanctions (Dkt. 88, Motion for Rule 37 Discovery Sanctions) filed by UMG Recordings, Inc.,[1] Universal Music Group, Inc., Nirvana, L.L.C. ("Nirvana"), Courtney Love (as Executor of the Estate of Kurt Cobain), Krist Novoselic, David Grohl, and Kirk Weddle (collectively, "defendants"), the court concludes as follows.[2]

**DISCUSSION**

Defendants filed a motion under Rule 37 of the Federal Rules of Civil Procedure[3] ("Rule 37 Motion"), seeking to strike evidence from plaintiff's expert on forensic pediatrics, Dr. Sharon W. Cooper ("Dr. Cooper"), based on plaintiff's failure to timely disclose Dr. Cooper as an expert. (See Dkt. 88, Rule 37 Motion at 1). The court granted the Motion and noted that a separate order would issue explaining its decision. (See Dkt. 96, Court's Order of September 21, 2024). As explained, the court granted the Motion because Dr. Cooper's report was not timely disclosed and plaintiff did not meet his burden to demonstrate that the failure to timely disclose Dr. Cooper's report was harmless.

Pursuant to the court's scheduling order, the parties were obligated to make their "Initial Expert Witness Disclosures" by July 23, 2024, and disclose their rebuttal expert reports one month later, on August 23, 2024. (See Dkt. 64, Court's Order of February 9, 2024, at 1); Fed. R. Civ. P.

---

[1] The parties' Joint Stipulation, filed on November 16, 2021, states that "UMG Recordings, Inc. is the successor-in-interest to The David Geffen Company, Geffen Records, and MCA Records." (Dkt. 17, Corrected Stipulation re Service and Filing of First Amended Complaint at 2).

[2] The court found that oral argument was not necessary to resolve the Motion.

[3] All "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6836 FMO (AGRx) | Date | September 2, 2025 |
|---|---|---|---|
| Title | Spencer Elden v. Nirvana LLC, et al. | | |

26(a)(2)(D). In their initial expert witness disclosures, defendants identified Donna Stein ("Stein"), "an art historian who offered her expert opinion regarding the history of nudity, including imagery of children, in art," and plaintiff disclosed one expert witness, "a former prosecutor who now works in victim advocacy." (Dkt. 88, Rule 37 Motion at 1). One month after the initial expert disclosure deadline, plaintiff disclosed a purported rebuttal expert report from Dr. Cooper, who opined on common visual elements in child pornography and the long-term impact the circulation of child pornography has on adult survivors. (See Dkt. 88-5, Rebuttal Expert Report of Sharon W. Cooper at 1-5). Defendants promptly moved to exclude Dr. Cooper's report. (See Dkt. 88, Rule 37 Motion at 1-2).

Defendants argue that Dr. Cooper should have been disclosed by the initial expert disclosure deadline as an affirmative expert, and that her report does not qualify as a "rebuttal" to Stein's report within the meaning of Rule 26(a)(2)(D)(ii) since the former "does not engage with any portion of Ms. Stein's opinion, discuss any of her sources, or critique the methodology she employed to collect, review, and analyze art that depicts child nudity." (Dkt. 88, Rule 37 Motion at 4). In response, plaintiff contends that Dr. Cooper's report rebuts Stein's report because it is focused on the same "subject matter," namely, "whether the Nevermind Album cover constitutes child pornography[.]" (See Dkt. 93, Opposition to Defendant's Motion for Sanctions ("Opp.") at 4) (internal citation omitted). Plaintiff's contention is unpersuasive.

Rebuttal experts, by definition, present "'evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified' by an initial expert witness[.]" Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 636 (D. Haw. 2008) (citing TC Sys. Inc. V. Town of Colonie, New York, 213 F.Supp.2d 171, 179 (N.D.N.Y. 2002)). Although there is no clear consensus in this circuit on what constitutes "the same subject matter," district courts have warned that a broad reading encompassing "any possible topic that relates to the subject matter at issue . . . will blur the distinction between 'affirmative expert' and 'rebuttal expert.'" Vu v. McNeil-PPC, Inc., 2010 WL 2179882, *3 (C.D. Cal. 2010) (emphasis omitted).

Here, there is no question that the experts are focused on different subjects. Stein is an art historian, and her report discusses child nudity from the perspective of art history, while Dr. Cooper is a pediatrician, and her report assesses common visual elements in child pornography from what appears to be a medical perspective. Stein's report focuses on art history – it examines child nudity in art, and how the album cover at issue fits into that history. (See Dkt. 88-3, Expert Report of Donna Stein). Relying on her "education, training, [and] extensive experience in art history," (id. at ¶¶ 10-11), Stein highlights examples of depictions of infant male nudity throughout history, (see id. at ¶¶ 14-22), and concludes that the album cover is consistent with other depictions of nude children as visual symbols of innocence in the history of art. (See id. at ¶¶ 23-25).

By contrast, Dr. Cooper's report relies on her experience as a forensic pediatrician to discuss common visual elements in child pornography. (See Dkt. 88-5, Rebuttal Expert Report of Sharon W. Cooper at 1-4). Dr. Cooper does not address or rebut Stein's contextualization of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6836 FMO (AGRx) | Date | September 2, 2025 |
|---|---|---|---|
| Title | Spencer Elden v. Nirvana LLC, et al. | | |

the album cover within a broader artistic tradition and history. (See, generally, id.). Nor does she rebut or discuss Stein's central assertion regarding the prevalence of nude children as symbols of innocence throughout art history. (See, generally, id.). While both experts opine briefly on whether the album cover constitutes child pornography, (see Dkt. 88-3, Expert Report of Donna Stein at ¶¶ 24-27); (Dkt. 88-5, Rebuttal Expert Report of Sharon W. Cooper at 3), they opine on the issue from two significantly different perspectives and focus on different underlying subject matters. Critically, Dr. Cooper's report does not contradict or rebut the art history evidence in Stein's report.

     Interpreting Dr. Cooper's report to rebut evidence on the same "subject matter" as Stein's report for purposes of Rule 26(a)(2)(D)(ii) would "blur the distinction between 'affirmative expert' and 'rebuttal expert[,]'" Vu, 2010 WL 2179882, at *3, and render meaningless the requirement under Rule 26(a)(1)(C) that parties timely disclose affirmative experts. In short, the court finds that Dr. Cooper's report does not constitute "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness[,]" Lindner, 249 F.R.D. at 636 (internal quotation marks omitted), and that she therefore does not qualify as a rebuttal expert within the meaning of Rule 26(a)(2)(D)(ii). See R & O Const. Co. V. Rox Pro Int'l Grp., Ltd., 2011 WL 2923703, *2 (D. Nev. 2011) (Rebuttal expert reports are not "the proper place for presenting new arguments.").

     "The harshness of Rule 37(c)(1) is ameliorated if the party's failure to disclose the required information is substantially justified or harmless." Yeti by Molly, Ltd. V. Deckers Outdoor Corp., 259 F.3d 1101, 1007 (9th Cir. 2001). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008). Here, plaintiff has not met his burden of showing that the failure to timely disclose Dr. Cooper was harmless. (See Dkt. 93, Opp. at 10-11). Plaintiff's contention that he "could not disclose Dr. Cooper's rebuttal report to Stein's initial report until after Stein's report was disclosed on the initial expert discovery deadline of July 23, 2024," (id. at 10), is without merit given the court's discussion above. Moreover, plaintiff contends that any prejudice suffered by defendants could be cured "with a short extension of the discovery deadlines to permit Dr. Cooper's deposition[.]" (Id. at 11). However, as defendants noted, permitting the deposition of Dr. Cooper would not cure any prejudice suffered by defendants because her report "does not offer testimony on any part of the findings, methodology, and facts stated in Ms. Stein's report." (See Dkt. 88, Rule 37 Motion at 10). In sum, Dr. Cooper's report must be excluded.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |