# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-6836 FMO (AGRx)** | Date | **September 30, 2025** |
|---|---|---|---|
| Title | **Spencer Elden v. Nirvana L.L.C., et al.** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:                    Attorney Present for Defendants:

None Present                                           None Present

**Proceedings:**          **(In Chambers) Order Re: Motion to Intervene**

    Having reviewed and considered all the briefing filed with respect to proposed intervenor Timothy Fredrickson's ("Fredrickson") Motion to Intervene (Dkt. 121, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

    Spencer Elden's ("plaintiff") claims against Nirvana, L.L.C., Universal Music Group, Inc., UMG Recordings, Inc.,[1] Kirk Weddle, Courtney Love (as Executor of the Estate of Kurt Cobain), Krist Novoselic, and David Grohl (collectively, "defendants") arise out of Nirvana's "Nevermind" album cover, which depicts plaintiff, then a four-month-old infant, naked in a pool "grabbing for a dollar bill" on a fishhook. (See Dkt. 25, Verified Second Amended Complaint ("SAC") at ¶¶ 10, 64, 73, 75, 79). The "Nevermind" album, which was released in September 1991, was widely distributed commercially, becoming "a [p]latinum [r]ecord only months after its release." (See Dkt. 25, SAC at ¶¶ 93-95, 97, 101-102). Nearly 30 years after the album's release, plaintiff filed the instant action. (See Dkt. 1, Complaint). Plaintiff asserts a claim pursuant to 18 U.S.C. § 2255(a),[2] which provides a civil remedy for individuals who were victims of certain enumerated crimes while they were minors. Specifically, plaintiff alleges that defendants violated 18 U.S.C. § 2252A(a), which prohibits, as relevant here, the knowing possession, access with intent to view, mailing, transportation, shipment, distribution, receipt, reproduction for the purpose of distribution, advertisement, promotion, presentation, and solicitation of child pornography. (See Dkt. 25, SAC at ¶¶ 119-136).

    In his moving papers, Fredrickson asserts three interests. First, he contends that as a

---

[1] The parties' Joint Stipulation, filed on November 16, 2021, states that "UMG Recordings, Inc. is the successor-in-interest to The David Geffen Company, Geffen Records, and MCA Records." (Dkt. 17, Corrected Stipulation re Service and Filing of First Amended Complaint at 2).

[2] Unless otherwise indicated, all section references are to Title 18 of the United States Code.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-6836 FMO (AGRx)** | Date | **September 30, 2025** |
|---|---|---|---|
| Title | **Spencer Elden v. Nirvana L.L.C., et al.** | | |

purchaser, owner, and listener of the "Nevermind" album, he is an "affected member of the public" because if the album cover is found to constitute child pornography, those who have purchased the album would be in possession of child pornography, making "criminals of millions of innocent citizens." (See Dkt. 121, Motion at ¶¶ 12-13) (internal quotation marks omitted); (Dkt. 120, Memo at 2). According to Fredrickson, when he first digitalized the album, the computer program "automatically downloaded the [album cover] image from Microsoft servers over the internet and digitally embedded it in each of the MP3 files as an ID3 tag." (Dkt. 121, Motion at ¶ 2). Fredrickson's iPod "automatically displays the [album cover] image" each time he plays the album. (Id. at ¶ 3). He worries that individuals like himself would have to either "physically destroy[]" the album cover or delete the embedded image in order to not possess it, and that "[m]ost citizens lack either the expertise or ability to delete embedded images." (Id. at ¶ 15). Fredrickson also intends to travel across state lines while listening to the album, and he fears of being "charged locally or hauled across the country to face charges[.]" (Id. at ¶ 11).

Second, Fredrickson asserts that his property interest in "maintaining his commercially purchased product in its original form" would be harmed should he have to destroy the album. (See Dkt. 121, Motion at ¶¶ 16, 31). Fredrickson bought the album in the early 2000s, (id. at ¶ 1), and he wants to "retain the image included with the CD for sentimental reasons . . . and maintain its proper decorations as designed by Nirvana[.]" (Id. at ¶ 16).

Finally, Fredrickson contends he has a free speech interest in "receiving speech[,]" (see Dkt. 121, Motion at ¶ 17), and expressing himself by purchasing, owning, and listening to the "Nevermind" album. (See Dkt. 120, Memo at 2). According to Fredrickson, he displays the album cover to express his own views, such as "liking the band Nirvana, disliking toxic forms of capitalism, etc." and contends that he will be unable to do so if the album cover is found to constitute child pornography. (See Dkt. 121, Motion at ¶ 17).

The court is persuaded that intervention is not appropriate, either as of right or permissively. As to permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure,[3] the court notes that Fredrickson did not seek intervention under Rule 24(b). (See, generally, Dkt. 121, Motion) (Dkt. 120, Memo). Although he quotes Rule 24 in his Motion – including subsection (b) – and asserts that "in the alternative . . . sufficient reasons exist for permissive intervention[,]" (see Dkt. 121, Motion at 8), the supporting memorandum to his Motion discusses only Rule 24(a). (See Dkt. 120, Memo at 1-7). Accordingly, the court will not grant permissive intervention, as Fredrickson did not properly allege or move for it. See United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."); Christian Legal Soc. Chapter of Univ. of California v. Wu, 626 F.3d 483, 487 (9th Cir. 2010) (noting that courts have declined to consider claims that were "only argued in passing" or presented as "bare assertions with no supporting argument")

---

[3] All further "Rule" references are to the Federal Rules of Civil Procedure unless otherwise indicated.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 21-6836 FMO (AGRx)** | Date | **September 30, 2025** |
|---|---|---|---|
| Title | **Spencer Elden v. Nirvana L.L.C., et al.** | | |

(internal quotation marks and alterations omitted); Beasley v. Astrue, 2011 WL 1327130, *2 (W.D. Wash. 2011) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").

With respect to intervention as of right under Rule 24(a), a court must permit a party to intervene in a lawsuit who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "An applicant for intervention under Rule 24(a)(2) must establish four elements: (1) that the prospective intervenor's motion is timely; (2) that the would-be intervenor has a significantly protectable interest relating to the subject of the action, (3) that the intervenor is so situated that the disposition of the action may as a practical matter impair or impede the intervenor's ability to protect that interest; and (4) that such interest is inadequately represented by the parties to the action." Smith v. L. A. Unified Sch. Dist., 830 F.3d 843, 853 (9th Cir. 2016) (internal quotation marks and alterations omitted). Although "the applicant bears the burden of establishing these elements," the requirements for intervention "are to be broadly interpreted in favor of intervention." Id. (internal quotation marks omitted).

Here, Fredrickson contends that he has significantly protectable interests relating to the subject of the action in preventing future prosecution, maintaining his "Nevermind" album in its original form, and expressing himself. (See Dkt. 120, Memo at 2). Under the circumstances, the court is persuaded that his interests are adequately represented by defendants. Fredrickson and defendants share the same "ultimate objective" in the action – ensuring that the album cover is not considered child pornography – and thus the "presumption of adequacy of representation" applies. See Perry v. Proposition 8 Off. Proponents, 587 F.3d 947, 951 (9th Cir. 2009) (internal quotation marks omitted). Despite Fredrickson's argument that he has an expressive interest on behalf of "end-users" – what the court interprets to mean "consumers" – that defendants do not, (see Dkt. 120, Memo at 4), defendants argue that the album cover has "serious social, political, and artistic value," and that finding the album cover to constitute child pornography would violate the First Amendment. (See Dkt. 100, Joint Br. at 32-34). Thus, the court is convinced that Fredrickson's interest in defending consumers' expressive interests is not "meaningfully distinct" from defendants' interest in defending their speech. See Perry, 587 F.3d at 951.

Additionally, although Fredrickson argues that his "current ownership" distinguishes his interests from that of defendants, (see Dkt. 120, Memo at 4), plaintiff alleges that defendants possess or have possessed the album cover. (See Dkt. 25, SAC at ¶¶ 122, 124, 126, 128, 130, 132); (Dkt. 100, Joint Br. at 22). Thus, Fredrickson's interests in maintaining the album cover and preventing criminal prosecution are more than adequately represented by defendants, who share nearly identical interests. In short, the court denies Fredrickson's request to intervene as of right under Rule 24(a). See Perry, 587 F.3d at 950 ("Failure to satisfy any one of the requirements is fatal to the application [for intervention], and [the court] need not reach the remaining elements if one of the elements is not satisfied.").

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-6836 FMO (AGRx)** | Date | **September 30, 2025** |
|---|---|---|---|
| Title | **Spencer Elden v. Nirvana L.L.C., et al.** | | |

Based on the foregoing, IT IS ORDERED THAT:

1.  Proposed Intervenor Timothy Fredrickson's Motion to Intervene (**Document Nos. 120 & 121**) is **denied**.

2.  Timothy Fredrickson's Motion to File Amicus Brief **(Document Nos. 124 & 125)** is **denied as moot**.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |